~~AMENDED~~ PETITION FOR WRIT OF HABEAS CORPUS
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

PERSONS IN FEDERAL CUSTODY

---

FILED

OCT 14 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

10CV6602
JUDGE DER-YEGHIAYAN
MAG. JUDGE FINNEGAN

|  |  |  |
|---|---|---|
| ARTURIO SEMONE AUSTIN 19318424 | ) | |
| Petitioner, | ) | Case No:06 CR 451 |
| | ) | (To be supplied by Clerk) |
| v. | ) | |
| MATTHEW F. KENNELLY, JUDGE | ) | |
| RONALD L. DEWALD | ) | |
| Respondent. | ) | |

If petitioner is serving a sentence under a federal judgment which
he wishes to attack, he should file a motion under 28 U.S.C. § 2255,
in the federal court which entered the judgment.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: UNITED STATES DISTRICT COURT 219 DEARBORN ROOM 2102 CHICAGO, ILLINOIS 60604.

2. Date of judgment of conviction: MARCH 18TH 2009

3. Length of sentence: 150 MONTHS

4. Nature of offense involved (all counts with indictment number of each, if known): Conspiring to possess with intent to distribute controlled substance.

   .

5. What was your plea? (Check one)
   - (A) Not Guilty ( )
   - (B) Guilty ( X )
   - (C) Nolo Contendere ( )

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)

   - (A) Jury ( )
   - (B) Judge only ( X )

Revised: 1/25/05

7.  Did you testify at trial?

        Yes (    )             No        (   X  )

8.  Did you appeal from the judgment of conviction or imposition of sentence?

        Yes (   )             No       (   x  )

    (A)    If   you did appeal, answer the following:

        (1)      Name of court:

        (2)      Result:

        (3)      Date of result:

        (4)      Issue raised:

9.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions pursuant to 28 U.S.C. § 2255 with respect to this judgment in any federal court?

        Yes             (  x  )         No   (    )

10. If your answer to question (9) was YES, give the following information:

    (A)    (1)      Name of court: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS

        (2)      Nature of proceeding: DENIED

        (3)      Grounds raised:   Unconstitutional Sentencing, Violations of 5th, 6th, and 8th Amendments, Irrational classification in convention of equal protection principles embodied in due process, section 5 of Mandatory minimum sentencing Reform Act and 5k1.1

        (4)      Did you receive an evidentiary hearing on your petition, application or motion?

                Yes (   )      No       (   x )

        (5)    Result:   DENIED

        (6)    Date of result: August 13, 2010

    (B)    As to any second petition, application, or motion, give the same information.

        (1)      Name of court:

        (2)      Nature of proceeding:

Revised: 1/25/05

       (3)      Grounds raised:

       (4)      Did you receive an evidentiary hearing on your petition, application or motion?

                Yes                (   )      No   (   )

       (5)      Result:

       (6)      Date of result:

**(C)**     As to any third petition, application, or motion, give the same information.

       (1)      Name of court:

       (2)      Nature of proceeding:

       (3)      Grounds raised:

       (4)      Did you receive an evidentiary hearing on your petition, application or motion?

                Yes                (   )      No   (   )

       (5)      Result:

       (6)      Date of result:

**(D)**     Did you appeal the result to the federal appellate court having jurisdiction?

       (1) First petition, etc.    Yes (    )    No (    )

       (2) Second petition, etc.    Yes (    )   No (    )
       (3) Third petition, etc.     Yes (    )  No (    )

**(E)**     If you did <u>not</u> appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

11.    If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

    The court found no substantial showing of the denial of a constitutional right.

12.    State <u>concisely</u> every ground on which you claim that you are being held unlawfully.   Summarize <u>briefly</u> the <u>facts</u> supporting each ground.   If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.   You should raise in this petition all available grounds for relief which relate to the conviction under attack.   Failure to do so may bar you from presenting additional grounds at a later date.

Revised:  1/25/05

(A)

**Ground    one:**

**Lack of Subject Matter Jurisdiction: ( Exhibit A Proof of Non Positive Law ).**

Release the defendant on the fact there is no valid law of Congress on the indictment, which makes the indictment insufficient, which causes a lack of subject matter jurisdiction of the court. The charges known as the Controlled Substance Act being brought by the plaintiff is unconstitutional, it lacks the enacting clause.

Where the law is uncertain, there is no law.

The enacting clause is that portion of a statute which gives it jurisdictional identity and constitutional authenticity. The purpose of enacting clause is to establish the act; to give it permanence, uniformity and certainty; to afford evidence of its legislative, statutory nature, and thus prevent inadvertence, possible mistake, and fraud.)

**The Validity of a Statue or Law:**

If such provisions are directory then they are treated as legal advice which those in government can decide whether or not to follow. But if mandatory; such provisions must be strictly followed or else the resulting act or law is unconstitutional and invalid.

The Supreme Court of Illinois had under consideration an ordinance with no enacting clause. The Court expounded upon why the lack of the clause and invalidated the law:

Upon looking into the constitution, it will be observed that the style of the laws of this State shall be; Be it enacted by the People of the State of Illinois, represented in the General Assembly. Sections or articles of the Constitution, are the only ones in that instrument proscribing the mode in which the will of the people, acting through the legislative and executive departments of the government, can become law.*** That these provisions, giving the form and mode by which,***valid and binding laws are enacted, are, in the highest sense mandatory, cannot be doubted.*** That these provisions, giving the form and mode by which, ***valid and binding laws are enacted, are in the highest sense mandatory, cannot be doubted. *** Then it follows that this resolution cannot be held to be a law. It is not the will of the people, constitutionally expressed, in the only mode and manner by which that will can acquire the force and validity, under the constitution, of law, for this legislative act is without a title, has no enacting clause, *** and is sufficient to deprive this expression of the legislative will of the force and effect of law; and the same did not become, therefore, and is not, legally binding and obligatory upon the respondents.

IN 1967, The Supreme Court in Georgia held that a law without an enacting clause was null and void, even though their State Constitution had no provisions requiring one. They based their decision on the long standing custom of its usage.

The requirement that all laws contain an enacting style or clause is deeply rooted in precedent and the common law. There thus need not be any constitutional provisions for any enacting clause to make its usage mandatory. If it is not used, the law in question is not valid and carries no obligations to be followed. The Constitution requires "all laws" to have an enacting clause; it makes a requirement on published laws as well as on bills in the legislature.

For the court to proceed with trial and make a judgment or sentence after such a jurisdictional challenge has been made it is simply an act of usurpation and treason. The line which separates error in judgment for usurpation of power is very definite. Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction, and usurpation thereof is a nullity.

When jurisdiction is lacking the court can do nothing except dismiss the cause of action. Any other court proceeding is usurpation.

(B)

**GROUND    TWO:**

**Lack of Territory Jurisdiction United States is Foreign (Exhibit B Declaration of Nationality)**

4

United States is a Foreign Corporation with respect to a State. Federal government is separate, distinct, and foreign to the states of the union with respect to private international law. United States attempts to exercise its tax and penalty codes within the states of the union as matter of general jurisdiction. In that setting the federal government is a foreign government and the God given rights of the individual take precedence.

Jurisdiction over defendant is explicitly challenged. The defendant is NOT a "juristic" person, NOT subject to codified statutory laws of the federal United States. The Petitioner/Defendant is Secured party and Indigenous Foreign Status, verified and recorded in the **Cook County** Recorders Office and the Office of the Secretary of State for the Illinois Republic and for the Perfection of Claim.

(C)

**GROUND    THREE:**

Denial of effective assistance of counsel or failure of counsel to present an aggressive defense on my behalf. (Exhibit C Foreign Agents Registration Act)

Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily without understanding the nature of the charge or the consequences of the plea. It is a violation of the Amendment for a foreign citizen to invoke the judicial powers of the State. All public servants are expressed agents of foreign principals. There was a conflict of interest on behalf of the accused.

I state the following Maxims of Commerce recognized by the International Law of Commerce. Truth is expressed by means of an affidavit. An unreleased affidavit stands as the truth in commerce. An unrebutted Affidavit becomes judgment in commerce. A matter must be expressed to be resolved.

(D)

**GROUND    FOUR:**

The request for assistance from     attorney generals of the UNITED STATES AND STATE OF ILLINOIS . (Exhibit D letters addressing the issue and responses).

Seeking help to investigate violations of statues and Public Law.

(E)

**GROUND    FIVE:**

Sovereignty of the People.

It is a well understood fact of American history that the most dynamic document that set the course of America is the Declaration of Independence. It was/is the document that disclosed the tyranny of English government, it express the elements of the Rights of Men within any society, and that all men are created equal. The declaration of Independence stipulated the chain of authority within governments, and of the obvious fact that the people created government. That it was the people who instituted government and in so doing, the people secured these rights and that government derives their just powers from the consent of the governed.

The people did not give up all their power to governments. The Declaration of Independence created the sovereignty in the people, not in government. Therefore the people are above the creatures they created the government and that those who work for/in government are Public Servants and have placed themselves in a subservient position, to serve the people within their function/office/position via their Oath of Office

The principals established after The Declaration of Independence and the subsequent Constitutions written and created after it, and of the true sovereignty. A written Constitution is not only the direct and basic expression of the sovereign will, it is also the absolute rule of action and decision for all departments and offices of government with respect to all matters covered by it and preceding after it, and it must control as it is written until it is changed by the authority which established it.      The constitution is the voice of the people speaking in their sovereign capacity, and it must be heeded; when the Constitution speaks with reference to a particular matter, it must be given effect as the paramount law of the land.

Revised: 1/25/05

Sovereignty itself is, of course, not subject to law, for it is the author and source of law; but in our system, while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people , by whom and for whom all government exists and acts. And the law is the definition and limitation of power. It is the duty of all officials, whether legislative, judicial, executive, administrative, or ministerial, to so perform every official act as not to violate Constitutional provisions.

In our country the people are sovereign and the government cannot server its relationship to the people. The Congress cannot revoke the Sovereign Power of the People. There is no such thing as a power of inherent sovereignty in the government of the United States. In this country sovereignty resides in the people, and Congress can exerciser no power which they have not, by their Constitution entrusted to it. All else is withheld. Sovereignty itself is, of course, not subject to law it is the author and source of law.

The people are the fountain of sovereignty. The people, as the original Fountain, might take away what they lent and in trust to whom they please. It is a maxim consecrated in public law as well as common sense and the necessity of the case that a Sovereign is answerable for his acts only to God and his own conscience. There is no authority above a Sovereign to which an appeal can be made. The Congress cannot revoke the Sovereign power of the people to override their will as thus declared.

13.     Has any ground set forth in question (12) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any petition, motion or application.

                    Yes (     )          No ( x  )

14.     If you answered "YES" to question (13), state briefly what grounds were previously presented, and name the proceedings in which each ground was raised:

15.     Do you have any petition or appeal now pending in any federal court, as to the judgment under attack?

                    Yes (     )          No (   x   )

        (A)     If yes, state the name of the court and the nature of the proceeding.

16.     Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

        (A)     At preliminary hearing:

        (B)     At arraignment and plea:

        (C)     At trial:

        (D)     At sentencing: Thomas A. Gibson 70 West Hubbard Street, Suite 302 Chicago, Illinois 60610

        (E)     On appeal: None

        (F)     In any post-conviction proceedings:

Revised   1/25/05

(G)     On appeal from any adverse ruling in a post-conviction proceeding:

17.     Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

                    Yes   (     )         No (     x     )

18.     Do you have any future sentence to serve after you complete the sentence imposed by judgment under attack?

                    Yes   (     )         No   (     x     )

(A)     If YES, give the name and location of the court which imposed sentence to be served in the future:


(B)     And give the date and length of sentence to be served in the future


WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

None
_____
Signature of Attorney (if any)

_Breonna - Deceidia : Stoff_
Signature of Petitioner  _All right reserved_
                         _POA for Arturio -Senovi, Austin_

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on   _October 14, 2010_
                        (Date)

_Breonna - Deceidia : Stoff_
(Signature of Petitioner)  _POA for Arturio-Senovi, Austin_

(Mailing Address for Petitioner)
_PO Box 428426_
_Evergreen Park, Illinois Republic_
                              _[60805]_

7

Revised  1/25/05

State of Illinois )
                  )ss.
County of Cook    )

### AFFIDAVIT: TERRITORIAL JURISDICTION

I, Arturio-Semone; of the Austin El Family, herein "Affiant" a living, breathing man, being first duly affirmed, depose, say and declare by my signature that the following facts are true, and correct and complete to the best of my knowledge. The Affiant is competent to state the matters included in his affidavit, has knowledge of the facts, and declares that to the best of this knowledge, the statements made in his affidavit are true, correct, complete and not meant to mislead.

COMES NOW Arturio-Semone:Austin El the Accused, who hereby demands of this legislative tribunal and Judicial assembly the dismissal of this cause because of the lack of exclusive jurisdictional authority over the exact geographical location where the alleged criminal activity mentioned in the indictment took place; and hereby files this formal Affidavit in support of ground

to Dismiss for Lack of Territorial Jurisdiction.

1. I Arturio- Seomone:Austin El a living soul, Sovereign, preamble de jure Citizen of one of the fifty Sovereign Republic states.

2. The following Affidavit was filed with the court on June 22, 2009 "DEFENDANT'S MOTION FOR A NEW TRIAL" the motion was denied 862  June 25, 2009, stating the "defendant did not go to trial".

3. The following Affidavits were filed with the court on June 26,2009 "MOTION TO VACATE ORDER JUDGEMENT AND SENTENCE". On August 6, 2009 the motion was denied 873 , stating, " the motion was frivolous".

4. I am a Citizen under the 1787 organic Constitution as amended and ratified in 1791, and precedent decisions of Article III Justice Courts of Law therefore I have rights secured by the aforesaid organic Constitution which are unalienable and were endowed to me by my Creator.  I Do Not Waive Any Of My Rights At Anytime!

5. I am Not a citizen under the U.S Constitution adopted by your corporation as the Municipal Code for the District of Columbia and subject States in 1871.

6. The government of the corporate United States may assume *No powers* over the People of the fifty Sovereign states that were not specifically delegated to it in the 1787 organic Constitution as amended and ratified in 1791.

7. I do not owe citizenship to the 14th Amendment.

8. I am "non-resident to" and "not a dweller within" the jurisdiction of the corporate "United States" of Article I, Section 8, clause 17 and Article IV, Section 3, Clause 2 of the Constitution for the united States of America, in which Congress "exercises exclusive legislation in all cases whatsoever, "over such District not exceeding ten miles square." or places legally ceded by the states for the erection of forts. . . Arsenals, and other needful buildings or any other Territories or properties "belonging to" the (corporate) United States.

It is a well established principle of law that all federal legislation applies only within the Territorial jurisdiction of the United States unless a contrary intent appears." Foley Brothers vs. Fildardo, 336 IU.S 281. See also; Caha vs. U.S. 152 U.S. 211; Heath vs. Ala, 474 U.S. 187, U.S. vs., Spelar, 338 U.S. 217 at 222; New Orleans vs. United States 35 U.S., (10 pet) 662 (1836); Pollard vs. Hagan, 44 U.S. 213,221, 223 among others.

9. I am **NOT** a "resident of ", "inhabitant of" a "franchisee of", "subject of ", "ward of", "property of", "chattel of", or "subject the jurisdiction of" the corporate United States, corporate State, corporate State, corporate county, or corporate city, or Municipal body politics created under the primary authority of Article I, Section 8, Clause 17 and Article IV, Section 3, Clause 2 of the Constitution for the united States of America and I am **NOT** subject to any legislation created by or under the jurisdiction of any employees, officers, or agents deriving their authority thereof. Further I am **NOT** a subject of the Administrative and Legislative Article I Courts or bound by precedents of such courts created by the (corporate) "United States". Legislation enacted by Congress applicable to the inferior courts in the exercise of the power under Article III of the Constitution cannot be affected by legislation enacted by Congress under Article I, Section 8, Clause 17, of the Constitution.

10. As a Sovereign Citizen of one of the fifty states, under the organic Constitution of the United States of America Republic and the law, only Article III Justice Courts of Law decisions are applicable to me.

11. **TAKE NOTICE** that, I hereby, cancel any presumed authority or jurisdiction made by the (corporate) Untied States government or any agency or Department therefore, that I am or ever have been a "citizen or "resident" or an Territory, possession, instrumentality or enclave, under the sovereignty or exclusive jurisdiction of the United States, as defined in the Constitution for the united States of America in Article I, Section 8, Clause 17 and Article IV, Section 3, Clause 2. I further cancel any presumption that I ever voluntarily elected to be treated as such a "citizen" or "resident".

12. **TAKE NOTICE** that I revoke and cancel all of my signatures on any other forms, which may be construed to give the Federal Communications Commission or any agency or Department of the (corporate) United States government, created under the authorities of Article I, Section 8, Clause 17 and Article IV, Section 3, Clause 2 of the Constitution for the (corporate) United States, authority or jurisdiction over me. I also revoke, **rescind and make null and void, nunc pro tunc, both currently and retroactively to the time of signing, all Powers of Attorney**, in fact, in presumption, or otherwise signed either by me or anyone else, with or

without my consent , as such governmental/quasi/colorable, public, governmental, entities or corporations, on the grounds of constructive fraud, and non-disclosure or pertinent facts.

13. I am **NOT** an officer, employee, or elected official of the (corporate) United States, the District of Columbia, or any Territory, or possession(s) of the (corporate) United States.

14. I do **NOT** reside within the District of Columbia, Puerto Rico, the U.S. Virgin Island, Guam, or any other Territory, or possession(s) of the (corporate) United States.

15. I am **NOT** a "United States person", United States resident", "U.S. individual", "U.S. corporation" or "citizen subject to its jurisdiction", as such "words of art" ad legal fictions are defined in U.S. Codes.

16. The requirement to pay a license fee involves the exercise of a privilege. I am exercising NO Constitutionally taxable privileges, but rather, Rights, secured in the organic Constitution for the United States of America Republic and the Bill of Rights (lawfully known as the First Ten Amendments) and my rightful activities within the Illinois state Republic which are secured, in part, by those documents, among others, and are purposely so stated to prevent misconstruction or abuse of the powers delegated to the (corporate) United States.

A "State" [or the (corporate) United States] may NOT impose a charge for the enjoyment of a right granted by the federal Constitution, " Murdock vs. Pennsylvania, 319 U.S. 105, at 113 [information added in context]. See also: Marbury vs. Madison, 5 U.S. 137, 174, 176; Miranda vs. Arizona, 384 U.S. 436 p. 491; Miller vs. U.S.

17. In the context of 47 U.S.C. the term "State" does not include any of the several "states' of the union (ie. Illinois state Republic, Florida state Republic, etc) but rather, pertains to the District of Columbia, and the Territory and possessions of the (corporate) " United States" created and governed under the authorities of Article I, Section 8, Clause 17 and Article IV, Section 3, Clause 2 of the Constitution for the united States of America. "United States" includes only the aforesaid "States" and, as such, are not subject to the laws of the "United States" government. See Evatt, 394 U.S. 671; U.S. vs. Cruikshank, 92 U.S. 542, 23, L. Ed 588; Downes vs. Bidwell, 182 U.S. 244

18. In the term "person" in 47 U.S.C., section 301 does not include the Sovereign Citizen of one of the several states.

"SINCE IN COMMON USAGE, THE TERM PERSON DOES NOT INCLUDE THE SOVEREIGN, STATUES NOT EMPLOYING THE PHRASE ARE ORDINARILY CONSTRUE TO EXCLUDE IT" U.S. vs. Fox 94 U.S. 315 [emphasis added]

A recent Supreme Court decision, decided April 26, 1995, addresses the issues of exclusive legislative jurisdiction of the Congress, the power of the Federal government, and the Subsequent subject matter of a Federal District Court. Supreme Court Justice Thomas in the

concurring majority opinion in the case of United States v. Lopez, No. 93-1260, 115 S.Ct.1624, 131 L. Ed.2d 626, states very clearly:

"Special provision is made in the Constitution for the cession of jurisdiction from the states over places where the federal government shall establish forts or other military works. And it is Only in these places, or in territories of the United States, where it can exercise a general jurisdiction" [New Orleans v. United States, 35 U.S. (10 Pet.) 662 (1836)]

"The United States never held any municipal sovereignty, jurisdiction, or right of soil in Illinois or any of the new states which were formed.... The United States has no Constitutional capacity to exercise municipal jurisdiction, sovereignty or eminent domain, within the limits of a state or elsewhere, except in the cases in which it is expressly granted …"Pollard v. Hagan, 44 U.S.C. 213, 221, 223

"… the states are separate sovereigns with respect to the federal government" Heath v. Alabama, 474 U.S. 187

"Once challenged, jurisdiction cannot be 'assumed', it must be proved to exist." Stuck v. Medical Examiners, 94 Ca 2d 751.211 P2s 389

"Jurisdiction, once challenged, cannot be assumed and must be decided." Maine v. Thiboutot, 100 s. Ct. 250

"… Federal jurisdiction cannot be assumed, but must be clearly shown."Brooks v. Yawkey, 200 F. 2d 633

"The law requires proof of Jurisdiction to appear on the record of the administrative agency and all administrative proceedings" [Hagans v. Lavine,415 U.S. 533]

"If any tribunal finds absence of proof of Jurisdiction over person and subject matter, the case must be dismissed." [Louisville R.R. v. Motley, 211 U.S. 149, 29 S. Ct. 42]

## PERJURY JURAT

Pursuant to Title 28 USC § 1746(1) and executed "*without the United States*, I affirm under penalty of perjury under the laws of the united states of America Republic that the foregoing is true and accurate, to the best of my informed knowledge, and further deponent saith not. I now affix my signature, and official seal to all of the above affirmations with EXPLICIT RESERVATION OF ALL MY UNALIENABLE RIGHTS WITHOUT PREJUDICE to any of those pursuant to U.C.C. 1-207, 1-308, and U.C.C. 1-103.6.

Respectfully,

*Breonna-Decilia:Stiff POA for Arturio-Semone:Austin*

Breonna-Decilia:Stiff as POA for Arturio-Semone:Austin

JURAT

STATE OF ILLINOIS        )
                         )SS          For Verification Purposes only
COUNTY OF COOK           )

SUBSCRIBED AND AFFIRMED TO BEFORE ME ON THIS ___1ST___ day of
_October___ 2010, by Breonna-Decilia:Stiff who proved to me on the basis of satisfactory evidence
to be the woman who appeared before me.


_Cherron Marie Phillips_
Illinois Notary Public

```
SEAL OFFICIAL SEAL
CHERRON MARIE PHILLIPS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/20/13
```

Arturio Semone Austin
c/o POST OFFICE BOX[428426]
Evergreen Park Illinois Republic
Non domestic non federal zone

## UNITED STATES DISTRICT COURT NORTHERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES | ) | CASE #06 CR 451-49 |
| Plaintiff | ) | |
| | ) | Judge: MATTHEW F. KENNELLY |
| Vs | ) | |
| | ) | |
| Arturio Semone Austin Sui Juris (Not Pro Se) | ) | |
| Defendant, Affiant | ) | |

### AFFIDAVIT PLEA WITHDRAWAL ON THE ISSUE OF WANT
### OF JURISDICTION AND INEFFECTIVE COUNSEL

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | )ss |
| COUNTY OF COOK | ) |

I, Arturio Semone; of the Austin **Family**, herein "**Affiant**" a living, breathing man, being first duly affirmed, depose, say and declare by my signature that the following facts are true, and correct and complete to the best of my knowledge.

1. The Affiant is competent to state the matters included in his affidavit, has knowledge of the facts, and declares that to the best of his knowledge, the statements made in his affidavit are true, correct, complete and not meant to mislead.

2. That, Affiant at no time has willingly, knowingly, intentionally, or voluntarily agreed to subordinate his position as creditor, through signature, or words, actions or inactions;

3. That, Affiant at no time has requested or accepted extraordinary benefits or privileges from the Respondent or any subdivision

4. In the above entitled matter, as the record reveals, I entered into a plea, however, without having been informed by defense counsel and being NOT learned in the law and procedure. I was at the time thereof without personal knowledge of existence of the issue and the requirement for special allegation pleading and proof of the supposed jurisdiction and availability and efficacy of the defense of WANT of Jurisdiction as is expressly and impliedly set out here before. In the parent MOTION TO DISMISS to which parent this supplement is attached and of which this is a substantive part, upon cause and as to all involved counts, I wish to, and do now withdraw *ab inito* repudiate that or those, and all other prior agreements, and *ab nito* rescind my signature thereon; and

5. I demand that the court consider the issue of subject matter jurisdiction, territory jurisdiction and ineffective counsel for the defense in order to avoid an unwarranted

exercise of judicial authority. The guilty plea must confess some punishable offense to form the basis of a sentence. The effect of a plea of guilty is a record of admission of whatever is well alleged in the indictment. If the indictment is insufficient the plea confesses nothing.

6. I demand, in any event or in the alternative, that on all counts the judgment of guilty be struck, and that all sentences be voided, and that the judgment of NOT guilty be entered and that, in any event, the records of this court be corrected to show the entry of judgments of NOT guilty, and that this court see to it that the records of those holding my Body be likewise and so corrected –unto the immediate and unconditional release of my Body and the return of my Property, and issue and order to all involved to cease and desist in and to otherwise abate all associated and like claims against and all attacks upon my Body, and life, liberty, and property; and

7. I demand, in any event, that this court order any and all other at law and/or extraordinary remedy and relief to which I am entitled or which justice may otherwise require.

VERIFICATION

I declare and verify under penalty of perjury under the laws of the United States of America without the UNITED STATES (*Title 28 U.S.C. 1746 (1)*) and the laws of the State of Illinois as admitted into the union by acts of admission in 1818 that the foregoing is true and correct to the best of my knowledge and belief.

Date:

All rights reserved intact without prejudice, without recourse.

*Breonna–Decilia: Stiff POA for Arturio Semone: Austin*

By: Breonna-Decilia:Stiff POA for Arturio-Semone:Austin

Be it known, that the person signing below, a duly empowered Notary Public, in and for the STATE OF ILLINOIS, COUNTY OF COOK, a third party and not a party to the matter.

**J U R A T**

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) ss | For Verification Purposes Only |
| COUNTY OF COOK | ) | |

SUBSCRIBED AND AFFIRMED BEFORE ME on this _____ /ST_____ day of

_Oetober_____2010

_Cherron Marie Phillips_
Illinois Notary Public

OFFICIAL SEAL
CHERRON MARIE PHILLIPS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/20/13

Arturio Semone Austin
c/o Post Office Box [428426]
Evergreen Park, Illinois de jure united states of
America
without the US

**INDEX FOR THE RECORD**

## UNITED STATES DISTRICT COURT NORTHERN DISTRICT

| | |
|---|---|
| **UNITED STATES,**<br>Plaintiff,<br><br><br>v.<br><br><br>**Arturio Semone Austin, Sui Juris (Not Pro Se)**<br>Defendant, Affiant, Petitioner | CASE NO. 06 cr 451-49<br>**Judge MATTHEW F. KENNELLY**<br><br>**DEMAND FOR GRAND JURY<br>TRANSCRIPT** |

State of Illinois    )
                    ) ss.
Cook County      )

## AFFIDAVIT: ADMINISTRATIVE NOTICE AND DEMAND FOR GRAND JURY TRANSCRIPT

     I, Arturio Semone; of the Austin Family, herein "Affiant" a living, breathing man,

being first duly affirmed, depose, say and declare by my signature that the following facts are

true, and correct and complete to the best of my knowledge. The Affiant is competent to state the

matters included in his affidavit, has knowledge of the facts, and declares that to the best of his

knowledge, the statements made in his affidavit are true, correct, complete and not meant to

mislead.

     FOR THE RECORD, ON THE RECORD, LET THE RECORD SHOW comes now

Name in Propria Sui Juris appearing specially in his sovereign capacity, requesting

the court to produce the GRAND JURY TRANSCRIPT. The written statements of the essential

facts constituting the offense charged, made under oath before a magistrate judge and signed by a

magistrate judge

The indictment in this case is the main means by which the court obtains subject matter jurisdiction and is the "jurisdictional instrument upon which the accused stands trial." State v Chatmon, 671 P.2d 531, 538 (Kan.1983). The complaint in this case is the foundation of the jurisdiction of the magistrate or court. Thus if these charging instruments are invalid, there is a lack of subject matter jurisdiction.

Without a formal and sufficient indictment or information, a court does not acquire subject matter jurisdiction and thus an accused may not be punished for a crime. Honomichl v. State, 333 N.W. 2d. 797, 798 (S.D.1983)

A formal accusation is essential for every trial of a crime. Without it the court acquires subject matter jurisdiction to proceed, even with the consent of the parties, and where the indictment or information is invalid the court is without jurisdiction. Ex parte Carlson, 186 N.W. 722, 725, 176 Wis. 538 (1922)

The charging instrument must not only be in the particular mode or form prescribed by the constitution and statue to be valid, but it also must contain reference to valid laws. Without a valid law, the charging instrument is insufficient and no subject matter jurisdiction exist for the matter to be tried. Without a valid law, there is no issue or controversy for a court to decide upon.

Further affiant sayeth naught.

### VERIFICATION

I declare and verify under penalty of perjury under the laws of the United States of America without the UNITED STATES (*Title 28 U.S.C. 1746 (1)*) and the laws of the State of Illinois as admitted into the union by acts of admission in 1818 that the foregoing is true and correct to the best of my knowledge and belief.

Date:

All rights reserved intact without prejudice, without recourse.

*Breonna-Decelia:Stiff, Pos for*
*Arturio-Semone:Austin*

By: Breonna-Decilia:Stiff POA Arturio-Semone:Austin

Be it known, that the person signing below, a duly empowered Notary Public, in and for the STATE OF ILLINOIS, COUNTY OF COOK, a third party and not a party to the matter.

### J U R A T

STATE OF ILLINOIS )
 ) ss    For Verification Purposes Only
COUNTY OF COOK )


SUBSCRIBED AND AFFIRMED BEFORE ME on this _____*1ST*_____ day of
_____*October*_____ 2010


*Cherron Marie Phillips*

**Illinois Notary Public**

```
OFFICIAL SEAL
CHERRON MARIE PHILLIPS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/20/13
```

██████████
██████████
██████████

RECEIVED

IL SECRETARY OF STATE

UNIFORM COMMERCIAL CODE

10/11/10    23:09

$20.00   Electronic

## UCC FINANCING STATEMENT
**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

15667850                    FS

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
BREONNA STIFF              773-723-2612

**B. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

BREONNA STIFF

PO BOX 428426

EVERGREEN PARK, IL, [60805]

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| **1a. ORGANIZATION'S NAME** ARTURIO SEMONE AUSTIN TRUST ENTITY/TRADE MARK/TRADE NAME | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 428426 | EVERGREEN PARK | IL | [60805] | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION ENS LEGIS/TRUST | 1f. JURISDICTION OF ORGANIZATION ILLINOIS | 1g. ORGANIZATION ID #, if any 112-74-6050202 | ☐ NONE |
|---|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME**  - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| **2a. ORGANIZATION'S NAME** | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| ARNOLD | DAMON | T | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 605 WEST JEFFERSON | SPRINGFIELD | IL | [62702] | USA |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATION ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| | | | |
|---|---|---|---|
| **3a. ORGANIZATION'S NAME** | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| OF THE AUSTIN FAMILY | ARTURIO | SEMONE | ARR |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 428426 | EVERGREEN PARK | IL | [60805] | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

To all persons, this document serves as notice to the court, and all officers of the court, and all other public servants and all other people and persons that are working for, or on behalf of any public trust corporation. To whom it may concern a lien ( Claim of Vessel Lien and Affidavit supporting the Claim of Vessel Lien, Recording in the county of Cook in the State of Illinois with Doc# 1027834085) is claimed by me (Arturio-Semone:Austin)an indigenous Washitaw Muur/Moor National, sui juris, Propia Persona (non-attorney), a non-corporate, natural born, living breathing being, a flesh and blood man,born alive, on the land (soil), of the Sovereign nation Washitaw Nation Muurs of the Empire Washitaw de Dugdyamoundyah, [United Nation 215/913][United Nation Land Grant # 923, of 1802]and sovereign National of the Illinois Republic. a man created by the Great, the Universal, the absolute, Elohim(God), Comes with clean hands, rectus in curia, and hereby, is given notice to All by way of NOTICE OF VESSEL LIEN herein attached, debtors interest now owned or hereafter acquired is hereby accepted as collateral for securing contractual obligation in favor of the Secured Party as detailed in a true, correct, complete notarized Agreement in the possession of the Secured Party. All property is accepted for value and is exempt from levy. Adjustment of this filing is from Public Policy HJR 192, Public Law 73-10 and UCC 10 -104

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☑ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | ☐ ALL DEBTORS | ☐ DEBTOR 1 | ☐ DEBTOR 2 |
|---|---|---|---|---|

8.   OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY - UCC FINANCING STATEMENT (FORM UCC1)  (REV. 05/22/02)

# UCC FINANCING STATEMENT ADDENDUM
**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

RECEIVED

IL SECRETARY OF STATE

UNIFORM COMMERCIAL CODE

10/11/10    23:09

$20.00    Electronic

**15667850**        FS

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

| 9a. ORGANIZATION'S NAME |
| --- |
| ARTURIO SEMONE AUSTIN TRUST ENTITY/TRADE MARK/TRADE NAME |

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |
| --- | --- | --- |
| | | |

**10. MISCELLANEOUS**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (11a or 11b) - do not abbreviate or combine names**

| | 11a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- | --- |
| OR | ILLINOIS  STATE REGISTRAR | | | | |
| | 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| 605 WEST JEFFERSON | SPRINGFIELD | IL | [62702] | USA |

| 11d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATION ID #, if any |
| --- | --- | --- | --- | --- |
| | | DOMESTIC BCA | ILLINOIS | ☑ NONE |

**12.** ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one secured party name (12a or 12b)

| | 12a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- | --- |
| OR | 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| | | | | |

**13.** This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

**14.** Description of real estate:

**16.** Additional collateral description:

**15.** Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

**17.** Check only if applicable and check only one box.

Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust, or ☐ Decedent's Estate

**18.** Check only if applicable and check only one box.

☐ Debtor is a TRANSMITTING UTILITY

☐ Filed in connection with a Manufactured-Home Transaction

☐ Filed in connection with a Public-Finance Transaction

FILING OFFICE COPY - UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad)  (REV. 05/21/09)

# UNITED STATES
# STATUTES AT LARGE

### CONTAINING THE

## LAWS AND CONCURRENT RESOLUTIONS
## ENACTED DURING THE SECOND SESSION OF THE
## NINETY-FIRST CONGRESS
## OF THE UNITED STATES OF AMERICA

# 1970—1971

### AND

## REORGANIZATION PLANS AND PROCLAMATIONS

—

# VOLUME 84

### IN TWO PARTS

—

# PART 2

## PUBLIC LAWS 91–526 THROUGH 91–695, REORGANIZATION
## PLANS, PRIVATE LAWS, CONCURRENT RESOLUTIONS
## AND PROCLAMATIONS





COOK COUNTY
169313
LAW LIBRARY

**A-1
EXHIBIT**

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1971

# GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW

## (91ST CONGRESS 2D SESSION)

Note: Companion bills are in parentheses

| Public Law No. | Date approved | 2d Sess. | Bill No. | Report No. and Committee reporting — House | | Report No. and Committee reporting — Senate | | Dates of consideration and passage (Congressional Record, Vol. 115 (1969); Vol. 116 (1970)) — House | Dates of consideration and passage — Senate |
|---|---|---|---|---|---|---|---|---|---|
| 91-191 | 1970 Feb. 3 | 3 | S.J. Res. 131 | 91-810 | Foreign Affairs | 91-533 | Foreign Relations | Jan. 28, 1970 | Nov. 10, 1969. |
| 91-192 | Feb. 4 | 4 | H.J. Res. 1051 | | | 91-647 | Judiciary | Jan. 26, 1970 | Feb. 2, 1970. |
| 91-193 | Feb. 9 | 4 | H.J. Res. 1072 | | | | | | |
| 91-194 | Feb. 9 | 5 | H.R. 15149 | 91-708, 91-778, 91-800 | Appropriations [Conference] | 91-614 | Appropriations | Feb. 2, 1970 | Feb. 3, 1970. |
| 91-195 | Feb. 11 | 14 | H.J. Res. 888 | 91-802 | Agriculture | 91-646 | Judiciary | Dec. 9, 20, 22, '69, Jan. 27, 1970 | Dec. 18, 20, 1969; Jan. 26, 1970. |
| 91-196 | Feb. 20 | 14 | S. 2314 | | | 91-418 | Agriculture and Forestry | Nov. 13, 1969; Feb. 9, 1970 | Oct. 16, 1969. |
| 91-197 | Feb. 24 | 15 | H.R. 9694 | 91-573 | Armed Services | 91-462 | Armed Services | Nov. 3, 1969 | Feb. 10, 1970. |
| 91-198 | Feb. 26 | 16 | H.R. 11649 | 91-575 | Armed Services | 91-463 | Armed Services | Nov. 3, 1969 | Feb. 10, 1970. |
| 91-199 | Feb. 26 | 16 | H.R. 8864 | 91-572 | Armed Services | 91-461 | Armed Services | Nov. 3, 1969 | Feb. 10, 1970. |
| 91-200 | Feb. 26 | 17 | H.R. 9485 | 91-570 | Armed Services | 91-460 | Armed Services | Dec. 1, 1969 | Feb. 10, 1970. |
| 91-201 | Feb. 26 | 20 | H.R. 9476 | 91-716 | Foreign Affairs | 91-701 | Foreign Relations | Dec. 15, 1969 | Feb. 10, 1970. |
| 91-202 | Mar. 4 | 22 | H.R. 14789 | 91-746 | Armed Services | 91-658 | Armed Services | Mar. 4, 1970 | Feb. 17, 1970. |
| 91-203 | Mar. 4 | 22 | H.R. 12635 | 91-868 | Interstate and Foreign Commerce | 91-717 | Labor and Public Welfare | Mar. 4, 1970 | Mar. 4, 1970. |
| 91-204 | Mar. 5 | 23 | S.J. Res. 180 (H.J.Res. 1112) | 91-840, 91-863 | Appropriations [Conference] | 91-710 | Appropriations | Feb. 19, Mar. 3, 1970 | Feb. 27, 28, Mar. 4, 1970. |
| 91-205 | Mar. 5 | 23 | H.R. 16931 (H.R. 1311) | 91-750 | Public Works | 91-658 | Public Works | Dec. 15, 1969; Feb. 19, 1970 | Feb. 10, 1970. |
| 91-206 | Mar. 10 | 49 | H.R. 14464 | 91-331, 91-841 | Banking and Currency [Conference] | 91-518 | Banking and Currency | July 23, 1969; Feb. 24, 1970 | Feb. 4, 19, 1970. |
| 91-207 | Mar. 12 | 51 | H.R. 11661 | 91-379 | Education and Labor | 91-707 | Agriculture and Forestry | July 21, 1969; Feb. 24, 1970 | Feb. 20, 1970. |

Case: 1:10-cv-06602 Document #: 1 Filed: 10/14/10 Page 22 of 72 PageID #:22

## GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW—Continued

Note: Companion bills are in parentheses

| Public Law No. | Date approved 1970 | 91st Sess. | Bill No. | Report No. and Committee reporting — House | Report No. and Committee reporting — Senate | Dates of consideration and passage: Congressional Record, Vol. 115 (1969), Vol. 116 (1970) — House | Senate |
|---|---|---|---|---|---|---|---|
| 91–208 | Mar. 12 | 52 | S. 2809 (H.R. 14790). | 91–712 Interstate and Foreign Commerce. [Conference] 91–855 | 91–586 Labor and Public Welfare. | Dec. 16, 1969; Feb. 26, 1970. | Dec. 11, 1969; Feb. 26, 1970. |
| 91–209 | Mar. 12 | 52 | H.R. 14733 (S. 2660). | 91–711 Interstate and Foreign Commerce. [Conference] 91–855 | 91–618 Labor and Public Welfare. | Dec. 16, 1969; Feb. 26, 1970. | Dec. 19, 1969; Feb. 25, 1970. |
| 91–210 | Mar. 13 | 53 | H.R. 8020. | 91–853 [Conference] 91–185 Armed Services. | 91–685 Armed Services. | May 19, 1969; Mar. 3, 1970. | Feb. 10, 1970. |
| 91–211 | Mar. 13 | 54 | H.R. 2623 (H.R. 14086). | 91–736 Interstate and Foreign Commerce. [Conference] | 91–583 Labor and Public Welfare. | Dec. 16, 1969; Feb. 26, 1970. | Dec. 11, 1969; Feb. 26, 1970. |
| 91–212 | Mar. 13 | 63 | H.R. 11702. | 91–556 91–313 Interstate and Foreign Commerce. [Conference] | 91–480 Labor and Public Welfare. | July 10, 1969; Feb. 26, 1970. | Oct. 20, 1969; Feb. 25, 1970. |
| 91–213 | Mar. 16 | 67 | S. 2701 (H.R. 15165). | 91–854 91–788 Government Operations. [Conference] | 91–431 Government Operations. | Feb. 18, 1970. | Sept. 29, 1969; Mar. 3, 1970. |
| 91–214 | Mar. 16 | 69 | S. 2910. | 91–784 Public Works. | 91–454 Public Works. | Mar. 5, 1970. | Oct. 15, 1969; Feb. 9, 1970; Mar. 5, 1970. |
| 91–215 | Mar. 17 | 70 | H.R. 13300. | 91–484 Interstate and Foreign Commerce. [Conference] | 91–650 Labor and Public Welfare. | Sept. 30, 1969; Mar. 5, 1970. | Mar. 4, 1970. |
| 91–216 | Mar. 17 | 72 | H.R. 13008. | 91–866 91–823 Post Office and Civil Service. | 91–713 Post Office and Civil Service. | Feb. 16, 1970. | Feb. 24, 1970. |
| 91–217 | Mar. 19 | 74 | H.R. 14944. | 91–703 Public Works. | 91–559 Public Works. | Dec. 18, 1969; Mar. 5, 1970. | Mar. 3, 1970. |
| 91–218 | Mar. 25 | 75 | S. 3427 (H.R. 15680). | 91–687 Interior and Insular Affairs. | 91–709 Interior and Insular Affairs. | Mar. 16, 1970. | Oct. 22, 23, 1969; Mar. 23, 1970. |
| 91–219 | Mar. 26 | 76 | H.R. 11859. | 91–380 Veterans' Affairs. [Conference] 91–918 | 91–487 Labor and Public Welfare. | Aug. 4, Dec. 18, 1969; Mar. 18, 1970. |  |
| 91–220 | Mar. 31 | 86 | S. 858 (H.R. 480). | 91–787 Agriculture. | 91–417 Agriculture and Forestry. | Mar. 17, 1970. | Sept. 23, 1969. |
| 91–221 | Mar. 31 | 87 | H.R. 14700 (S. 3426). | 91–858 Interior and Insular Affairs. | 91–741 Interior and Insular Affairs. | Mar. 16, 1970. | Mar. 18, 1970. |

*Note: This page is a rotated (sideways) legislative report calendar. Readings are reconstructed to the best of legibility; some cells are uncertain.*

| No. | Date | Cal. | Bill No. | Rept. No. | Committee | Rept. No. | Committee | Dates |
|---|---|---|---|---|---|---|---|---|
| 91-220 | Mar. 31 | 86 | S. 858 (H.R. 480). | 91-787 | Agriculture. | 91-417 | Welfare. | Oct. 22, 23, 1969; Mar. 23, 1970. |
| 91-221 | Mar. 31 | 87 | H.R. 18700 (S. 3426). | 91-858 | Interior and Insular Affairs. | 91-741 | Agriculture and Forestry, Interior and Insular Affairs. | Sept. 22, 1969. / Mar. 18, 1970. |
| 91-222 | Apr. 1 | 87 | H.R. 8543. | 91-989, 91-897 | Interstate and Foreign Commerce. [Conference] | 91-566 | Commerce. | June 17, 18, 1969; Mar. 18, 1970. |
| 91-223 | Apr. 3 | 90 | H.R. 3788. | 91-785 | Interior and Insular Affairs. | 91-738 | Interior and Insular Affairs. | Feb. 19, Mar. 19, 1970. |
| 91-224 | Apr. 3 | 91 | H.R. 4148. | 91-127, 91-940 | Public Works. [Conference] | 91-351 | Public Works. | Apr. 15, 16, 1969; Mar. 25, 1970. |
| 91-225 | Apr. 7 | 116 | S. 2693. | 91-851 | Judiciary. | 91-366 | Judiciary. | Mar. 3, 1970. |
| 91-226 | Apr. 9 | 118 | S.J. Res. 130 (H.J. Res. 1124). | 91-984 | Interstate and Foreign Commerce. | 91-768 | Labor and Public Welfare. | Apr. 8, 1970. |
| 91-227 | Apr. 10 | 119 | H.R. 13448. | 91-726 | Interstate and Foreign Commerce. | 91-746 | Labor and Public Welfare. | Dec. 16, 1969; Mar. 26, 1970. |
| 91-228 | Apr. 10 | 119 | H.R. 14269. | 91-714 | Interstate and Foreign Commerce. | 91-743 | Commerce. | Dec. 16, 1969. |
| 91-229 | Apr. 11 | 120 | S. 227. | 91-864 | Interior and Insular Affairs. | 91-393 | Interior and Insular Affairs. | Mar. 16, 1969. |
| 91-230 | Apr. 13 | 121 | H.R. 514. | 91-114, 91-937 | Education and Labor. [Conference] | 91-634 | Labor and Public Welfare. | Apr. 23, 1969; Apr. 7, 1970. |
| 91-231 | Apr. 15 | 195 | S. 3690 (H.R. 16844). | 91-992 | Post Office and Civil Service. | 91-763 | Post Office and Civil Service. | Apr. 9, 13, 14, 1970. |
| 91-232 | Apr. 15 | 199 | H.R. 10612 (S. 346). | 91-971 | District of Columbia. | 91-287, 91-763, 91-654 | District of Columbia. | Mar. 25, 1970. |
| 91-233 | Apr. 17 | 199 | S. 2695 (H.R. 12885). | 91-587 | Agriculture. | | Agriculture and Forestry. | Apr. 7, 1970. |
| 91-234 | Apr. 23 | 199 | H.R. 15349. | 91-901 | Interstate and Foreign Commerce. | | Finance. | Apr. 7, 1970. |
| 91-235 | Apr. 24 | 200 | H.R. 8654. | 91-167 | Ways and Means. | 91-762, 91-778, 91-582 | Judiciary. | May 13, 1969; Feb. 5, 1970; Apr. 20, 23, 1970. |
| 91-236 | Apr. 27 | 200 | H.J. Res. 251. | 91-850 | Public Works. | | Public Works. | Apr. 20, 1970. |
| 91-237 | May 1 | 201 | S. 3255. | 91-898 | House Administration. | | Interior and Insular Affairs. | Mar. 4, Apr. 23, 1970. |
| 91-238 | May 4 | 201 | S. 1966. | 91-776 | Agriculture. | 91-493 | Interior and Insular Affairs. | Mar. 16, 1970. |
| 91-239 | May 6 | 202 | S. 2306 (H.R. 11832). | 91-880 | Interior and Insular Affairs. | 91-688 | Agriculture and Forestry. | Oct. 6, 1969; Feb. 2, 1970. |
| 91-240 | May 7 | 203 | H.R. 4145. | 91-536 | Veterans' Affairs. | 91-794 | Interior and Insular Affairs. | Mar. 16, 1970. |
| 91-241 | May 7 | 203 | H.R. 10912. | 91-790 | Interior and Insular Affairs. | 91-783, 91-771 | Finance. | Apr. 27, 1970. |
| 91-242 | May 9 | 203 | H.R. 13106. | 91-886 | Interior and Insular Affairs. | | Interior and Insular Affairs. | Apr. 27, 1970. |
| 91-243 | May 9 | 204 | H.R. 14896. | | Interior and Insular Affairs. | 91-781 | Interior and Insular Affairs. | Mar. 16, 1970. |

## GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW—Continued

Note: Companion bills are in parentheses

| Public Law No. | Date approved | 84 Stat. | Bill No. | Report No. House | Committee reporting House | Report No. Senate | Committee reporting Senate | Consideration and passage House | Consideration and passage Senate |
|---|---|---|---|---|---|---|---|---|---|
| 91-244<br>91-245 | May 9<br>May 12 | 205<br>206 | H.R. 13069...<br>S. 1183... | 91-724<br>91-1005 | Banking and Currency.<br>Interior and Insular Affairs. | 91-769<br>91-205 | Banking and Currency.<br>Interior and Insular Affairs. | Dec. 15, 1969...;<br>Apr. 20, 1970. | Apr. 27, 1970.<br>June 2, 1969. |
| 91-246 | May 12 | 207 | S. 3544 (H.R. 16290). | 91-973 | Foreign Affairs. | 91-766 | Foreign Relations. | Apr. 28, 1970. | Apr. 27, 1970. |
| 91-247 | May 13 | 207 | H.R. 15945... | 91-865 | Merchant Marine and Fisheries. | 91-637 | Commerce. | Mar. 11, May 11, 1970. | Apr. 16, 1970. |
| 91-248 | May 14 | 207 | H.R. 515 (S. 2548). | 91-81<br>91-1033 | Education and Labor.<br>[Conference] | 91-641 | Agriculture and Forestry. | Mar. 20, 1969;<br>May 4, 1970. | May 7, 1970. |
| 91-249 | May 14 | 214 | H.R. 1049... | 91-808 | Merchant Marine and Fisheries. | 91-608 | Commerce. | Feb. 16, 1970. | Feb. 20, 23, 24, 1970;<br>May 4, 1970. |
| 91-250 | May 14 | 215 | H.R. 12806... | 91-518<br>91-518 pt. 2<br>91-1020 | Merchant Marine and Fisheries. | 91-764 | Commerce. | Oct. 6, 1969;<br>Apr. 21, 1970. | Apr. 30, 1970. |
| 91-251 | May 14 | 216 | S. 3007 (H.R. 14283). | 91-802 | Interior and Insular Affairs. | 91-782 | Interior and Insular Affairs. | May 4, 1970. | Apr. 9, 30, 1970. |
| 91-252 | May 14 | 216 | H.R. 1187 (S. 2253). | 91-806 | Interior and Insular Affairs. | 91-779 | Interior and Insular Affairs. | Mar. 16, 1970. | Apr. 27, 1970. |
| 91-253 | May 14 | 216 | S. 2453 (H.R. 10138). | 91-1023 | Interstate and Foreign Commerce. | 91-455 | Labor and Public Welfare. | May 5, 1970. | Apr. 30, 1970. |
| 91-254 | May 14 | 217 | S. 3435 (H.R. 16929). | 91-1001 | Banking and Currency. | 91-768 | Banking and Currency. | May 4, 1970. | Oct. 20, 1969. |
| 91-255 | May 18 | 217 | S.J. Res. 193 (H.J. Res. 1089). | 91-582 | House Administration. | 91-787 | Rules and Administration. | May 4, 1970. | Apr. 27, 1970. |
| 91-256<br>91-257<br>91-258 | May 18<br>May 19<br>May 21 | 218<br>218<br>219 | H.R. 12973...<br>H.R. 14434 12232...<br>H.R. 14485 (S. 3108). | 91-1094<br>91-601 | District of Columbia.<br>Appropriations.<br>Interstate and Foreign Commerce.<br>[Conference] | 91-836 | District of Columbia. | Oct. 27, 1969;<br>May 4, 1970;<br>Nov. 6, 1969;<br>May 13, 1970. | May 5, 1970.<br>May 14, 1970.<br>Feb. 24-26, 1970;<br>May 12, 1970. |
| 91-259 | May 21 | 283 | H.R. 9477... | 91-1074<br>91-472 | Interstate and Foreign Commerce.<br>Interior and Insular Affairs. | 91-505<br>91-706, 91-569,<br>91-851 | Commerce.<br>Finance.<br>Interior and Insular Affairs. | Sept. 15, 1969. | May 11, 1970. |

| Report | Date | Committee | Report | Committee | Report | Bill No. | Cal. No. | Date | Date | Committee | Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 91-257, 91-258 | Apr. 27, 1970. | District of Columbia. | 91-636 | District of Columbia Appropriations, Interstate and Foreign [Conference]. | 91-632, 91-1094, 91-601 | H.R. 12873, H.J. Res 1232, H.R. 14465 (S. 3108). | 218, 218, 219 | May 19, May 21, May 21 | Oct. 27, 1969. Nov. 6, 1969 Nov. 6, 1969 | District of Columbia. | May 5, 1970. May 14, 1970. Feb. 24–26, 1970. |
| 91-259 | May 11, 1970. | Commerce. | 91-565 | Interior and Insular Affairs. | 91-1074, 91-472 | H.R. 9477 | 263 | May 21 | May 13, 1970 | Commerce. | May 12, 1970 |
| | | Finance. Interior and Insular Affairs. | 91-708, 91-569, 91-851 | | | | | | Sept. 15, 1969 | Finance. Interior and Insular Affairs. | May 11, 1970 |
| 91-280, 91-281 | May 12, 1970. Mar. 17, 1970. | Commerce. | 91-846 | Merchant Marine and Fisheries, Veterans' Affairs. | 91-879 | S.J. Res. 199, H.R. 16684. | 254, 255 | May 21 May 21 | May 11, 1970 May 7, 1970 | Commerce. | May 11, 1970 May 7, 1970 |
| 91-282 | Oct. 6, 1969. | Finance. | 91-785 | District of Columbia. | 91-635 | H.R. 16106. | 256 | May 21 | Oct. 6, 1969; Feb. 24, 1970. | Finance. | Oct. 6, 1969; May 25, 1970. |
| 91-283, 91-284 | Feb. 24, 1970. | District of Columbia Interior and Insular Affairs. | 91-839, 91-788 | District of Columbia Interior and Insular Affairs. | 91-849, 91-470 | H.R. 15880, H.R. 4899. | 257, 260 | May 22 May 22 | Sept. 14, 1969. | District of Columbia Interior and Insular Affairs. | Apr. 27, 1970. May 7, 1970. Apr. 27, 1970. |
| 91-285 | May 22 | Commerce. | 91-559 | Interstate and Foreign Commerce, District of Columbia. | 91-350 | H.R. 10105. | 262 | May 22 | Sept. 3, 1969; May 7, 1970. | Commerce. | Dec. 2, 1969; Apr. 23, 1970. |
| 91-286, 91-287, 91-288 | May 22 May 26 May 26 | District of Columbia. | 91-288, 91-849, 91-747 | District of Columbia. | 91-1008, 91-1058 | S. 1468, S. 3778, S. 2999 (H.R. 16033). | 264, 265, 266 | May 22 May 26 May 26 | May 11, 1970. May 11, 1970. May 11, 1970. | District of Columbia. Public Works. District of Columbia. | May 11, 1970. July 8, 1969. May 7, 1970. Mar. 26, 1970. |
| 91-269 | May 27 | Foreign Relations. | 91-234 | Foreign Affairs. | 91-1065 | H.R. 16171). S. 836 (H.R. 1171). | 271 | May 27 | May 4, 1970. | Foreign Relations. | June 18, 1969; May 13, 1970. |
| 91-270 | May 28 | Interior and Insular Affairs. | 91-856 | Interior and Insular Affairs. | 91-979 | H.R. 780. | 273 | May 28 | Apr. 20, 1970. | Interior and Insular Affairs. | May 13, 1970. May 15, 1970. |
| 91-271 | June 2 | Judiciary. | 91-576 | Judiciary. | 91-986 | S. 2624. | 274 | June 2 | May 18, 1970. | Judiciary. | May 18, 1970. |
| 91-272 | June 2 | | 91-263 | Judiciary, [Conference] | 91-1087, 91-887 | S. 952. | 284 | June 2 | | | Dec. 9, 1969; May 19, 1970. |
| 91-273 | June 2 | Joint Committee on Atomic Energy. | 91-853 | Joint Committee on Atomic Energy. | 91-1036, 91-1038 | S. 3818 (H.R. 17493). | 299 | June 2 | Mar. 18, May 19, 1970. | Joint Committee on Atomic Energy. | June 22, 1969; May 13, 1970. |
| 91-274 | June 2 | Interior and Insular Affairs. | 91-773 | Interior and Insular Affairs. | 91-764 | H.R. 11872. | 301 | June 2 | May 19, 1970. | Interior and Insular Affairs. | May 13, 1970. |
| 91-275 | June 2 | Interior and Insular Affairs. | 91-532 | Interior and Insular Affairs. | 91-882 | H.R. 12878. | 303 | June 2 | Jan. 19, May 20, 1970. | Interior and Insular Affairs. | Apr. 27, 30, 1970. |
| 91-276 | June 12 | House Administration. | 91-714 | House Administration. | 91-1119 | S. 3389. | 303 | June 12 | Mar. 16, May 20, 1970. | Rules and Administration. | Mar. 16, May 20, 1970. |
| 91-277 | June 12 | Rules and Administration. | 91-898 | Rules and Administration. | 91-999 | H.J. Res. 1082. | 303 | June 12 | June 1, 1970. | Rules and Administration. | May 5, 1970. |
| 91-278 | June 12 | Commerce. | 91-847 | Merchant Marine and Fisheries. | 91-736 | H.R. 13816. | 304 | June 12 | Apr. 20, 1970. | Commerce. | Mar. 5, 1970. |
| 91-279 | June 12 | Commerce. | 91-888 | Merchant Marine and Fisheries. | 91-394 | H.R. 4813. | 307 | June 12 | Dec. 16, 1969; May 25, 1970. | Commerce. | May 28, 1970. |
| 91-280 | June 12 | Commerce. | 91-896 | House Administration. | 91-1003 | H.R. 11028. | 308 | June 12 | Aug. 12, 1969; May 27, 1970. | Commerce. | May 11, 1970. |
| 91-281 | June 17 | Rules and Administration. | 91-897 | House Administration. | 91-897 | H.R. 12819. | 309 | June 17 | May 4, 1970. | Rules and Administration. | May 22, 1970. |
| 91-282 | June 19 | Public Works. | 91-805 | Public Works. | 91-748 | H.R. 15166. | 310 | June 19 | May 4, 1970. | Public Works. | May 28, 1970. |
| 91-283 | June 19 | Interior and Insular Affairs. | 91-918 | Interior and Insular Affairs. | 91-763 | H.R. 16184. | 313 | June 19 | Dec. 15, 1969; June 4, 1970. Jan. 19, 1970. | Interior and Insular Affairs. | May 28, 1970. June 3, 1970. June 5, 1970. |

## GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW—Continued

NOTE: Companion bills are in parentheses

| Public Law No. | Date approved (1970) | 84 Stat. | Bill No. | Report No. and Committee reporting — House (Report No.) | House Committee | Senate (Report No.) | Senate Committee | Dates of consideration and passage — House (1970) | Senate |
|---|---|---|---|---|---|---|---|---|---|
| 91-284 | June 19 | 314 | H.R. 14308 | 91-1069 | Agriculture | 91-913 | Agriculture and Forestry | May 18, 1970 | June 8, 1970 |
| 91-285 | June 22 | 314 | H.R. 4249 | 91-387 | Judiciary | | | Dec. 10, 11, 1969; Apr. 8, June 17, 1970 | Mar. 2-4, 9-13, 1970 |
| 91-286 | June 23 | 319 | H.R. 9854 | 91-987 | Interior and Insular Affairs | 91-920 | Interior and Insular Affairs | Apr. 20, 1970 | June 11, 1970 |
| 91-287 | June 23 | 320 | H.R. 14300 | 91-734 | House Administration | 91-914 | Post Office and Civil Service | Feb. 16, June 11, 1970 | June 5, 1970 |
| 91-288 | June 23 | 322 | H.R. 12860 | 91-1099 | Interior and Insular Affairs | 91-921 | Interior and Insular Affairs | June 1, 1970 | June 12, 1970 |
| 91-289 | June 24 | 323 | H.R. 4204 | 91-249 | Interstate and Foreign Commerce | 91-878 | Judiciary | May 28, 1969; June 10, 1970 | May 20, 1970 |
| 91-290 | June 25 | 325 | S. 887 | 91-1154 | Interior and Insular Affairs | 91-793 | Interior and Insular Affairs | June 16, 1970 | Apr. 27, 1970 |
| 91-291 | June 25 | 326 | S. 1479 (H.R. 16601) | 91-1025 | Veterans' Affairs | 91-398 | Finance | May 4, June 15, 1970 | Sept. 18, 1969; June 8, 1970 |
| 91-292 | June 25 | 333 | H.R. 14310 | 91-803 | Agriculture | 91-843 | Agriculture and Forestry | Feb. 18, June 16, 1970 | May 11, 1970 |
| 91-293 | June 25 | 333 | S. 2940 (H.R. 16503) | 91-1123 | Interior and Insular Affairs | 91-571 | Interior and Insular Affairs | June 15, 1970 | Dec. 8, 1969 |
| 91-294 | June 29 | 333 | H.J. Res. 1264 | 91-1220 | Appropriations | 91-959 | Appropriations | June 24, 1970 | June 24, 1970 |
| 91-295 | June 30 | 335 | H.R. 5564 | 91-110 | Agriculture | 91-842 | Agriculture and Forestry | May 6, 1969 | May 11, 1970 |
| 91-296 | June 30 | 336 | H.R. 11102 | 91-262 | Interstate and Foreign Commerce | 91-857 | Labor and Public Welfare | June 16, 1970 | June 4, 1969 |
| 91-297 | June 30 | 354 | H.R. 17138 (S. 2694) | 91-1167, 91-1061, 91-1190 | District of Columbia [Conference] | 91-629, 91-988 | District of Columbia | June 10, 24, 1970 | Apr. 7, June 8, 30, 1970 |
| 91-298 | June 30 | 367 | H.R. 17241 (S. 3894) | 91-1080 | Ways and Means | 91-632 | Finance | May 11, 12, June 22, 1970 | Dec. 22, 1969; May 21, 1970 |
| 91-299 | June 30 | 367 | H.R. 16721 (S. 3949) | 91-1145 | Armed Services | 91-926 | Armed Services | May 19, 1970; June 16, 1970 | June 19, 1970; June 17, 1970 |

| Public Law | Date | No. | Bill | House Report | House Committee | Senate Report | Senate Committee | House dates | Senate dates |
|---|---|---|---|---|---|---|---|---|---|
| 91-297 | June 30 | 354 | H.R. 17138 (S. 2694). | 91-1187, 91-1061, 91-1190 | Interstate and Foreign Commerce. [Conference] | 91-857 | Labor and Public Welfare. | June 19, 1970. June 4, 1969; June 10, 23, 1970. | Apr. 7, June 8, 30, 1970. |
| 91-298, 91-299 | June 30, June 30 | 367, 367 | H.R. 17241, 17631 (S. 3949). | 91-1080, 91-1145 | District of Columbia. [Conference] Ways and Means. Armed Services. | 91-629, 91-886, 91-932, 91-926 | District of Columbia. Finance. Armed Services. | May 11, 12, June 22, 1970. May 19, 1970. June 15, 1970. | Dec. 22, 1969; May 21, June 24, 1970. June 19, 1970. June 17, 1970. |
| 91-300 | June 30 | 387 | H.J. Res. 1269. | | | | | | |
| 91-301, 91-302 | June 30, July 2 | 388, 388 | H.R. 17802, 16298 (S. 3948), H.R. 16616. | 91-1180, 91-1130 | Ways and Means. Armed Services. | 91-982, 91-927 | Finance. Armed Services. | June 3, 1970. June 15, 18, 1970. | June 25, 1970. June 29, 1970. June 17, 1970. |
| 91-303 | July 2 | 388 | H.R. 629. | 91-929 | Science and Astronautics. | 91-933 | Aeronautical and Space Sciences. | Apr. 23, June 22, 1970. | May 6, June 22, 1970. |
| 91-304, 91-305 | July 6, July 6 | 375, 376 | H.R. 16712, 17390. | 91-1189, 91-1097, 91-1038, 91-1227 | [Conference] Public Works. Appropriations. [Conference] | 91-984, 91-017 | Public Works. Appropriations. | June 8, 1970. May 7, June 23, 1970. | June 29, 1970. June 22, 29, 1970. |
| 91-306 | July 6 | 407 | H.R. 14720. | 91-1077 | Ways and Means. | 91-938 | Finance. | May 19, June 22, 1970. | June 19, 1970. |
| 91-307 | July 7 | 409 | S. 743. | 91-884 | Interior and Insular Affairs. [Conference] | 91-99 | Interior and Insular Affairs. | Mar. 16, June 22, 1970. | Mar. 24, 1969; June 23, 1970. |
| 91-308 | July 7 | 410 | S. 2316. | 91-1196, 91-1000 | Interior and Insular Affairs. | 91-395 | Interior and Insular Affairs. | June 22, 1970. | Sept. 10, 12, 24, 1969; June 26, 1970. |
| 91-309, 91-310 | July 7, July 7 | 411, 411 | H.R. 8512, S. 2062. | 91-1076, 91-885 | Ways and Means. Interior and Insular Affairs. | 91-940, 91-499 | Finance. Interior and Insular Affairs. | May 19, 1970. Mar. 16, June 22, 1970. | Oct. 29, 30, 1969; June 23, 1970. |
| 91-311, 91-312, 91-313, 91-314 | July 8, July 9, July 10, July 10 | 412, 412, 413, 414 | H.R. 4246, 4247, 14118, 12941. | 91-1187, 91-310, 91-373, 91-476, 91-1201 | [Conference] Judiciary. Judiciary. Judiciary. Armed Services. [Conference] | 91-971, 91-972, 91-954, 91-728 | Judiciary. Judiciary. Judiciary. Armed Services. | July 1, 1969. July 7, 1969. Dec. 1, 1969; Dec. 1, 1969. | June 28, 1970. June 28, 1970. June 28, 1970. Apr. 2, June 28, 1970. |
| 91-315 | July 10 | 415 | H.R. 12407. | 91-715 | Merchant Marine and Fisheries. | 91-973 | Public Works. | Dec. 16, 1969. | June 28, 1970. |
| 91-316, 91-317 | July 10, July 10 | 416, 417 | S. 4012, H.R. 15621. | 91-870, 91-1212 | Armed Services. [Conference] | 91-941, 91-729 | Armed Services. | June 30, 1970. Mar. 10, 1970. | June 25, 1970. Apr. 2, June 28, 1970. |
| 91-318 | July 10 | 417 | H.R. 16831. | 91-871, 91-1204 | Armed Services. [Conference] | 91-730 | Armed Services. | June 29, 1970. | Apr. 2, June 28, 1970. |
| 91-319 | July 10 | 418 | H.R. 16832. | 91-873, 91-1206 | Armed Services. [Conference] | 91-781 | Armed Services. | Mar. 10, June 29, 1970. | Apr. 2, June 26, 1970. |
| 91-320 | July 10 | 419 | H.R. 16833. | 91-873, 91-1207 | Armed Services. [Conference] | 91-732 | Armed Services. | Mar. 10, June 29, 1970. | Apr. 2, June 28, 1970. |

¹Became law without the President's approval.
²Passed over veto.

## GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW—Continued

NOTE: Companion bills are in parentheses

| Public Law No. | Date approved 1970 | 84 Stat. | Bill No. | Report No. and Committee reporting — House | Report No. and Committee reporting — Senate | | Dates of consideration and passage: Congressional Record, Vol. 116 (1966); Vol. 116 (1970) (1971) — House | Dates of consideration and passage — Senate |
|---|---|---|---|---|---|---|---|---|
| 91-321 | July 10 | 419 | H.R. 15835 | 91-974 91-1202 Armed Services [Conference] | 91-733 | Armed Services | Mar. 10, June 29, 1970. | Apr. 2, June 29, 1970. |
| 91-322 | July 10 | 420 | H.R. 15836 | 91-975 91-1211 Armed Services [Conference] | 91-734 | Armed Services | Mar. 10, June 29, 1970. | Apr. 2, June 28, 1970. |
| 91-323 | July 10 | 421 | H.R. 15837 | 91-976 91-1198 Armed Services [Conference] | 91-735 | Armed Services | Mar. 10, June 29, 1970. | Apr. 2, June 28, 1970. |
| 91-324 | July 10 | 421 | H.R. 15838 | 91-977 91-1199 Armed Services [Conference] | 91-736 | Armed Services | Mar. 10, June 29, 1970. | Apr. 2, June 28, 1970. |
| 91-325 | July 10 | 422 | H.R. 15839 | 91-878 91-1210 Armed Services [Conference] | 91-737 | Armed Services | Mar. 10, June 29, 1970. | Apr. 2, June 28, 1970. |
| 91-326 | July 10 | 423 | H.R. 15998 (S. 3457). | 91-919 91-1209 Armed Services [Conference] | 91-727 | Armed Services | Mar. 24, June 29, 1970. | Apr. 2, June 28, 1970. |
| 91-327 | July 10 | 423 | H.R. 16289 (S. 3451). | 91-920 91-1200 Armed Services [Conference] | 91-724 | Armed Services | Mar. 24, June 29, 1970. | Apr. 2, June 28, 1970. |
| 91-328 | July 10 | 424 | H.R. 16290 (S. 3446). | 91-921 91-1213 Armed Services [Conference] | 91-723 | Armed Services | Mar. 24, June 29, 1970. | Apr. 2, June 28, 1970. |
| 91-329 | July 10 | 425 | H.R. 16291 (S. 3087). | 91-922 91-1214 Armed Services [Conference] | 91-722 | Armed Services | Mar. 24, June 29, 1970. | Apr. 2, June 28, 1970. |
| 91-330 | July 10 | 426 | H.R. 16292 (S. 3083). | 91-923 91-1203 Armed Services [Conference] | 91-721 | Armed Services | Mar. 24, June 29, 1970. | Apr. 2, June 28, 1970. |
| 91-331 | July 10 | 426 | H.R. 16295 (S. 3456). | 91-924 91-1205 Armed Services [Conference] | 91-726 | Armed Services | Mar. 24, June 29, 1970. | Apr. 2, June 28, 1970. |
| 91-332 91-333 | July 10 July 10 | 427 429 | H.J. Res. 646. H.R. 16297 (S. 3463). | 91-1021 91-925 91-1208 Judiciary Armed Services [Conference] | 91-962 91-725 | Judiciary Armed Services | May 4, 1970. Mar. 24, June 28, 1970. | June 28, 1970. Apr. 2, June 28, 1970. |

| Public Law | Date | Cal. No. | Bill | House Rept. | House Committee | Senate Rept. | Senate Committee | Reported | Passed |
|---|---|---|---|---|---|---|---|---|---|
| 91-331 | | 426 | H.R. 18295 (S. 3456) | 91-224, 91-1205 | Armed Services [Conference] | 91-726 | Armed Services | Mar. 24, June 29, 1970 | June 29, 1970 |
| 91-332, 91-333 | | 427, 429 | H.J. Res. 746, H.R. 16337 (S. 3450) | 91-1021, 91-926, 91-1208 | Judiciary, Armed Services [Conference] | 91-962, 91-725 | Judiciary, Armed Services | May 4, 1970. Mar. 24, June 26, 1970 | Apr. 2, June 26, 1970. Apr. 2, June 26, 1970 |
| 91-334 | July 10 | 429 | H.J. Res. 1264 | 91-881 | | 91-848 | Interior and Insular Affairs | June 30, 1970 | July 7, 1970 |
| 91-335 | July 13 | 431 | H.R. 12808 | 91-1241, 91-494 | Interior and Insular Affairs [Conference] | 91-988 | Interior and Insular Affairs | Mar. 18, June 30, 1970 | May 11, June 25, 1970 |
| 91-336 | July 16 | 431 | H.J. Res. 224 | 91-494 | Interior and Insular Affairs | | | Oct. 6, 1969 | July 1, 1970 |
| 91-337 | July 16 | 432 | H.R. 17868 | 91-1135, 91-1287, 91-1025 | Appropriations [Conference] | 91-837 | Appropriations | June 4, 30, 1970 | June 28, June 19, 1970 |
| 91-338 | July 16 | 437 | H.R. 16739 | 91-1287, 91-1025 | [Conference] Veterans' Affairs | 91-934 | Finance | May 4, July 1, 1970 | May 4, July 1, 1970 |
| 91-339, 91-340, 91-341 | July 17, July 17, July 18 | 437, 438, 438 | S. 3564, H.J. Res. 746, S. 1435 | 91-1289, 91-489, 91-1246 | Judiciary, Foreign Affairs, Agriculture | 91-864, 91-986, 91-491 | Judiciary, Foreign Relations, Agriculture and Forestry | July 6, 1970. June 2, 1970. July 6, 1970 | July 6, 1970. July 1, 1970. Oct. 23, 1969 |
| 91-342 | July 18 | 438 | S. 3692 | 91-1221 | Agriculture | 91-915 | Agriculture and Forestry | July 6, 1970 | June 5, 1970 |
| 91-343 | July 18 | 439 | S. 3698 | 91-1247 | Agriculture | 91-754 | Agriculture and Forestry | July 8, 1970 | Apr. 7, 1970 |
| 91-344 | July 20 | 440 | S.J. Res. 201 (H.J. Res. 1238) | 91-1244 | Banking and Currency | 91-939 | Banking and Currency | July 6, 1970 | June 25, 1970 |
| 91-345 | July 20 | 440 | S. 1519 (H.R. 16606) | 91-240, 91-1226 | Education and Labor [Conference] | 91-196 | Labor and Public Welfare | Apr. 20, June 29, 1970 | May 23, 1969. July 6, 1970 |
| 91-346 | July 20 | 443 | S. 3215 (H.R. 16045) | 91-638, 91-1282 | Education and Labor [Conference] | 91-879 | Labor and Public Welfare | June 30, July 13, 1970 | May 21, 1970. July 13, 1970 |
| 91-347 | July 22 | 447 | H.R. 7618 | 91-871 | Armed Services | 91-1003 | Armed Services | Nov. 3, 17, 1969 | July 13, 1970 |
| 91-348 | July 23 | 448 | S. 3978 | 91-1309 | Agriculture | 91-935 | Agriculture and Forestry | July 21, 1970 | June 19, 1970 |
| 91-349 | July 23 | 448 | H.R. 11765 (S. 2283) | 91-1191 | Merchant Marine and Fisheries | 91-1007 | Commerce | July 6, 15, 1970 | July 10, 1970 |
| 91-350 | July 23 | 449 | S. 980 | 91-633 | Judiciary | 91-288 | Judiciary | Apr. 7, 1970 | June 30, 1969. July 14, 1970 |
| 91-351 | July 24 | 450 | S. 3685 (H.R. 17495) | 91-1311, 91-1186 | Banking and Currency | 91-761 | Banking and Currency | June 25, July 20, 1970 | Apr. 14, June 30, 1970. July 17, 1970 |
| 91-352 | July 24 | 454 | S. 3430 (H.R. 16327) | 91-1186 | [Conference] Foreign Affairs | 91-759 | Foreign Relations | July 7, 1970 | Apr. 10, July 9, 1970 |
| 91-353 | July 24 | 466 | S. 1620 (H.R. 279) | 91-1193 | Judiciary | 91-535 | Judiciary | July 8, 1970 | Jan. 28-30. July 15, 1970 |
| 91-354 | July 24 | 468 | S.J. Res. 88 | 91-927 | Judiciary | 91-240 | Judiciary | June 30, 1970 | June 20, 1969. July 15, 1970 |
| 91-355 | July 24 | 470 | H.R. 7617 | 91-380 | Merchant Marine and Fisheries | 91-1015 | Armed Services | July 21, 1969 | July 15, 1970 |

## GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW—Continued

Note: Companion bills are in parentheses

| Public Law No. | Date approved | 84 Stat. | Bill No. | Report No. and Committee reporting — House | Report No. and Committee reporting — Senate | Dates of consideration and passage; Congressional Record, Vol. 115 (1969); Vol. 116 (1970) (1971) — House | Dates of consideration and passage — Senate |
|---|---|---|---|---|---|---|---|
| 91-356 | 1970 July 24 | 471 | H.R. 16895 | 91-991 (Science and Astronautics; [Conference]) | 91-983 (Labor and Public Welfare) | May 11, July 14, 1970 | July 1, 14, 1970 |
| 91-357 | July 29 | 472 | H.R. 12768 | 91-1298, 91-1122 (Interior and Insular Affairs [Conference]) | 91-1013 (Interior and Insular Affairs) | June 1, 1970 | July 14, 1970 |
| 91-358 | July 29 | 473 | S. 2601 (H.R. 16195) | 91-907, 91-1303 (District of Columbia [Conference]) | 91-405 (District of Columbia) | Mar. 18, 19, July 15, 1970 | Sept. 18, 1969; Mar. 24, July 16, 17, 20-23, 1970; July 17, 1970 |
| 91-359 | July 31 | 688 | H.R. 14452 | 91-1120 (House Administration) | 91-1026 (Rules and Administration) | June 15, 1970 | July 17, 1970 |
| 91-360 | July 31 | 688 | S. 3889 | | 91-918 (Banking and Currency) | July 20, 1970 | June 11, 1970 |
| 91-361 | July 31 | 689 | H.R. 17619 | 91-1095, 91-1321 (Appropriations [Conference]) | 91-985 (Appropriations) | May 19, July 22, 1970 | July 21, July 22, 1970 |
| 91-362 | July 31 | 687 | S. 759 (H.R. 4387) | 91-1149 (Interior and Insular Affairs) | 91-861 (Interior and Insular Affairs) | June 18, 1970 | May 15, July 15, 1970 |
| 91-363 | July 31 | 687 | S. 1458 | 91-1248 (Agriculture) | 91-824 (Agriculture and Forestry) | July 6, 14, 1970 | Nov. 10, 1969; July 9, 1970 |
| 91-364 | July 31 | 688 | S. 885 | 91-1153 (Interior and Insular Affairs) | 91-870 (Interior and Insular Affairs) | June 15, July 20, 1970 | May 18, July 18, 16, 1970 |
| 91-365 | July 31 | 689 | S. 417 | 91-1288 (Interior and Insular Affairs) | 91-775 (Interior and Insular Affairs) | July 20, 1970 | Apr. 27, 1970 |
| 91-366 | July 31 | 690 | S. 1046 (H.R. 8673) | 91-923 (Interstate and Foreign Commerce) | 91-194 (Commerce) | July 7, 1970 | May 23, 1969; July 14, 1970 |
| 91-367 | July 31 | 691 | S. 778 | 91-1261 (Interior and Insular Affairs) | 91-595 (Interior and Insular Affairs) | July 20, 1970 | Dec. 12, 1969 |
| 91-368 | July 31 | 692 | S. 3274 | 91-1181 (Judiciary) | 91-702 (Foreign Relations) | July 6, 1970 | Feb. 17, July 16, 1970 |
| 91-369 | July 31 | 693 | H.R. 14483 | 91-1121 (House Administration) | 91-1027 (Rules and Administration) | July 6, 1970 | July 17, 1970 |
| 91-370 | Aug. 1 | 694 | H.J. Res. 1138 | 91-1334 (Appropriations) | 91-1041 (Appropriations) | July 28, 1970 | July 30, 1970 |
| 91-371 | Aug. 1 | 694 | H.J. Res. 1336 | | | July 30, 1970 | July 30, 1970 |
| 91-372 | Aug. 5 | 694 | S. 3270 | 91-1294 (Interior and Insular Affairs) | 91-780 (Interior and Insular Affairs) | July 20, 1970 | Apr. 27, July 21, 1970 |

| No. | Date | Bill | Serial | House Committee | House Rpt. | Senate Committee | Senate Rpt. | Passed | Approved |
|---|---|---|---|---|---|---|---|---|---|
| 91-368 | July 31 | S. 3274 | 692 | Affairs, Judiciary | 91-1181 | Affairs, Foreign Relations | 91-702 | | Dec. 12, 1969. |
| 91-369 | July 31 | H.R. 14463 | 693 | House Administration | 91-1121 | Rules and Administration | 91-1027 | July 6, 1970 | Feb. 17, July 16, 1970. |
| 91-370 | Aug. 1 | H.J. Res. 1328 | 694 | Appropriations | 91-1384 | Appropriations | 91-1041 | July 8, 1970 | July 17, 1970. |
| 91-371 | Aug. 1 | H.J. Res. 1335 | 694 | | | | | July 28, 1970 | July 30, 1970. |
| 91-372 | Aug. 5 | S. 3279 | 694 | Interior and Insular Affairs | 91-1284 | Interior and Insular Affairs | 91-780 | July 20, 1970 | July 30, 1970. Apr. 27, July 21, 1970. |
| 91-373 | Aug. 10 | H.R. 14705 | 695 | Ways and Means [Conference] | 91-612 | Finance | 91-762 | Nov. 13, 1969; July 23, 1970 | Apr. 7, Aug. 4, 1970. |
| 91-374 | Aug. 11 | H.R. 914 (S. 17070) (S. 3843) | 718 | Judiciary [Conference] | 91-1087 91-833 91-1104 | Judiciary; Post Office and Civil Service | 91-977 91-912 | July 23, 1970; Mar. 3, 1970; June 16-18, July 9, Aug. 6, 1970 | July 10, 1970; July 23, 1970; July 28, 29, 30, Aug. 3, 1970. |
| 91-375 | Aug. 12 | | 719 | | | | | | |
| 91-376 | Aug. 12 | S. 3348 (H.R. 17958) | 787 | Veterans' Affairs | 91-1863 | | 91-784 | June 15, July 30, 1970 | Apr. 27, July 9, 1970. |
| 91-377 | Aug. 12 | H.R. 15733 | 791 | Interstate and Foreign Commerce [Conference] | 91-1166 | | 91-960 | Apr. 7, July 30, 1970 | June 25, July 29, 1970. |
| 91-378 | Aug. 13 | S. 1076 (H.R. 15361) | 794 | Education and Labor [Conference] | 91-1337 91-915 | Labor and Public Welfare | 91-270 | June 16, July 30, 1970 | June 24, 1969; Aug. 5, 1970. |
| 91-379 | Aug. 15 | S. 3502 (H.R. 17980) | 796 | Banking and Currency [Conference] | 91-1338 91-1330 | Interior and Insular Affairs | 91-890 | July 30, 31, 1970 | July 9, Aug. 12, 1970. |
| 91-380 | Aug. 18 | H.R. 16916 | 800 | Appropriations [Conference] | 91-1386 91-994 91-1306 | Banking and Currency | 91-871 | Apr. 14, July 16, 1970 | June 23-25, July 29, 1970. |
| 91-381 | Aug. 17 | H.R. 16118 | 806 | Banking and Currency [Conference] | 91-1245 91-995 | Appropriations | 91-1042 91-1009 | Apr. 14, July 16, 1970 | Aug. 18, 1970. |
| 91-382 | Aug. 18 | H.R. 16915 | 807 | | 91-1854 1-1285 | Banking and Currency [Conference] | 91-1014 | July 6, 1970; Apr. 12 | Aug. 18, 1970; July 13, Aug. 5, 1970. |
| 91-383 | Aug. 18 | H.R. 14114 (S. 2885) | 825 | Interior and Insular Affairs [Conference] | 91-1285 | Interior and Insular Affairs | 91-1014 | July 20, 1970 | July 14, Aug. 4, 1970. |
| 91-384 | Aug. 18 | S. 2484 | 827 | Agriculture | 91-1296 | Agriculture and Forestry | 91-755 | Aug. 3, 1970 | Apr. 7, 1970. |
| 91-385 | Aug. 20 | H.R. 17711 | 828 | District of Columbia [Conference] | 91-1118 91-1381 | District of Columbia | 91-995 | May 28, Aug. 11, 1970 | Apr. 7, 1970. |
| 91-386 | Aug. 24 | H.R. 16868 | 828 | Interior and Insular Affairs | 91-1151 | Interior and Insular Affairs | 91-1127 | June 18, 1970 | Aug. 10, 1970. |
| 91-387 | Aug. 24 | S. 3102 (H.R. 14124A) | 829 | Merchant Marine and Fisheries | 91-1273 | Commerce | 91-869 | July 20, 1970 | Aug. 20, 1970. |
| 91-388 | Aug. 24 | H.R. 16856 | 830 | Ways and Means | 91-704 | Finance | 91-931 | Dec. 22, 1969; June 12, 1970 | May 16, Aug. 12, 1970. |
| 91-389 | Aug. 28 | S. 3547 (H.R. 6715) | 830 | Interior and Insular Affairs [Conference] | 91-1132 | Interior and Insular Affairs | 91-991 | Aug. 13, 1970 | Aug. 3, 1970. |
| 91-390 | Aug. 28 | H.R. 13971 | 832 | Judiciary | 91-1415 | Judiciary | 91-1109 | Aug. 13, 1970 | July 23, Aug. 14, 1970. |
| 91-391 | Aug. 28 | H.R. 15361 | 833 | District of Columbia | 91-1127 | District of Columbia | 91-1127 | June 15, 1970 | Aug. 14, 1970. |
| 91-392 | Sept. 1 | H.R. 9053 | 834 | Armed Services | 91-869 | Armed Services | 91-1087 | Feb. 24, 1970 | Aug. 13, 1970. |
| 91-393 | Sept. 1 | H.R. 13874 | 835 | Judiciary | 91-970 | Judiciary | 91-1111 | Apr. 7, 1970 | Aug. 18, 1970. |

[Passed over veto.]

## GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW—Continued

NOTE: Companion bills are in parentheses

| Public Law No. | Date approved (1970) | 84 Stat. | Bill No. | Report No. and Committee reporting — House (Report No.) | House (Committee) | Senate (Committee) | Senate (Report No.) | Dates of consideration and passage; Congressional Record, Vol. 116 (1970) (1971) — House | Senate |
|---|---|---|---|---|---|---|---|---|---|
| 91-394 | Sept. 1 | 836 | H.R. 8882 | 91-574 | Armed Services | Armed Services | 91-1086 | Nov. 3, 1969 | Aug. 18, 1970 |
| 91-395 | Sept. 1 | 836 | H.J. Res. 1194 | ---- | ---- | Armed Services | 91-1085 | June 22, 1970 | Aug. 20, 1970 |
| 91-396 | Sept. 1 | 836 | H.R. 6265 | ---- | ---- | Armed Services | 91-1088 | Dec. 1, 1969 | Aug. 18, 1970 |
| 91-397 | Sept. 8 | 837 | H.R. 13105 | 91-1143 | Armed Services | ---- | ---- | June 15, 1970 | Aug. 18, 1970 |
| 91-398 | Sept. 8 | 837 | H.R. 15351 | 91-1305 | House Administration | Rules and Administration | 91-1131 | July 20, 1970 | Aug. 24, 1970 |
| 91-399 | Sept. 8 | 837 | H.R. 17133 | 91-1240 | Interstate and Foreign Commerce | Commerce | 91-1140 | Aug. 14, 1970 | Aug. 28, 1970 |
| 91-400 | Sept. 16 | 838 | H.R. 13434 | 91-1348 | Interior and Insular Affairs | Interior and Insular Affairs | 91-1147 | Aug. 3, 1970 | Sept. 1, 1970 |
| 91-401 | Sept. 16 | 838 | H.R. 14097 | 91-1349 | Interior and Insular Affairs | Interior and Insular Affairs | 91-1149 | Aug. 3, 1970 | Sept. 1, 1970 |
| 91-402 | Sept. 18 | 838 | H.R. 13710 | 91-737 | Merchant Marine and Fisheries | Commerce | 91-1152 | Dec. 18, 1969 | Sept. 1, 1970 |
| 91-403 | Sept. 18 | 843 | H.R. 16416 | 91-1162 | Interior and Insular Affairs | Interior and Insular Affairs | 91-1148 | June 16, 1970 | Sept. 1, 1970 |
| 91-404 | Sept. 19 | 845 | H.R. 14827 | 91-1380 | Interior and Insular Affairs | Interior and Insular Affairs | 91-1150 | Aug. 3, 1970 | Sept. 1, 1970 |
| 91-405 | Sept. 22 | 845 | H.R. 18725 (S. 2164) | 91-1385 | District of Columbia | District of Columbia | 91-1122, 91-634 | Aug. 10, 1970 | Oct. 1, 1969; Sept. 9, 1970 |
| 91-406 | Sept. 23 | 855 | H.R. 16528 | 91-1290 | Science and Astronautics | Aeronautical and Space Sciences | 91-1161 | July 20, 1970 | Sept. 11, 1970 |
| 91-407 | Sept. 25 | 856 | S.J. Res. 67 (H.J. Res. 1179) | 91-1405 | Public Works | Judiciary | 91-1114 | Sept. 14, 1970 | Aug. 14, 1970 |
| 91-408 | Sept. 25 | 860 | S. 2832 (H.R. 3896) | 91-1382 | Interior and Insular Affairs | Interior and Insular Affairs | 91-740 | Sept. 10, 1970 | Mar. 18, Sept. 14, 1970 |
| 91-409 | Sept. 25 | 861 | S. 434 (H.R. 7521) | 91-1331 | Interior and Insular Affairs | Interior and Insular Affairs | 91-789 | Sept. 10, 1970 | Apr. 27, Sept. 14, 1970 |
| 91-410 | Sept. 25 | 862 | H.J. Res. 1247 | 91-1418 | Interstate and Foreign Commerce | ---- | ---- | Sept. 14, 1970 | Sept. 16, 1970 |
| 91-411 | Sept. 25 | 863 | S. 58 (H.R. 2259) | 91-1396 | Interior and Insular Affairs | Interior and Insular Affairs | 91-777 | Sept. 14, 1970 | Apr. 27, Sept. 16, 1970 |
| 91-412 | Sept. 25 | 864 | S. 3170 (H.R. 8888) | 91-1419 | Interstate and Foreign Commerce | Commerce | 91-637 | Sept. 14, 1970 | Nov. 20, 1969 |
| 91-413 | Sept. 25 | 865 | S. 3337 (H.R. 15469) | 91-1423 | Interior and Insular Affairs | Interior and Insular Affairs | 91-657 | Sept. 14, 1970 | May 16, 1970 |

2287

| Rept. No. | Date | No. | Bill | Committee | Rept. No. | Committee | Date | Date |
|---|---|---|---|---|---|---|---|---|
| 91-410 | Sept. 25 | 862 | 7521), H.J. Res. 1247. | Affairs. Interstate and Foreign Commerce. | 91-1418 | Interior and Insular Affairs. | Sept. 10, 1970 | Apr. 22, Sept. 14, 1970. |
| 91-411 | Sept. 25 | 863 | S. 58 (H.R. 3359). | Interior and Insular Affairs. | 91-1396 | Interior and Insular Affairs. | Sept. 14, 1970 | Sept. 15, 1970. |
| 91-412 | Sept. 25 | 864 | S. 1170 (H.R. 14396). | Interior and Foreign Commerce. | 91-1419 | Commerce. | Sept. 14, 1970 | Apr. 27, Sept. 18, 1970. |
| 91-413 | Sept. 25 | 865 | S. 3387 (H.R. 15469). | Interior and Insular Affairs. | 91-1423 | Interior and Insular Affairs. | Sept. 14, 1970 | Nov. 20, 1969. May 15, 1970. |

| Rept. No. | Date | No. | Bill | Committee | Rept. No. | Committee | Date | Date |
|---|---|---|---|---|---|---|---|---|
| 91-414 | Sept. 25 | 885 | S. 3817 (H.R. 16407). | Merchant Marine and Fisheries. | 91-1003 | Commerce. | Sept. 14, 1970 | July 10, 1970. |
| 91-415 | Sept. 25 | 886 | S. 2908 (H.R. 16087). | Interior and Insular Affairs. | 91-1005 | Interior and Insular Affairs. | Sept. 10, 1970 | July 10, Sept. 14, 1970. |
| 91-416 | Sept. 25 | 887 | S. 203 (H.R. 13001). | Interior and Insular Affairs. | 91-863 | Interior and Insular Affairs. | Sept. 10, 1970 | Aug. 12, 1969. |
| 91-417 | Sept. 25 | 888 | S. 4083 (H.R. 14396). | Interior and Insular Affairs. | 91-1145 | Interior and Insular Affairs. | Sept. 14, 1970 | Sept. 14, 1970. Sept. 1, 1970. |
| 91-418 | Sept. 25 | 889 | H.R. 16169 (S. 1772). | Post Office and Civil Service. | 91-1131 | Post Office and Civil Service. | Sept. 14, 1970 | Sept. 1, 1970. |
| 91-419 | Sept. 25 | 870 | S. 3838. | Judiciary. | 91-999 | Interior and Insular Affairs. | July 9, Sept. 9, 10, 1970 | Sept. 1, 9, 14, 1970. |
| 91-420 | Sept. 26 | 871 | S. 3997 (H.R. 16833). | Interior and Insular Affairs. | 91-1141 | Interior and Insular Affairs. | Sept. 14, 1970 | July 7, 1970. |
| 91-421 | Sept. 25 | 871 | H.R. 17618. | Veterans' Affairs. | 91-1169 | Interior and Insular Affairs. | Sept. 14, 1970 | Sept. 1, 1970. |
| 91-422 | Sept. 26 | 872 | H.R. 16900. | Appropriations. | 91-1188 | Labor and Public Welfare. | June 15, 1970 | Sept. 18, 1970. |
| 91-423 | Sept. 26 | 879 | | Appropriations [Conference]. | 91-1156 | Appropriations. | Apr. 13, Sept. 16, 1970 | Sept. 1, 18, 1970. |
| 91-424 | Sept. 26 | 880 | S. 621 (H.R. 9306). | Government Operations. | 91-893 | Government Operations. | Sept. 21, 1970 | May 28, 1970. |
| | | | | | 91-276 | Interior and Insular Affairs. | Sept. 10, 1970 | June 24, 1969; Sept. 16, 1970. |
| 91-425 | Sept. 26 | 882 | S. 2208. | Interior and Insular Affairs. | 91-835 | Interior and Insular Affairs. | Sept. 14, 1970 | May 13, Sept. 16, 1970. |
| 91-426 | Sept. 26 | 883 | S. 408. | Government Operations. | 91-424 | Government Operations. | Sept. 21, 1970 | Sept. 26, 1969. |
| 91-427 | Sept. 26 | 884 | S. 3153. | Merchant Marine and Fisheries. | 91-795 | Interior and Insular Affairs. | Sept. 21, 1970 | Apr. 27, 1970. |
| 91-428 | Sept. 26 | 885 | S. 2565 (H.R. 17789). | Interior and Insular Affairs. | 91-1011 | Interior and Insular Affairs. | Sept. 21, 1970 | July 10, Sept. 22, 1970. |
| 91-429 | Sept. 26 | 885 | S. 3777. | Interior and Insular Affairs. | 91-994 | Interior and Insular Affairs. | Sept. 21, 1970 | July 1, 1970. |
| 91-430 | Sept. 26 | 885 | H.R. 18543. | Agriculture. | 91-1203 | Agriculture and Forestry. | Sept. 14, 1970 | Sept. 21, 1970. |
| 91-431 | *Oct. 6 | 886 | H.R. 17795 (S. 3938). | Banking and Currency. | 91-1189 | Banking and Currency. | Sept. 10, 1970 | Sept. 21, 1970. |
| 91-432 | Oct. 2 | 886 | H.J. Res. 1361. | | 91-1206 | Banking and Currency. | Sept. 16, 1970 | Sept. 21, 1970. |
| 91-433 | Oct. 6 | 887 | S.J. Res. 218. | | 91-1183 | Judiciary. | Sept. 28, 1970 | Sept. 25, 1970. |
| 91-434 | Oct. 6 | 887 | S.J. Res. 228. | | 91-1185 | Judiciary. | Sept. 28, 1970 | Sept. 18, 1970. |

*Became law without the President's approval.

2288

## GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW—Continued

Note: Companion bills are in parentheses

| No. | Date approved | 84 Stat. | Bill No. | House report | House committee | Senate report | Senate committee | House dates (Cong. Record, Vol. 116 (1970)) | Senate dates |
|---|---|---|---|---|---|---|---|---|---|
| 91-435 | Oct. 6 | 888 | H.R. 11958 | 91-1295 | Agriculture | 91-1202 | Agriculture and Forestry | July 20, 1970. | Sept. 21, 1970. |
| 91-436 | Oct. 6 | 888 | H.J. Res. 1178 | | | 91-1187 | Judiciary | Apr. 29, Sept. 23, 1970. | Sept. 18, 1970. |
| 91-437 | Oct. 7 | 888 | S. 3358 (H.R. 17982). | 91-1274 | Interstate and Foreign Commerce. | 91-889 | Commerce | Sept. 10, 28, 1970. | May 19, Sept. 29, 1970. |
| 91-438 | Oct. 7 | 889 | H.J. Res. 589 | 91-1465, 91-302 | Science and Astronautics. [Conference] | 91-1043 | Labor and Public Welfare. | Nov. 12, 1969; Sept. 23, 1970. | Aug. 3, 1970. |
| 91-439 | Oct. 7 | 890 | H.R. 18127 | 91-1219, 91-1448 | Appropriations. [Conference] | 91-1118 | Appropriations | June 24, Sept. 23, 1970. | Aug. 21, 24, Sept. 23, 1970. |
| 91-440 | Oct. 7 | 904 | H.R. 14373 | 91-1342, 91-1022 | Armed Services | 91-1239 | Armed Services | Aug. 3, 1970. | Sept. 23, 1970. |
| 91-441 | Oct. 7 | 905 | H.R. 17123 | 91-1473 | Armed Services. [Conference] | 91-1015 | Armed Services | Apr. 29, 30, May 6, Sept. 29, 1970. | May 5, 7, July 23, 24, 27-31, Aug. 3-7, 10-14, 17-21, 24-28, 31, Sept. 1, Oct. 1, 1970. |
| 91-442 | Oct. 8 | 914 | S.J. Res. 110 | | | 91-1208 | Judiciary | Sept. 30, 1970. | Sept. 22, 1970. |
| 91-443 | Oct. 8 | 914 | S.J. Res. 236 | | | 91-1120 | Judiciary | July 28, 1969; | Sept. 22, 1970. |
| 91-444 | Oct. 13 | 915 | S. 3730 (H.R. 17839). | 91-1251 | Interstate and Foreign Commerce. | 91-1036 | Commerce | Sept. 30, 1970. | July 30, 1970. |
| 91-445 | Oct. 14 | 915 | H.J. Res. 1154. | | | 91-1188 | Judiciary | Apr. 29, Sept. 30, 1970. | Sept. 18, 1970. |
| 91-446 | Oct. 14 | 915 | H.R. 18104 | 91-1278 | Public Works | 91-1251 | Public Works | July 20, 1970. | Oct. 1, 1970. |
| 91-447 | Oct. 14 | 916 | S. 1461 | 91-1546 | Judiciary | 91-790 | Judiciary | Oct. 5, 1970. | Apr. 30, May 1, 1970. |
| 91-448 | Oct. 14 | 920 | H.R. 14485 | 91-840 | Judiciary | 91-1193 | Judiciary | Dec. 1, 1969; Sept. 30, 1970. | Sept. 21, 1970. |
| 91-449 | Oct. 14 | 921 | S. 2176 (H.R. 14301). | 91-1535 | Interstate and Foreign Commerce. | 91-1083 | Post Office and Civil Service. | Oct. 5, 1970. | Aug. 13, 1970. |
| 91-450 | Oct. 14 | 923 | S. 4235 | | | 91-1171 | Judiciary | Oct. 5, 1970. | Sept. 18, 1970. |
| 91-451 | Oct. 14 | 922 | H.R. 12043 | 91-1192 | Merchant Marine and Fisheries. | 91-1248 | Commerce | July 6, 1970. | Oct. 1, 1970. |

2289

| No. | Date | No. | Bill | Report | House committee | Report | Senate committee | Date passed House | Date passed Senate |
|---|---|---|---|---|---|---|---|---|---|
| 91-447 | Oct. 14 | 915 | — | 91-1278 | Public Works | 91-1251 | Public Works | July 30, 1970 | Oct. 1, 1970. |
| 91-448 | Oct. 14 | 916 | S. 1451 | 91-1548 | Judiciary | 91-790 | Judiciary | Oct. 5, 1970 | Apr. 30, May 1, Oct. 7, 1970. |
| 91-449 | Oct. 14 | 920 | H.R. 14485 | 91-840 | Judiciary | 91-1193 | Post Office and Civil Service | Dec. 1, 1969; Sept. 30, 1970 | Sept. 21, 1970. |
| 91-450 | Oct. 14 | 921 | S. 2176 (H.R. 4630) | 91-1635 | Interstate and Foreign Commerce | 91-1083 | Commerce | Oct. 5, 1970 | Aug. 13, 1970. |
| 91-451 | Oct. 14 | 922 | S. 4205, H.R. 12948 | 91-1193 | Merchant Marine and Fisheries | 91-1171, 91-1243 | Judiciary, Commerce | Oct. 5, July 6, 1970 | Sept. 18, Oct. 1, 1970. |
| 91-452 | Oct. 15 | 923 | S. 30 | 91-1549 | Judiciary | 91-817 | Judiciary | Oct. 6, 7, 1970 | Jan. 21-23, Oct. 12, 1970. |
| 91-453 | Oct. 15 | 962 | S. 3154 (H.R. 18150) | 91-1284 | Banking and Currency | 91-683 | Banking and Currency | Sept. 29, 1970 | Feb. 2, 3, Oct. 5, 1970. |
| 91-454 | Oct. 15 | 969 | H.J. Res. 1388 | — | — | 91-1280 | Appropriations | Oct. 5, 1970 | Oct. 12, 1970. |
| 91-455 | Oct. 15 | 969 | H.J. Res. 1388 | — | — | — | — | — | Oct. 8, 1970. |
| 91-456 | Oct. 15 | 970 | S. 662 | 91-1627 | Armed Services | 91-1010 | Armed Services | Oct. 5, 1970 | July 10, 1970. |
| 91-457 | Oct. 15 | 970 | H.R. 18410 | 91-1400 | Interior and Insular Affairs | 91-1289 | Interior and Insular Affairs | Sept. 14, 1970 | Oct. 7, 1970. |
| 91-458 | Oct. 16 | 971 | S. 1983 | 91-1194 | Interstate and Foreign Commerce [Conference] | 91-619 | Commerce | Aug. 6, Sept. 28, 1970 | Dec. 19, 1969; Oct. 1, 1970. |
| 91-459 | Oct. 16 | 978 | H.R. 10887 | 91-1467, 91-1282 | Interior and Insular Affairs | 91-1287 | Interior and Insular Affairs | July 20, 1970 | Oct. 7, 1970. |
| 91-460 | Oct. 16 | 978 | S. 2314 | 91-1521 | Interior and Insular Affairs | 91-497 | Interior and Insular Affairs | Oct. 5, 1970 | Oct. 28, 1969. |
| 91-461 | Oct. 16 | 979 | S. 1628 | 91-1519 | Judiciary | 91-966 | Judiciary | Oct. 5, 1970 | Oct. 28, 1969. |
| 91-462 | Oct. 16 | 986 | — | 91-1109 | Interior and Insular Affairs | 91-1289 | Interior and Insular Affairs | June 15, 1970 | June 26, 1970. |
| 91-463 | Oct. 16 | 987 | H.R. 13125 | 91-1340 | Interior and Insular Affairs | 91-1285 | Interior and Insular Affairs | Aug. 3, 1970 | Oct. 7, 1970. |
| 91-464 | Oct. 16 | 988 | S. 2264 (H.R. 11913) | 91-1114 | Interstate and Foreign Commerce [Conference] | 91-478 | Labor and Public Welfare | Sept. 10, 28, 1970 | Oct. 20, 1969; Oct. 1, 1970. |
| 91-465 | Oct. 16 | 989 | H.R. 140 | 91-1452, 91-1394 | Interior and Insular Affairs | 91-1288 | Interior and Insular Affairs | Sept. 14, 1970 | Oct. 7, 1970. |
| 91-466 | Oct. 17 | 980 | H.R. 4599 | 91-925 | Government Operations | 91-1243 | Government Operations | Apr. 27, 1970 | Oct. 1, 1970. |
| 91-467 | Oct. 19 | 990 | S. 4247 | 91-1502 | Judiciary | 91-1173 | Judiciary | Oct. 5, 1970 | Sept. 18, 1970. |
| 91-468 | Oct. 19 | 994 | S. 3822 | 91-1467 | Banking and Currency | 91-1128 | Banking and Currency | Oct. 5, 1970 | Sept. 21, 1970. |
| 91-469 | Oct. 21 | 1018 | H.R. 15424 | 91-1073 | Merchant Marine and Fisheries [Conference] | 91-1080 | Commerce | May 21, Oct. 6, 1970 | Sept. 17, Oct. 7, 1970. |
| 91-470 | Oct. 21 | 1039 | H.R. 9164 | 91-1555 | Interior and Insular Affairs | 91-1294 | Interior and Insular Affairs | July 20, 1970 | Oct. 12, 1970. |
| 91-471 | Oct. 21 | 1039 | H.R. 18519 | 91-1281 | Interior and Insular Affairs | 91-1384 | Interior and Insular Affairs | Sept. 21, 1970 | Oct. 9, 1970. |
| 91-472 | Oct. 21 | 1040 | H.R. 17578 | 91-1453 | Appropriations | 91-1135 | Appropriations | — | Aug. 24, Oct. 7, 1970. |
| 91-473 | Oct. 21 | 1064 | S.J. Res. 242 | 91-1072 | Judiciary | 91-1384 | Banking and Currency | May 14, Oct. 6, 1970 | Oct. 13, 1970. |
| 91-474 | Oct. 21 | 1065 | S. 2916 (H.R. 15026) | 91-1548 | Judiciary | 91-961 | Judiciary | Oct. 5, 1970 | June 26, Oct. 7, 1970. |
| 91-475 | Oct. 21 | 1066 | H.R. 9943 | 91-986 | District of Columbia [Conference] | 91-1273 | District of Columbia | July 14, 1969; Sept. 21, Oct. 8, 1970 | Oct. 7, 1970. |
| 91-476 | Oct. 21 | 1067 | H.R. 12870 | 91-1440 | Interior and Insular Affairs | 91-1270 | Interior and Insular Affairs | — | Oct. 7, 1970. |

## GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW—Continued

NOTE: Companion bills are in parentheses

| Public Law No. | Date approved | 84 Stat. | Bill No. | Report No. and Committee reporting — House | Report No. and Committee reporting — Senate | Dates of consideration and passage — House | Dates of consideration and passage — Senate |
|---|---|---|---|---|---|---|---|
| 91-477 | 1970 Oct. 21 | 1071 | H.R. 14865 (S. 1289) | 91-976 Interstate and Foreign Commerce [Conference] | 91-744 Commerce | May 14-July 16, Oct. 8, 1970 | Mar. 26, May 21, July 15, Oct. 7, 1970 |
| 91-478 | Oct. 21 | 1074 | H.R. 15624 | 91-1299 91-1424 Interior and Insular Affairs | 91-1285 Interior and Insular Affairs | Sept. 14, 1970 | Oct. 8, 1970 |
| 91-479 | Oct. 21 | 1075 | H.R. 18776 | 91-1401 Interior and Insular Affairs | 91-1283 Interior and Insular Affairs | Sept. 22, 1970 | Oct. 7, 1970 |
| 91-480 | Oct. 21 | 1081 | H.R. 18781 | 91-1451 Veterans' Affairs | 91-1287 Interior and Insular Affairs | Sept. 21, Oct. 13, 1970 | Oct. 7, 1970 |
| 91-481 | Oct. 21 | 1081 | H.R. 9634 | 91-695 Armed Services | 91-1287 Armed Services | Dec. 15, 1969 | Oct. 9, 1970 |
| 91-482 | Oct. 21 | 1082 | H.R. 13112 | 91-1140 Armed Services | 91-1276 Armed Services | June 15, 1970 | Oct. 8, 1970 |
| 91-483 | Oct. 21 | 1083 | H.R. 4172 | 91-903 Interior and Insular Affairs | 91-1268 Interior and Insular Affairs | Apr. 20, 1970 | Oct. 7, 1970 |
| 91-484 | Oct. 22 | 1083 | H.R. 16782 | 91-1141 Armed Services | 91-1277 Armed Services | June 15, 1970 | Oct. 8, 1970 |
| 91-485 | Oct. 22 | 1084 | S. 1703 (H.R. 13913) | 91-1225 Interior and Insular Affairs | 91-227 Interior and Insular Affairs | Aug. 10, 1970 | June 12, 26, 1969; Oct. 8, 1970 |
| 91-486 | Oct. 22 | 1085 | H.R. 14322 | 91-842 Armed Services | 91-1286 Armed Services | Mar. 3, 1970 | Oct. 8, 1970 |
| 91-487 | Oct. 22 | 1086 | H.R. 11876 | 91-1144 Armed Services | 91-1275 Armed Services | June 15, 1970 | Oct. 8, 1970 |
| 91-488 | Oct. 22 | 1088 | H.R. 13207 | 91-844 District of Columbia | 91-1301 District of Columbia | Feb. 24, 1970 | Oct. 12, 1970 |
| 91-489 | Oct. 22 | 1088 | H.R. 9311 | 91-1222 Interior and Insular Affairs | 91-1307 Interior and Insular Affairs | July 20, 1970 | Oct. 14, 1970 |
| 91-490 | Oct. 22 | 1087 | H.R. 4182 | 91-165 District of Columbia | 91-1163 District of Columbia | Apr. 28, 1969; Oct. 14, 1970 | Sept. 11, 1970 |
| 91-491 | Oct. 22 | 1089 | H.R. 10317 | 91-575 Armed Services | 91-1288 Armed Services | Nov. 3, 1969 | Oct. 9, 1970 |
| 91-492 | Oct. 22 | 1090 | H.R. 2175 and Sup. | 91-1320 Judiciary | 91-1292 Judiciary | Oct. 6, 1970 | Oct. 13, 1970 |
| 91-493 | Oct. 22 | 1090 | H.R. 6240 | 91-1478 Foreign Affairs | 91-1342 Foreign Relations | Oct. 6, 1970 | Oct. 14, 1970 |
| 91-494 | Oct. 22 | 1091 | H.R. 14982 | 91-846 District of Columbia | 91-1312 District of Columbia | Feb. 24, 1970 | Oct. 13, 1970 |
| 91-495 | Oct. 22 | 1091 | S. 3116 | 91-1499 Interior and Insular Affairs | 91-805 Interior and Insular Affairs | Oct. 5, 1970 | Apr. 27, Oct. 14, 1970 |
| 91-496 | Oct. 22 | 1092 | H.R. 9634 | 91-273 Veterans' Affairs | 91-485 Labor and Public Welfare | June 2, 1969; May 4, 1970 | Oct. 21, 1969; Oct. 12, 1970 |
| 91-497 | Oct. 22 | 1093 | H.R. 10385 | 91-596 District of Columbia | 91-1311 District of Columbia | Feb. 24, 1970 | Oct. 12, 1970 |
| 91-498 | Oct. 22 | 1094 | S.J. Res. 165 | | 91-1291 Judiciary | Oct. 13, 1970 | Oct. 13, 1970 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 91–493 | Oct. 22 | H.R. 6240 | 1090 | | | | Foreign Affairs | 91–1342 | Foreign Relations | Oct. 5, 1970. |
| 91–494 | Oct. 22 | H.R. 14082 | 1091 | | | | District of Columbia | 91–1478 | District of Columbia | Oct. 14, 1970. |
| 91–495 | Oct. 22 | S. 3116 | 1091 | | | | Interior and Insular Affairs | 91–948 | Interior and Insular Affairs | Feb. 24, 1970. |
| | | | | | | | | 91–1499 | | Oct. 5, 1970. |
| | | | | | | | Veterans' Affairs | | Labor and Public Welfare | Apr. 27, Oct. 14, 1970. |
| 91–496 | Oct. 22 | H.R. 9834 | 1092 | | | | | 91–273 | | June 2, 1969; May 4, 1970. |
| | | | | | | | | 91–485 | | Oct. 21, 1969; May 4, 1970. |
| 91–497 | Oct. 22 | H.R. 10386 | 1093 | | | | District of Columbia | 91–1311 | District of Columbia | Feb. 24, 1970. |
| 91–498 | Oct. 22 | S.J. Res. 165 | 1094 | | | | | 91–596 | | Oct. 13, 1970. |
| | | | | | | | | 91–1291 | Judiciary | Oct. 12, 1970. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 91–499 | Oct. 22 | H.R. 18098 | 1294 | | | | District of Columbia | 91–1306 | District of Columbia | July 13, Oct. 13, 1970. |
| 91–500 | Oct. 22 | H.R. 693 | 1296 | | | | Veterans' Affairs | 91–481 | Labor and Public Welfare | June 2, 1969; May 4, Oct. 13, 1970. |
| 91–501 | Oct. 22 | H.R. 16811 | 1454 | | | | Interior and Insular Affairs | 91–1336 | Interior and Insular Affairs | Sept. 21, 1970. |
| 91–502 | Oct. 22 | H.R. 18398 | 1426 | | | | Interior and Insular Affairs | 91–1338 | Interior and Insular Affairs | Oct. 14, 1970. |
| 91–503 | Oct. 23 | H.R. 12478 | 1272 | | | | Merchant Marine and Fisheries | 91–1289 | Commerce | Sept. 14, 1970. |
| 91–504 | Oct. 23 | S. 3014 (H.R. 19007). | 1404 | | | | Interior and Insular Affairs | 91–894 | Interior and Insular Affairs | July 20, Oct. 13, 1970. |
| 91–505 | Oct. 23 | H.R. 15405 | 1406 | | | | Interior and Insular Affairs | 91–1280 | Interior and Insular Affairs | Sept. 21, 1970. |
| 91–506 | Oct. 23 | H.R. 16710 | 1460 | | | | Veterans' Affairs | 91–1230 | Labor and Public Welfare | Oct. 5, 1970. |
| 91–507 | Oct. 28 | S.J. Res. 223 | 1449 | | | | | 91–1280 | Judiciary | Dec. 12, 1969; Oct. 7, 1970. |
| 91–508 | Oct. 28 | H.R. 16078 | 975 | | | | Banking and Currency [Conference] | 91–1210 | Banking and Currency | Oct. 12, 1970. |
| | | | 1687 | | | | | 91–1139 | | Sept. 21, Oct. 13, 1970. |
| 91–509 | Oct. 28 | S. 2605 | 1315 | | | | Rules | 91–1297 | District of Columbia, Government Operations. | Sept. 30, 1970. |
| 91–510 | Oct. 28 | H.R. 17654 (S. 844). | | | | | | 91–202 | | May 28, Oct. 13, 1970. |
| | | | | | | | | | | Oct. 12, 1970. |
| 91–511 | Oct. 26 | H.R. 17604 | 1098 | | | | Armed Services [Conference] | 91–1234 | Armed Services | Oct. 12, 1970. July 15–17, 20, 27–30, Oct. 8, 1970. |
| | | | 1093 | | | | | | | |
| 91–512 | Oct. 26 | H.R. 11833 (S. 2005). | 1165 | | | | Interstate and Foreign Commerce. | 91–1034 | Public Works | May 20, Oct. 13, 1970. |
| 91–513 | Oct. 27 | H.R. 18358 (S. 3246). | 1879 | | | | [Conference] Interstate and Foreign Commerce. | | | June 23, Oct. 13, 1970. |
| | | | 1444 (Pts. 1 and 2). | | | | | | | |
| 91–514 | Oct. 27 | H.R. 14078 | 1603 | | | | [Conference] Merchant Marine and Fisheries. | 91–613 | Judiciary | Sept. 23, 24, Oct. 8, 14, 1970. |
| 91–515 | Oct. 30 | H.R. 17870 (S. 3855). | 1430 | | | | Interstate and Foreign Commerce. | 91–1320 | Commerce | Sept. 21, 1970. |
| 91–516 | Oct. 30 | H.R. 18290 | 1690 | | | | [Conference] Education and Labor. | 91–1090 | Labor and Public Welfare. | Aug. 12, Oct. 13, 1970. |
| | | | 1882 | | | | | | | |
| 91–517 | Oct. 30 | H.R. 1277 | 1277 | | | | Interstate and Foreign Commerce. | 91–1104 | Labor and Public Welfare | Aug. 3, Oct. 13, 1970. |
| | | S. 2346 (H.R. 14287). | 1889 | | | | [Conference] | 91–787 | Labor and Public Welfare. | July 30, Oct. 13, 1970. Apr. 13, Oct. 14, 1970. |

Case: 1:10-cv-06602 Document #: 1 Filed: 10/14/10 Page 38 of 72 PageID #:38

## GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW—Continued

Note: Companion bills are in parentheses

| Public Law No. | Date approved (1970) | 84 Stat. | Bill No. | Report No. (House) | Committee reporting (House) | Report No. (Senate) | Committee reporting (Senate) | Consideration and passage (House) | Consideration and passage (Senate) |
|---|---|---|---|---|---|---|---|---|---|
| 91–518 | Oct. 30 | 1327 | H.R. 17849 | 91–1580 | Interstate and Foreign Commerce | | | Oct. 13, 14, 1970. | Oct. 14, 1970. |
| 91–519 | Nov. 2 | 1342 | S. 3898 (H.R. 13100) | 91–1266, 91–1479 | Interstate and Foreign Commerce, [Conference] | 91–1002 | Labor and Public Welfare. | July 30, Oct. 13, 1970. | July 13, Oct. 14, 1970. |
| 91–520 | Nov. 2 | 1355 | H.R. 16069 | 91–1588 | Foreign Affairs | 91–1342 | Foreign Relations | Oct. 5, 1970. | Oct. 14, 1970. |
| 91–521 | Nov. 25 | 1356 | S. 2455 | 91–1339 | Judiciary | 91–1008 | Judiciary | Nov. 18, 1970. | July 14, 1970. |
| 91–522 | Nov. 25 | 1357 | H.R. 18778 | 91–1350 | Agriculture | 91–1204 | Agriculture and Forestry. | July 6, Nov. 17, 1970. | Sept. 21, 1970. |
| 91–523 | Nov. 30 | 1358 | S. 9021 | 91–1545 | Judiciary | 91–1180 | Judiciary | Nov. 16, 1970. | Sept. 18, 1970. |
| 91–524 | Nov. 30 | 1358 | H.R. 18546 | 91–1829, 91–1894 | Agriculture, [Conference] | 91–1184 | Agriculture and Forestry. | Aug. 5, Oct. 13, 1970. | Sept. 14, 15, Nov. 19, 1970. |
| 91–525 | Dec. 1 | 1384 | H.J. Res. 1403 | | | | | Nov. 30, 1970. | Nov. 30, 1970. |
| 91–526 | Dec. 2 | 1385 | H.J. Res. 1265 | | | | | June 23, 1970. | Nov. 18, 1970. |
| 91–527 | Dec. 3 | 1386 | H.R. 14282 | 91–869 | Education and Labor | 91–1211 | Judiciary | Oct. 30, 31, 1969; Nov. 19, 1970. | Nov. 17, 1970. |
| 91–528 | Dec. 7 | 1389 | S. 3880 (H.R. 19405) | 91–1180 | Judiciary | 91–1244 | Labor and Public Welfare. | Oct. 14, 1970. | June 28, Nov. 19, 1970. |
| 91–529 | Dec. 7 | 1389 | H.R. 110 | 91–652 | Armed Services | 91–976 | Judiciary | Dec. 15, 1969. | Nov. 23, 1970. |
| 91–530 | Dec. 7 | 1390 | H.R. 13564 | 91–593 | District of Columbia | 91–1346 | Armed Services | Oct. 27, 1969; Oct. 24, 1970. | Oct. 7, 1970. |
| 91–531 | Dec. 7 | 1391 | H.R. 670 | 91–1059 | District of Columbia | 91–1272 | District of Columbia | May 11, Nov. 24, 1970. | Oct. 12, 1970. |
| 91–532 | Dec. 7 | 1392 | H.R. 4183 | 91–363 | District of Columbia | 91–1304, 91–1299 | District of Columbia | July 14, 1969; Nov. 24, 1970. | Oct. 12, 1970. |
| 91–533 | Dec. 7 | 1392 | H.R. 388 | 91–663 | Armed Services | 91–1347 | Armed Services | Dec. 16, 1969. | Nov. 23, 1970. |
| 91–534 | Dec. 7 | 1392 | H.R. 9450 | 91–871 | Armed Services | 91–1348 | Armed Services | Dec. 1, 1969. | Nov. 23, 1970. |
| 91–535 | Dec. 8 | 1393 | H.R. 9017 | 91–1064 | District of Columbia | 91–1302 | District of Columbia | May 11, Nov. 24, 1970. | Oct. 12, 1970. |
| 91–536 | Dec. 8 | 1394 | H.R. 13653 | 91–569 | District of Columbia | 91–1314 | District of Columbia | Oct. 27, 1969; Nov. 24, 1970. | Oct. 13, 1970. |
| 91–537 | Dec. 8 | 1395 | H.R. 10338 | 91–598 | District of Columbia | 91–1313 | District of Columbia | Feb. 24, Nov. 24, 1970. | Oct. 13, 1970. |

Note to "Consideration and passage" columns: Congressional Record, Vol. 115 (1969); Vol. 116 (1970), (1971).

2293

| Rept. No. | Date | Cal. No. | Bill No. | Rept. No. | Committee | Passed | Approved |
|---|---|---|---|---|---|---|---|
| 91–531 | Dec. 7 | 1391 | H.R. 670 | 91–1059 | District of Columbia | Oct. 24, 1970; Nov. 24, 1970. | Oct. 7, 1970. |
| 91–532 | Dec. 7 | 1392 | H.R. 4183 | 91–1299 | District of Columbia | May 11, Nov. 24, 1970. | Oct. 12, 1970. |
| 91–533 | Dec. 7 | 1392 | H.R. 386 | 91–963 | Armed Services | July 14, 1969; Nov. 24, 1970. | Oct. 12, 1970. |
| 91–534 | Dec. 7 | 1392 | H.R. 9483 | 91–671 | Armed Services | Dec. 16, 1969. | Nov. 23, 1970. |
| 91–535 | Dec. 8 | 1393 | H.R. 9017 | 91–1094 | District of Columbia | Dec. 1, 1969. Nov. 11, Nov. 24, 1970. | Nov. 23, 1970. Oct. 12, 1970. |
| 91–536 | Dec. 8 | 1394 | H.R. 13565 | 91–589 | District of Columbia | Nov. 24, 1970. | Oct. 13, 1970. |
| 91–537 | Dec. 8 | 1395 | H.R. 10386 | 91–598 | District of Columbia | Oct. 27, 1969; Nov. 24, 1970. Feb. 24, Nov. 24, 1970. | Oct. 13, 1970. |

| Rept. No. | Date | Cal. No. | Bill No. | Rept. No. | Committee | Rept. No. | Committee | Passed | Approved |
|---|---|---|---|---|---|---|---|---|---|
| 91–538 | Dec. 9 | 1397 | H.R. 6951 | 91–1018 | Judiciary | 91–1386 | Judiciary | May 4, 1970. | Nov. 25, 1970. |
| 91–539 | Dec. 9 | 1403 | H.R. 15216 | 91–1522 | Armed Services | 91–1350 | Armed Services | Oct. 5, 1970. | Nov. 25, 1970. |
| 91–540 | Dec. 9 | 1404 | S. 2543 | 91–1897 | Interstate and Foreign Commerce [Conference] | 91–609 | Commerce | Nov. 16, 1970. | Nov. 16, 1970. |
| 91–541 | Dec. 10 | 1407 | H.J.Res. 1413 (S.J.Res. 245) | 91–1088 | Interstate and Foreign Commerce | 91–1428 | Labor and Public Welfare | Dec. 9, 10, 1970. | Dec. 18, 1969; Nov. 24, 1970. |
| 91–542 | Dec. 11 | 1408 | H.R. 19000 | 91–1714 91–1498 | Interior and Insular Affairs | 91–1383 | Interior and Insular Affairs | Oct. 5, 1970. | Dec. 3, 1970. |
| 91–543 | Dec. 11 | 1408 | H.R. 9977 | 91–689 | Judiciary | 91–1389 | Judiciary | Dec. 1, 1969. | Oct. 5, 1970. |
| 91–544 | Dec. 14 | 1409 | H.R. 17870 | 91–1163 91–1625 | Appropriations [Conference] | 91–1318 | Appropriations | June 11, Nov. 24, 1970. | Dec. 3, 1970. |
| 91–545 | Dec. 14 | 1412 | H.R. 4302 | 91–638 | Judiciary | 91–1868 | Judiciary | Dec. 1, 1969. | Dec. 1, 1970. |
| 91–546 | Dec. 14 | 1412 | H.R. 18126 | | Judiciary | | Judiciary | Dec. 1, 1969. | Oct. 14, Nov. 24, 1970. Dec. 1, 1970. |
| 91–547 | Dec. 14 | 1418 | S. 2224 (H.R. 17331) | 91–1882 | Interstate and Foreign Commerce [Conference] | 91–184 | Banking and Currency | Sept. 2, 23, Dec. 2, 1970. | Oct. 14, 1970. |
| 91–548 | Dec. 14 | 1436 | H.R. 18934 | 91–1631 91–1898 | Interior and Insular Affairs | 91–1890 | Interior and Insular Affairs | Sept. 23, Dec. 1, 1970. | May 23, 24, 1969; Nov. 30, 1970. |
| 91–549 | Dec. 14 | 1437 | H.R. 14714 | 91–977 | Interstate and Foreign Commerce | 91–1373 | Commerce | Sept. 14, 1970. | Dec. 4, 1970. |
| 91–550 | Dec. 15 | 1437 | H.R. 471 | 91–826 | Interior and Insular Affairs | 91–1845 | Interior and Insular Affairs | Apr. 27, 1970. | Dec. 1, 1970. |
| 91–551 | Dec. 15 | 1439 | H.R. 14218 | 91–726 | Interior and Insular Affairs | 91–1031 | Interior and Insular Affairs | Sept. 9, 1969. | Dec. 1, 2, 1970. |
| 91–552 | Dec. 16 | 1440 | H.J.Res. 1411 | | House Administration | | Rules and Administration | Dec. 18, 1969; Dec. 1, 1970. | Aug. 18, 1970. |
| 91–553 | Dec. 16 | 1441 | H.J.Res. 1077 | 91–1477 | Foreign Affairs | 91–1386 | Foreign Relations | Nov. 30, Dec. 3, 1970. | Dec. 2, 1970. |
| 91–554 | Dec. 16 | 1441 | H.R. 1160 | 91–1885 | Interior and Insular Affairs | 91–1389 | Interior and Insular Affairs | Nov. 16, 1970. | Dec. 3, 1970. |
| 91–555 | Dec. 17 | 1441 | S.J.Res. 230 | 91–1621 | Judiciary | 91–1388 | Appropriations | Nov. 16, 1970. | Dec. 4, 1970. |
| 91–556 | Dec. 17 | 1442 | H.R. 19580 | 91–1616 | Appropriations | 91–1387 | Interior and Insular Affairs | Sept. 14, 1970. | |
| 91–557 | Dec. 17 | 1445 | H.R. 3328 | 91–1017 | Interior and Insular Affairs | | | | |
| 91–558 | Dec. 17 | 1468 | S. 4336 (H.R. 19626) | 91–1807 | Interior and Insular Affairs | 91–1366 | Banking and Currency | Dec. 7, 1970. Nov. 24, 1970. May 18, 1970. | Aug. 17, 1970. Dec. 7, 1970. Dec. 4, 1970. |
| 91–559 | Dec. 19 | 1468 | H.R. 15770 | | Banking and Currency | 91–1303 | Banking and Currency | Dec. 7, 1970. | Nov. 25, Dec. 10, 1970. |
| 91–560 | Dec. 19 | 1472 | H.R. 18979 (S. 4141) | 91–1470 | Agriculture and Forestry | 91–1247 | Agriculture and Forestry | Oct. 5, 1970. | Dec. 7, 1970. |
| 91–561 | Dec. 19 | 1475 | H.R. 14654 | 91–1542 | Joint Committee on Atomic Energy | 91–1410 | Joint Committee on Atomic Energy | Sept. 30, Dec. 3, 1970. | Dec. 2, 1970. |
| 91–562 | Dec. 19 | 1475 | S. 1366 | 91–1380 | Judiciary | 91–425 | Judiciary | Nov. 15, 1970. Dec. 8, 1970. | Dec. 8, 1970. Sept. 30, 1969. |
| 91–563 | Dec. 19 | 1476 | H.R. 12979 | 91–414 | Government Operations | 91–1871 | Government Operations Judiciary | Sept. 15, 1969; Dec. 9, 1970. | Dec. 1, 1970. |

2294

GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW—Continued

Note.—Companion bills are in parentheses

| Public Law No. | Date approved | 84 Stat. | Bill No. | Report No. and Committee reporting — House (Rept. No.) | House (Committee) | Senate (Rept. No.) | Senate (Committee) | Dates of consideration and passage — House | Senate |
|---|---|---|---|---|---|---|---|---|---|
| 91-564 | Dec. 19 | 1479 | S. 4187 | 91-1664 | Armed Services | 91-1238 | Armed Services | Dec. 7, 1970 | Sept. 28, 1970 |
| 91-565 | Dec. 19 | 1480 | S. 338 | 91-1654 | Interstate and Foreign Commerce | 91-1082 | Banking and Currency | Dec. 7, 1970 | Aug. 13, 1970 |
| 91-566 | Dec. 22 | 1480 | H.R. 17023 | 91-1161 | Appropriations [Conference] | 91-987 | Appropriations | June 8, Dec. 8, 1970 | July 7-9, Dec. 8, 1970 |
| 91-567 | Dec. 22 | 1497 | S. 3431 | 91-1680, 91-1665 | Interstate and Foreign Commerce, Agriculture | 91-1125 | Banking and Currency | Dec. 7, 10, 1970 | Aug. 18, Dec. 9, 1970 |
| 91-568 | Dec. 22 | 1499 | H.R. 17582 (S. 4551) | 91-1640 | Interstate and Foreign Commerce [Conference] | 91-1401 | Agriculture and Forestry | Dec. 7, 1970 | Dec. 8, 1970 |
| 91-569 | Dec. 23 | 1499 | H.R. 10894 | 91-1195 | Ways and Means, Interstate and Foreign Commerce | 91-1281 | Commerce | Dec. 7, 1970 | Oct. 12, Dec. 8, 1970 |
| 91-570 | Dec. 23 | 1503 | H.R. 4239 | 91-1696 | Interstate and Foreign Commerce [Conference] | 91-225 | Finance | Sept. 14, Dec. 8, 1970 | Dec. 7, 8, 1970 |
| 91-571 | Dec. 24 | 1503 | H.R. 2669 | 91-183, 91-78 | Public Works | 91-1375 | Judiciary | May 13, 1969; Mar. 18, 1969; Nov. 16, Dec. 8, 1970 | Dec. 1, 1970 |
| 91-572 | Dec. 24 | 1504 | S. 2108 (H.R. 19318) | 91-1472 | Public Works | 91-1004 | Labor and Public Welfare | Nov. 16, Dec. 8, 1970 | July 14, Dec. 10, 1970 |
| 91-573 | Dec. 24 | 1508 | S. 1499 | 91-1667 | Public Works | 91-991 | Public Works | Dec. 10, 1970 | Sept. 5, 1969 |
| 91-574 | Dec. 24 | 1508 | S. 3192 (H.R. 16205) | 91-1711, 91-1703 | Public Works | 91-1032 | Public Works | Dec. 10, 1970 | July 21, 1970 |
| 91-575 | Dec. 24 | 1509 | S. 1079 | 91-1643 | Judiciary | 91-1383 | Judiciary | Dec. 7, 1970 | Oct. 14, 1970 |
| 91-576 | Dec. 24 | 1541 | S. 1100 | 91-1710 | Public Works | 91-891 | Public Works | Dec. 10, 1970 | May 25, 1970 |
| 91-577 | Dec. 24 | 1542 | S. 3070 | 91-1605 | Agriculture | 91-1138 | Agriculture and Forestry | Dec. 8, 1970 | Oct. 2, Dec. 9, 1970 |
| 91-578 | Dec. 24 | 1559 | S. 3479 (H.R. 11978) | 91-1899 | Interior and Insular Affairs | 91-1248 | Judiciary, Interior and Insular Affairs | Sept. 14, Dec. 9, 1970 | May 18, Sept. 29, 1970 |
| 91-579 | Dec. 24 | 1560 | H.R. 19646 | 91-1651 | Agriculture | 91-887 | Interior and Insular Affairs | Dec. 7, 1970 | Dec. 8, 1970 |
| 91-580 | Dec. 24 | 1565 | S. 4557 (H.R. 19908) | 91-1677 | Joint Committee on Atomic Energy | 91-1414 | Joint Committee on Atomic Energy | Dec. 10, 1970 | Dec. 9, 1970 |
| 91-581 | Dec. 24 | 1566 | S. 388 | 91-1544 | Interior and Insular Affairs | 91-1160 | Interior and Insular Affairs | Oct. 5, Dec. 9, 1970 | Sept. 16, Oct. 14, Dec. 4, 10, 1970 |
| 91-582 | Dec. 24 | 1571 | H.R. 8663 | 91-1338 | Armed Services | 91-1417 | Armed Services | June 15, 1970 | Dec. 10, 1970 |
| 91-583 | Dec. 24 | 1574 | S. 528 | 91-1709 | Public Works | 91-889 | Public Works | Dec. 10, 1970 | May 22, 1970 |

| No. | Approved | Cal. No. | Bill | Report | Report | Committee | Reported | Passed |
|---|---|---|---|---|---|---|---|---|
| 91-578 | | | | 91-578 | Agriculture and Forestry. Judiciary. | | Dec. 10, 1970. | May 25, 1970. Oct. 2, Dec. 9, 1970. |
| 91-579 91-580 | Dec. 24 Dec. 24 | 1659 1660 1665 | S. 3479 (H.R. 15978). H.R. 10946. S. 4357 (H.R. 19909). | 91-1899 | 91-1246 91-867 | Interior and Insular Affairs. | Dec. 8, 1970. Sept. 14, Dec. | May 18, Sept. 29, 1970. Dec. 8, 1970. Dec. 8, 1970. |
| 91-581 | Dec. 24 | 1666 | S. 368 | 91-1681 91-1877 | 91-1414 | Interior and Insular Affairs. Agriculture. Joint Committee on Atomic Energy. | Dec. 7, 1970. Dec. 10, 1970. | Dec. 8, 1970. Dec. 11, Dec. 8, 1970. |
| 91-582 91-583 | Dec. 24 Dec. 24 | 1574 1574 | H.R. 8863. S. 528. | 91-1644 | 91-1160 | Joint Committee on Atomic Energy. Interior and Insular Affairs. | Oct. 5, Dec. 9, 1970. | Sept. 16, Oct. 14, 1970. Dec. 4, 10, 1970. |
| | | | | 91-1188 91-1709 | 91-1417 91-880 | Armed Services. Public Works. | June 15, 1970. Dec. 10, 1970. | Dec. 10, 1970. May 22, 1970. |
| 91-584 | Dec. 24 | 1675 | S. 3785 | 91-1606 | 91-1338 | Veterans' Affairs. | Nov. 16, 1970. | Sept. 24, Dec. 8, 1970. |
| 91-585 91-586 91-587 | Dec. 24 Dec. 24 Dec. 24 | 1676 1678 1679 | S. 1600. H.R. 18012. H.R. 4083. | 91-1712 91-1468 91-1458 | 91-892 91-1420 91-1070 | Public Works. Foreign Relations. Labor and Public Welfare. | Dec. 10, 1970. Dec. 10, 1970. Dec. 7, 1970. Dec. 7, 1970. | May 25, 1970. Dec. 10, 1970. Aug. 11, Dec. 8, 1970. |
| 91-588 91-589 | Dec. 24 Dec. 24 | 1680 1685 | H.R. 18911. S.J. Res. 206. | 91-1448 91-1698 | 91-1489 91-1229 | Veterans' Affairs. House Administration. | Sept. 21, 1970. Dec. 15, 1970. | Dec. 17, 1970. Sept. 26, 1970. |
| 91-590 | Dec. 28 | 1687 | H.R. 8298 | 91-520 | 91-1380 | Interstate and Foreign Commerce. [Conference]. | | Sept. 17, 1970. Sept. 26, 1970. |
| 91-591 | Dec. 28 | 1688 | H.R. 19402 | 91-1744 91-1615 | 91-1440 | Commerce. [Conference]. Agriculture. | Aug. 12, Dec. 10, 1970. | Nov. 23, Dec. 10, 1970. |
| 91-592 | Dec. 28 | 1688 | S.J. Res. 226 | | 91-1213 | Agriculture and Forestry. Judiciary. | Dec. 7, 1970. | Dec. 17, 1970. |
| 91-593 | Dec. 28 | 1689 | S.J. Res. 74 | | 91-1207 | Judiciary. | Dec. 10, 1970. | Sept. 23, Dec. 16, 1970. |
| 91-594 | Dec. 28 | 1689 | S.J. Res. 172 | | 91-708 | Judiciary. | Dec. 10, 1970. | May 28, 1970. Sept. 23, Dec. 16, 1970. |
| 91-595 | Dec. 28 | 1689 | S.J. Res. 187 | | 91-1209 | Judiciary. | Dec. 10, 1970. | Feb. 17, 1970. Sept. 23, Dec. 16, 1970. |
| 91-596 | Dec. 29 | 1690 | S. 2193 (H.R. 16785). | 91-1291 91-1785 | 91-1382 | Labor and Public Welfare. | Dec. 10, 1970. | Sept. 23, 1970. Dec. 15, 1970. |
| 91-597 91-598 | Dec. 29 Dec. 29 | 1620 1686 | H.R. 18888. H.R. 19333 (S.2849). | 91-1788 91-1813 | 91-1318 | Education and Labor. [Conference]. Agriculture. Interstate and Foreign Commerce. [Conference]. Banking and Currency. [Conference]. | Nov. 23, 24, 1970. Dec. 11, 1970. | Oct. 13, Nov. 16, 17, Dec. 16, 1970. Dec. 14, 1970. |
| 91-599 | Dec. 30 | 1687 | H.R. 18306 | 91-1788 91-1792 | 91-1241 | Banking and Currency. Foreign Relations. | Dec. 1, 21, 1970. | Dec. 10, 22, 1970. |
| 91-600 91-601 | Dec. 30 Dec. 30 | 1690 1870 | S. 8318 (H.R. 19833). S. 2162. | 91-1689 91-1642 | 91-1162 91-845 | Labor and Public Welfare. Commerce. | Sept. 14, Dec. 22, 1970. Dec. 7, 1970. Dec. 7, 16, 1970. | Nov. 24, Dec. 4, 9-11, 21, 22, 1970. Sept. 18, 21, 1970. May 11, Dec. 16, 1970. |
| 91-602 91-603 | Dec. 31 Dec. 31 | H.J. Res. 1417. H.R. 16549. | H.R. 16549. | 91-1404 | 91-1424 | Interstate and Foreign Commerce. [Conference]. Merchant Marine and Fisheries. | Dec. 15, 1970. | Dec. 16, 1970. |
| 91-604 | Dec. 31 | 1676 | H.R. 17285 (S. 4385). | 91-1146 | 91-1196 | Interstate and Foreign Commerce. [Conference]. Commerce. | Sept. 14, Dec. 16, June 10, Dec. 18, 1970. | Dec. 11, 1970. |
| 91-605 | Dec. 31 | 1713 | H.R. 19304 (S. 4416). | 91-1783 91-1584 91-1780 | 91-1284 | Public Works. [Conference]. Public Works. [Conference]. | Nov. 24, 25, Dec. 7, 18, 1970. | Sept. 21, 22, Dec. 18, 1970. Dec. 7, 19, 1970. |

2296

## GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW—Continued

NOTE.—Companion bills are in parentheses.

The column "Report No. and Committee reporting" is divided into House and Senate. The column "Dates of consideration and passage: Congressional Record, Vol. 115 (1969); Vol. 116 (1970)" is divided into House and Senate.

| Public Law No. | Date approved | 84 Stat. | Bill No. | Report No. — House | Committee reporting — House | Report No. — Senate | Committee reporting — Senate | Dates — House | Dates — Senate |
|---|---|---|---|---|---|---|---|---|---|
| 91–606 | Dec. 31 1970 | 1744 | S. 3619 | 91–1534, 91–1752 | Public Works. [Conference] | 91–1157 | Public Works | Oct. 5, Dec. 17, 1970. | Sept. 9, Dec. 18, 1970. |
| 91–607 | Dec. 31 | 1760 | H.R. 6778 | 91–581, 91–1747 | Banking and Currency. [Conference] | 91–1094 | Banking and Currency | Nov. 4, 5, 1969; Dec. 16, 1970. | Sept. 10, Dec. 18, 1970. |
| 91–608 | Dec. 31 | 1769 | H.R. 995 | 91–1097 | Public Works. | 91–1497 | Public Works | Dec. 10, 1970. | Dec. 19, 1970. |
| 91–609 | Dec. 31 | 1770 | H.R. 19436 | 91–1558 | Banking and Currency. | 91–1216 | Banking and Currency | Dec. 3, 19, 1970. | Sept. 23, Dec. 18, 1970. |
| 91–610 | Dec. 31 | 1817 | (S. 4388). H.R. 19461 | 91–1784, 91–1060 | Education and Labor. [Conference] | 91–1433 | Labor and Public Welfare. | Dec. 7, 1970. | Dec. 17, 1970. |
| 91–611 | Dec. 31 | 1818 | H.R. 19877 | 91–1665, 91–1782 | Public Works. [Conference] | 91–1432 | Public Works | Dec. 7, 18, 1970. | Dec. 9, 19, 1970. |
| 91–612 | Dec. 31 | 1835 | (S. 4520). H.R. 6114 | 91–1550, 91–1102 | Judiciary. [Conference] | 91–1295 | Judiciary | Oct. 6, Dec. 17, 1970. | Oct. 12, Dec. 17, 1970. |
| 91–613 | Dec. 31 | 1835 | H.R. 8040 | 91–1078 | Ways and Means. | 91–1465 | Finance. | June 22, 1970. | Dec. 18, 1970. |
| 91–614 | Dec. 31 | 1836 | H.R. 16199 | 91–1103, 91–1663 | Ways and Means. [Conference] | 91–1444 | Finance. | May 19, Dec. 31, 1970. | Dec. 28, 31, 1970. |
| 91–615 | Dec. 31 | 1847 | H.R. 9183 | 91–1112 | Ways and Means. | 91–1487 | Finance. | June 22, 1970. | Dec. 18, 1970. |
| 91–616 | Dec. 31 | 1848 | S. 3336 (H.R. 18874). | 91–1113 | Interstate and Foreign Commerce. | 91–1069 | Labor and Public Welfare. | Dec. 18, 1970. | Aug. 10, Dec. 10, 1970. |
| 91–617 | Dec. 31 | 1855 | H.R. 15979. | 91–1134 | Ways and Means. | 91–1469 | Finance. | July 6, 1970. | Dec. 18, 1970. |
| 91–618 | Dec. 31 | 1855 | H.R. 16508. | | Ways and Means. | 91–1470 | Finance. | June 24, 1970. | Dec. 18, 1970. |
| 91–619 | Dec. 31 | 1856 | H.R. 17867. | 91–1745, 91–1800 | Appropriations. [Conference] | 91–1370 | Appropriations. | June 24, Dec. 15, 16, 29, 31, 1970. | Nov. 30, Dec. 30, 1970. |
| 91–620 | Dec. 31 | 1862 | H.R. 11547. | 91–1249 | Agriculture. | 91–1441 | Agriculture and Forestry. | Dec. 9, 1970. | Dec. 19, 1970. |
| 91–621 | Dec. 31 | 1863 | H.R. 212. | 91–1633 | Merchant Marine and Fisheries. | | | Dec. 7, 1970. | Dec. 21, 1970. |
| 91–622 | Dec. 31 | 1867 | S.J. Res. 173 (H.J. Res. 1146). | 91–1525 | Foreign Affairs. | 91–984 | Foreign Relations. | Dec. 21, 1970. | July 10, 1970. |
| 91–623 | Dec. 31 | 1888 | S. 4106 (H.R. 19800). | 91–1602 | Interstate and Foreign Commerce. | 91–1194 | Labor and Public Welfare. | Dec. 18, 1970. | Sept. 21, Dec. 21, 1970. |
| 91–624 | Dec. 31 | 1871 | H.R. 17730. | 91–1669 | Interstate and Foreign Commerce. | 91–1607 | Public Works. | Dec. 7, 1970. | Dec. 19, 1970. |

GUIDE TO LEGISLATIVE HISTORY OF BILLS ENACTED INTO PUBLIC LAW—Continued

Note: Companion bills are in parentheses

| Public Law No. | Date approved | 94 Stat. | Bill No. | Report No. and Committee reporting — House | Report No. and Committee reporting — Senate | Dates of consideration and passage, Congressional Record, Vol. 115 (1969); Vol. 116 (1970) — House | Senate |
|---|---|---|---|---|---|---|---|
| | 1971 | | | | | | |
| 91-652 | Jan. 5 | 1942 | H.R. 19911 | 91-1673 Foreign Affairs [Conference] | 91-1437 Foreign Relations | Dec. 9, 22, 1970. | Dec. 15, 16, 22, 1970. |
| 91-653 | Jan. 5 | 1943 | H.R. 18957 | 91-1791 Public Works | 91-1474 Finance | Dec. 10, 1970. | Dec. 22, 1970. |
| 91-654 | Jan. 5 | 1944 | H.R. 18745 | 91-1707; 91-1138 | | June 22, Dec. 22, 1970. | Dec. 18, 1970. |
| 91-655 | Jan. 5 | 1945 | H.R. 7311 | 91-163 Ways and Means | 91-1478 Finance | May 13, 1969; Dec. 22, 1970. | Dec. 18, 1970. |
| 91-656 | Jan. 8 | 1946 | H.R. 13000 | 91-480 Post Office and Civil Service [Conference] | 91-682 Post Office and Civil Service | Oct. 14, 1969; Dec. 31, 1970. | Dec. 12, 1969; Dec. 30, 1970. |
| 91-657 | Jan. 8 | 1955 | S. 1626 | 91-1685, 91-1721, 91-1703 [Conference] District of Columbia [Conference] | 91-626 District of Columbia | Dec. 14, 29, 1970. | Dec. 22, 1969; Dec. 29, 1970. |
| 91-658 | Jan. 8 | 1981 | S. 437 | 91-1469 Post Office and Civil Service [Conference] | 91-1092 Post Office and Civil Service | Dec. 7, 1970. | Sept. 10, Dec. 22, 1970. |
| 91-659 | Jan. 8 | 1964 | H.R. 10517 | 91-1157 Ways and Means | 91-1468 Finance | July 6, Dec. 22, 1970. | Dec. 10, 1970. |
| 91-660 | Jan. 8 | 1967 | H.R. 10874 | 91-1397 Interior and Insular Affairs | 91-1514 Interior and Insular Affairs | Sept. 10, Dec. 29, 1970. | Dec. 28, 1970. |
| 91-661 | Jan. 8 | 1970 | H.R. 10452 | 91-1552 Interior and Insular Affairs | 91-1513 Interior and Insular Affairs | Oct. 5, Dec. 29, 1970. | Dec. 22, 1970. |
| 91-662 | Jan. 8 | 1973 | H.R. 4605 | 91-1105 Ways and Means | 91-1472 Finance | June 22, Dec. 22, 1970. | Dec. 18, 1970. |
| 91-663 | Jan. 8 | 1975 | H.R. 19933 (S. 4695) | 91-1770 Interstate and Foreign Commerce | 91-1510 Commerce | Dec. 22, 1970. | Dec. 30, 1970. |
| 91-664 | Jan. 8 | 1978 | H.R. 19342 | 91-1853 Interior and Insular Affairs | 91-1512 Interior and Insular Affairs | Oct. 5, 1970. | Dec. 22, 1970. |
| 91-665 | Jan. 8 | 1981 | H.R. 19928 | 91-1688, 91-1794 [Conference] Appropriations [Conference] | 91-1430 Appropriations | Dec. 10, 22, 1970. | Dec. 14, 28, 1970. |
| 91-666 | Jan. 11 | 1998 | H.R. 370 | 91-1164 Veterans' Affairs | 91-1238 Labor and Public Welfare | June 15, Dec. 29, 1970. | Sept. 25, Dec. 31, 1970; Nov. 18-20, 1970. |
| 91-667 | Jan. 11 | 2001 | H.R. 18315 | 91-1310, 91-1729 Appropriations [Conference] | 91-1335 Appropriations | July 21-23, 1970. | |
| 91-668 | Jan. 11 | 2020 | H.R. 19590 | 91-1670 [Conference]; 91-1768, 91-1799 [Conference] Appropriations [Conference] | 91-1392 Appropriations | Dec. 15, 1970; Oct. 8, Dec. 16, 29, 1970. | Dec. 30, Dec. 8, 28, 29, 1970. |

2299

| Date | No. | Cal. | Bill | Committee | No. | Committee | No. | Date |
|---|---|---|---|---|---|---|---|---|
| Jan. 8 | 91-665 | 1978 | H.R. 19342. | Commerce and Foreign Commerce, Interior and Insular Affairs. | 91-1583 | Commerce | 91-1510 | 22, 1970. Dec. 22, 1970. |
| Jan. 8 | 91-666 | 1981 | H.R. 19342. | Appropriations. | 91-1688 | Interior and Insular Affairs | 91-1512 | Oct. 5, 1970. |
| Jan. 11 | 91-667 | 1998 | H.R. 870. | Veterans' Affairs. | 91-1794 | Appropriations | 91-1430 | Dec. 10, 22, 1970. |
| Jan. 11 | 91-668 | 2001 | H.R. 18513. | Appropriations [Conference] | 91-1164 | Labor and Public Welfare. | 91-1238 | June 15, Dec. 31, 1970. |
| Jan. 11 | | 2020 | H.R. 19890. | Appropriations [Conference] | 91-1310 | Appropriations. | 91-1335 | Sept. 25, Dec. 31, 1970. Nov. 18-20, 1970. |
| | | | | | 91-1729 | Appropriations. | 91-1392 | July 21-23, 1970. Dec. 1-11, 1970. |
| | | | | | 91-1670 | | | Oct. 8, Dec. 16, 29, 1970. |
| | | | | | 91-1759, 91-1799 | | | |
| Jan. 11 | 91-669 | 2038 | H.R. 19915, S. 1181 (H.R. 18884.) | Ways and Means [Conference] | 91-1716 | Agriculture and Forestry. | 91-410 | Dec. 22, 1970. Nov. 30, Dec. 28, 1970. |
| Jan. 11 | 91-670 | 2040 | | Agriculture. | 91-1480 | | | |
| | | | | Agriculture. | 91-1790 | | | |
| Jan. 11 | 91-671 | 2048 | H.R. 18582 (S. 2647). | Agriculture. | 91-1402 | Agriculture and Forestry. | 91-292 | Dec. 16, 30, 1970 |
| | | | | | 91-1674 | | | |
| Jan. 12 | 91-672 | 2058 | H.R. 16628. | Foreign Affairs [Conference] | 91-989 | Foreign Relations. | 91-865 | Mar. 24, July 9, Dec. 31, 1970. |
| | | | | | 91-1805 | | | |
| Jan. 12 | 91-673 | 2056 | H.R. 6562, 7628, 17094. | Ways and Means. | 91-1748 | Finance. | 91-1522 | Dec. 22, 1970 |
| Jan. 12 | 91-674 | 2058 | | Ways and Means. | 91-1674 | Finance. | 91-1523 | Dec. 22, 1970 |
| Jan. 12 | 91-675 | 2059 | | Ways and Means. | 91-1694 | Finance. | 91-1642 | Dec. 22, 1970 |
| Jan. 12 | 91-676 | 2060 | H.R. 17088, 18693. | Ways and Means. | 91-1742 | Finance. | 91-1626 | Jan. 2, 1971. |
| Jan. 12 | 91-677 | 2061 | | Ways and Means. | 91-1788 | Finance. | 91-1644 | Dec. 22, 1970. |
| Jan. 12 | 91-678 | 2062 | H.R. 17608, 17774, 19342. | Ways and Means. | 91-1693 | Finance. | 91-1625 | Dec. 22, 1970. |
| Jan. 12 | 91-679 | 2063 | | Ways and Means. | 91-1734 | Finance. | 91-1637 | Jan. 2, 1971. |
| Jan. 12 | 91-680 | 2064 | | Ways and Means. | 91-1737 | Finance. | 91-1629 | Dec. 22, 1970. |
| Jan. 12 | 91-681 | 2065 | H.R. 19986, 18728. | Ways and Means. | 91-1762 | Finance. | 91-1345 | Dec. 22, 1970. |
| Jan. 12 | 91-682 | 2066 | | Armed Services. | 91-838 | Armed Services. | 91-1349 | Jan. 2, 1971. |
| Jan. 12 | 91-683 | 2067 | H.R. 19627, 18549, 19361, 19760, 19809, 19881. | Ways and Means. | 91-1735 | Foreign Relations | 91-1391 | Dec. 22, 1970. |
| Jan. 12 | 91-684 | 2068 | | Ways and Means. | 91-1739 | Finance. | 91-1638 | Mar. 28, 1970. |
| Jan. 12 | 91-685 | 2069 | | Ways and Means. | 91-1727 | Finance. | 91-1527 | Dec. 31, 1970. |
| Jan. 12 | 91-686 | 2070 | | Ways and Means. | 91-1696 | Finance. | 91-1631 | Dec. 31, 1970. |
| Jan. 12 | 91-687 | 2071 | | Ways and Means. | 91-1695 | Finance. | 91-1638 | Dec. 22, 1970. |
| Jan. 12 | 91-688 | 2072 | | Ways and Means. | 91-1779 | Finance. | 91-1630 | Dec. 22, 1970. |
| | | | | | | Finance. | 91-1540 | Dec. 22, 1970. |
| Jan. 12 | 91-689 | 2073 | H.R. 19870, 19470, 17917. | Ways and Means. | 91-1675 | Finance. | 91-1536 | Dec. 22, 1970. |
| Jan. 12 | 91-690 | 2074 | | Ways and Means. | 91-1676 | Finance. | 91-1641 | Jan. 2, 1971. |
| Jan. 12 | 91-691 | 2074 | | Ways and Means. | 91-1743 | | | Dec. 22, 1970. |
| Jan. 12 | 91-692 | 2075 | H.R. 17088. | Ways and Means. | 91-1182 | Finance. | 91-1475 | July 6, Dec. 22, 1970. |
| Jan. 12 | 91-693 | 2077 | H.R. 19592, 19687, 19172. | Ways and Means. | 91-1778 | Finance. | 91-1533 | Dec. 18, 31, 1970. |
| Jan. 12 | 91-694 | 2077 | | Ways and Means. | 91-1641 | Finance. | 91-1634 | Dec. 31, 1970. |
| Jan. 13 | 91-695 | 2078 | | Banking and Currency [Conference] | 91-1463, 91-1802 | Labor and Public Welfare. | 91-1432 | Oct. 5, Dec. 20, 31, 1970. |

# DECLARATION OF NATIONALITY

Washitaw Nation of Muurs _____ ) On the Soil
                                       )
Republic of Illinois     _____  ) ss.
                                       )
County of Cook           _____  )

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled that any declaration instruction, order or decision of any offenses of this government which denies, restricts impairs or questions the right of expatriation is hereby declared inconsistent with the fundamental principles of this government. United States at Large. Vol. 15 Ch. 249. Pg. 223 of the Fortieth Congress.



Doc#: 1008228036 Fee: $44.00
Eugene "Gene" Moore
Cook County Recorder of Deeds
Date: 03/23/2010 12:47 PM Pg: 1 of 5

SPACE

## RECORDING REQUESTED BY:

**Arturio Semone Austin-El**

**WHEN RECORDED MAIL TO:**

Name and Address:   [In Care Of: Arturio Semone Austin-El]
Mailing Location:   [In Care Of: U. S. P. O. Postmaster]
                    [In Care Of: U. S. Post Office Box 428426]
City:               Evergreen Park
State:              Illinois
                    **Non-Domestic Non-Federal zone**
                    [Washitaw de Dugdyahmoundyah]
                    [Via: u.s.A. postal zone 60805]

# DECLARATION OF NATIONALITY
# WASHITAW NATION OF MUURS

### EQUALITY UNDER THE LAW IS PARAMOUNT AND MANDATORY BY LAW AND REQUIRED

**For The Record, On The Record and Let the Record Show, THAT I, Arturio Semone Austin-El, declare that I am a free and sovereign individual of this land of the ancient mound builders, known by its indigenous name Empire Washitaw de Dugdyahmoundyah. I willingly and knowingly exercise my right to a nationality as a member of the indigenous Emperial Washitaw Nation of Muurs of the Empire Washitaw de Dugdyahmoundyah. I further reserve all of the fundamental freedoms and God-given rights of every Real live human being upon this earth. Any and all, past and present political affiliations implied by operation of law or otherwise with foreign entities are hereby, now and forever, dissolved and revoked. Signed and witness this 26th day of February, in the year 2010. Signature: _Maryann el Siad -El_**
_pOA For Arturio Semone Austin -El_

**B-1
EXHIBIT**

Page 1 of 5

# DECLARATION OF NATIONALITY

**THE CONSTITUTION . . . for the United States of America, Amendment IX**

> **"The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people."**

**THE CONSTITUTION . . . for the United States of America, Amendment X**

> **"The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."**

**THE WASHITAW NATION OF MUURS** received said **Land Grant [U.S. #923]** under the former **Spanish/Moorish Sovereign** in 1797. The **Supreme Court's** construction and application of the **Property Clause** [Article IV, section3, clause 2] of the Organic **Constitution for the United States of America (1789)**, confer upon Congress the Power to dispose of, and make rule and regulations for, property belonging to the **United States** [49 L Ed 1239, see 63-C Am Jur 2d. Public Land at section 40].

> **"No public policy of a state can be allowed to override the positive guarantees of the U.S. Constitution"** [Article IV, section 4; Article VI sections 3 & 4. See 16 Am Jur 2d. <u>Constitution Law</u>, at section 70].

I, **Arturio Semone Austin-El**, do hereby solemnly declare that I: 1) A Living Soul, is competent for stating the matters set forth herewith; 2) A Living Soul, have personal knowledge about the facts stated herein; and 3) Everything stated in this TRUTH AFFIDAVIT is the Truth, the whole Truth, and nothing but the Truth; and all stated is true, correct, complete and not misleading, for the best of one's knowledge. NO THIRD PARTIES ALLOWED.

I, **Arturio Semone Austin-El**, am NOT a member of, citizen of, franchisee of, or resident [agent] of **the corporate "State of Illinois"** or the federal United States. I am **NOT** effectively connected with a trade or business in the corporate United States government, whether federal, State, County or Municipal. I am **NOT** a "resident citizen;" but rather, I am a National of the several States domiciled in the **sovereign Illinois Republic, an American National of the United states of America.** <u>I am domiciled in a foreign jurisdiction</u> to both the corporate state and federal government. I have NOT knowingly or willingly waived ANY of my **UNALIENABLE RIGHTS.**

I, **Arturio Semone Austin-El**, am a natural born member of the **Indigenous Washitaw Nation of Muurs** [U.N. Indigenous Nation #215/93 and United States Land Grant #923/1797].

I, **Arturio Semone Austin-El**, Member of the **Moorish Science Temple of America (MSTA); Reincarnate Temple #1 of Chicago**, acting under the authority vested in me by the Constitution for the United States of America, particularly under Amendments 1 and 5, and By-Laws of the **Moorish Science Temple of America**, including certain U.N. and U.S. statues, do proclaim as follows:

    A. I, **Arturio Semone Austin-El**, hereby declare and Pledge an oath of allegiance to the **Sovereign Empire Washitaw de Dugdyahmoundyah (Washitaw Nation of Muurs)** in the Person Of Her Royal **Highness The Great Empress, Verdiacee "Tiara" Washitaw-Tunica Goston El-Bey**, Pursuant to the "Sacred Covenant" of Amurru in the strict convention of Affirmation; and

# DECLARATION OF NATIONALITY

B. 1.) I, **Arturio Semone Austin-El,** hereby expatriate and renounce any implied Fourteenth Amendment corporate citizenship; and I, **Arturio Semone Austin-El,** repatriate and affirm My **Washitaw Indigenous American National, Illinois Republic state citizenship;** now therefore, 2.) I, Arturio Semone Austin-El, hereby declare My loyalty to the **Empress Verdiacee "Tiara" Washitaw-Tunica Goston El-Bey and the Amurru Washitaw de Dugdyahmoundyah.**

I, Arturio Semone Austin-El, am a natural born National of the **Indigenous Washitaw Nation of Muurs [U.N. Indigenous Nation #215/93 and U.S. Land Grant #923/1797-1802].** Also, I am a "Non-Resident Alien with respect to the corporate state and the United States, and I am in compliance with the provisions of **8 U.S.C.1452(b)(1)(2)** and **PL 99-396,16(e).** I am not a 14th Amendment citizen. **The 14th Amendment** created a second class citizenship, a corporate person, for the **District of Columbia.** The new class of citizens were assured "civil rights" but were not guaranteed the **"unalienable Rights"** reserved for the sovereign National of the Republic.

**DECLARANT,** Arturio Semone Austin-El, states that the facts contained herein are true, correct, complete, and not misleading, to the Declarant personal knowledge and belief under penalty of perjury, pursuant to International Law and the Organic United States Constitution. Any and All Respondents are reminded of their **Oath of Performance,** which are secured by Official Bond or surety via the **Office Risk Management;** and therefore, Respondents are reminded of their Constitutional duty to take appropriate action as referenced at U.C.C. 3-307, 505, at U.C.C. 4-402 and U.C.C. 9-601 through 607, and applicable to Administrative Procedure [5 USCA §§ 551-581].

**WHEREAS: I,** Arturio Semone Austin-El, Am the Secured Party with security interests in the name and property of ARTURIO SEMONE AUSTIN-EL™©. I am the Holder-in-due-Course of all assets in the name ARTURIO SEMONE AUSTIN-EL™©. I am an Article IV Citizen of the **Continental United States of America,** domicile in the **Illinois Republic** state and residing with the Washitaw Nation of Muurs: An Article VI Citizen, **Empire Washitaw De Dugdyahmoundyah.**

**WHEREAS: I, Arturio Semone Austin-El, Am NOT:** a man-made created entity; a corporation; a franchise; a subject of Britain, a British Commonwealth, the British Isles, the United Kingdom or the Holy See; a citizen of England, a citizen of the UNITED STATES, a 14th Amendment citizen subject to the jurisdiction of the United States, a citizen of America; a resident, citizen or subject of any earthly territory, Kingdom, or land.

**WHEREAS: I,** Arturio Semone Austin-El, Am: a child of the **Creative Force, Elohim,** who created everything that is, was, or shall ever be; an heir of **the Great Mother, Elohim;** and therefore, **My Nationality is on the Soil.** While a Sojourner on this earth, I exist on the land commonly known as **Illinois,** a Republic where the land will forever belong to the people, being established by the Spanish/Moorish Land Grant. **My Mother, Elohim, who created all land and owns all land is Sovereign, and so I Am Sovereign.**

**WHEREAS: I,** Arturio Semone Austin-El, Am a real-live, flesh and blood, living, breathing soil; proving that I Am NOT a Corporate Fiction and that I DO NOT belong in the Courts of the Corporate Fictions. The entities named below are corporations and I hereby negatively aver their existence:

**CITY OF CHICAGO, COUNTY OF COOK; STATE OF ILLINOIS, NORTHERN JUDICIAL DISTRICT OF ILLINOIS, WASHINGTON, DC; UNITED STATES FEDERAL CORPORATION, UNITED STATES, US, USA; UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS, UNITED STATES DISTRICT**

# DECLARATION OF NATIONALITY

## COURT SOUTHERN DISTRICT OF ILLINOIS , UNITED STATES DISTRICT COURT EASTERN DISTRICT OF ILLINOIS , AND ALL BRITISH BAR ASSOCIATES AND ATTORNEYS/LAWYERS/COUNSELOR, ESQUIRES/JUDGES.

**WHEREAS: I, Arturio Semone Austin-El,** Am NOT in affirmation; but rather, I DENY the existence for the above **CORPORATIONS and FICTIONS,** and all departments/branches, divisions/subsidiaries of the above corporations/fictions and all other limited liability fictional entities. **FURTHERMORE,** I OBJECT [and do not ratify] the use of the ALL **CAPITAL NAME.** **The ALL CAP NAME is the fictitious person "doing business as."** When anyone is "doing business as" he is entering into contracts. The ALL CAP NAME is prima facie evidence that one is doing business with the STATE.

**WHEREAS: I, Arturio Semone Austin-El,** I Am not an "accommodation Party" to the federal debt; I am not a debtor. I am not a subject of or to the corporate federal government, nor am I a subject o f or to its subsidiary: the corporate state government of ILLINOIS. I am a non-resident alien with respect to both the Federal **UNITED STATES and ILLINOIS.**

**WHEREAS: I, Arturio Semone Austin-El,** am a private Indigenous Washitaw Muur and Citizen of the **Illinois Republic,** I retain my Nationality and **Dual Citizenship** Protected by common law, pursuant to U.C.C. 1-103, 1-207 and 1-308. The organic **U.S. Constitution and Bill of Rights.**

**WHEREAS: I, Arturio Semone Austin-El, This Declaration** serves to reserve my common law and " **unalienable Rights"** pursuant to **1776 American Declaration of Independence** under U.C.C. 1-207.4 "without prejudice" This Declaration serves as Legal Notice to all Administrative and Article I Judicial Agencies, Principals and Agents, that I, **Arturio Semone Austin-El,** do not, and will not, accept the liability associated with the compelled benefit of any unrevealed contract, commercial agreement or bankruptcy.

**WHEREAS: I, Arturio Semone Austin-El,** am also declaring *"sui juris"* status in connection with both my property and name. If ANY agency of the government disputes the above declaration of *"sui juris"* in connection with the *"name"* SWORN AN OATH and sealed in this affidavit, I demand a certified copy **with my signed authorization of all documents or contracts being *"held-in-due-course",* pursuant to UCC 3-305.2, UCC 3-305.52 and UCC 3-505,** that create Any legal disability to the claimed *"sui juris"* status and *"alieni juris"* relating to my *"name".* [One's *"name"* is one's property, and for one's *"name"* to enjoy *"sui juris"* status that *"name"* must be free of legal disability resulting from a contract or commercial agreement, which is being *"held-in-due-course"* by a fellow Citizen or by any agency of the federal, state, county or Municipal government

**WHEREAS: I, Arturio Semone Austin-El,** do hereby certify and declare that I am a National of the **Empire Washitaw de Dugdahmoundyah.** I am a *"natural born National".* I am NOT subject to the statutory, colorable law jurisdiction of the federal *United States* in the corporate monopoly of the federal, state, local and municipal governments. **I, Arturio Semone Austin-El,** am **NOT a federal, corporate United States citizen of the District of Columbia. I am domiciled in the sovereign Republic State of Illinois.** I have NOT voluntarily or intentionally waived, with ANY *"knowingly intelligent acts"* ANY of my unalienable rights, and have utterly **NO** intention of doing so in the future.

**U.S. Land Grant No. 923 [Certificate: June 14, 1797; Plan No. 1516; Register No. 3, April 12, 1802]**
**A CESTUI QUE TRUST–INDENTURE AGREEMENT BETWEEN SOVEREIGN PRIVATE PARTIES**

1) The Marquis de Maison Rouge/The Baron Bastrop "Spanish/Moorish" Land Grant #923; 2) The Fontainebleau Treaty of San II-defonzo I [November 3, 1762: via The Louisiana Dauphin and heir to the de Bourbon (Delaware-Muur) Washitaw-Texica estate, muur pro tem (1682-1713)]; 3) Treaty of Utrecht: France, April 11, 1713; and Spain, December 9, 1713; 4) The De Bourbon Compact, August 15, 1761; and Treaty of San Lorenzo, November 17, 1762; 5) King George III: The British Royal Proclamation [October 7, 1763: via The British Quebec Act of 1774; and the u.s.A. Northwest Ordinance [1 Stat. 50, July 13, 1787]. In regards to Spanish/Moorish Louisiana: 6) Treaties for the Cession of Louisiana [April 13, 1803, and April 30, 1803; and U.S. Congressional Acts 1817, February 10: Act #253; 1820, December 12: Act #325; 1821, January 22: Act #329]; 7) U.S. Supreme Court Judicial Affirmation [Nos. 31 & 191, June 19 & 20, 1843] of the de Bourbon Texica/Turner estate [Indigenous Land Claim, U.S. Grant No. 923]; 8) The Charter of 1945: United Nations, Article 73 through 85, via Office of Special Trustee, 1994, Bureau of Indian Affairs, 1824, U.S. Department of the Interior. The corpus of the Trust/Grant is perpetual with the duration of the United States of America; and Units of Beneficial Interest [UBI's] or Monetary Certificates are therefore issued to members of the Sovereign Washitaw Nation of Muurs via Certified Draft or Negotiable bill of Exchange, to Wit:

# DECLARATION OF NATIONALITY

**DIVINE WITNESSES OF GOD (The, SUPREME BEING) ; REAL LIVE FLESH AND BLOOD MAN/WOMAN**

I AM _Al-Sit imn ile El_
Divine Witness, Explicitly All Rights Reserved; Without Recourse:
Washitaw   Muurs

_El-Sefi inu il El · 26·Feb·2010_
Divine Name Print                    Date

I AM _Jeshu anh el Bey_
Divine Witness, Explicitly All Rights Reserved; Without Recourse:
Washitaw   Muurs

_Yeshua anir el bey - 26· Feb -2010_
Divine Name Print                    Date

I AM _Eva Beth El Bey_
Divine Witness, Explicitly All Rights Reserved; Without Recourse:
Washitaw   Muurs

_Eva Beth El Bey   26-Feb·2010_
Divine Name Print                    Date

## VERIFICATION UPON OATH OF AFFIRMATION

### JURAT DECLARATION

| | |
|---|---|
| Washitaw Nation of Muurs | ) On the Soil |
| | ) |
| State of Illinois | ) SS |
| | ) |
| Cook county | ) |

On this _26_ day of _February_ 2010, before me, the undersigned Notary Public in and for the State of Illinois, county of Cook, _Maysura El Sael El poa for_ Arturio Semone Austin-El, personally appeared and proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the above verification of the above DECLARATION OF NATIONALITY, WASHITAW NATION OF MUURS and acknowledged to me that he executed the same in his individual capacity, and that by his signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the verification.

SUBSCRIBED, SEALED AND AFFIRMED

To before me this _26_ day of the _2nd_

Month in the Year 2010.

_Cherron Marie Phillips_
Notary Public Signature

```
OFFICIAL SEAL
CHERRON MARIE PHILLIPS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/20/13
```

Date and Seal

See Uniform Foreign Acknowledgment Act [1914], Uniform Recognition of Acknowledgment Act [1969] and the Uniform Law on Notarial Act [1982].

## NOTICE

Using a notary on this document does not constitute any adhesion, nor does it alter my status in any manner. The purpose for notary is verification and identification only.

# CHAPTER 11—FOREIGN AGENTS AND PROPAGANDA

## SUBCHAPTER I—GENERALLY

Sec.
601. Repealed.

### SUBCHAPTER II—REGISTRATION OF FOREIGN PROPAGANDISTS

611. Definitions.
612. Registration statement.
613. Exemptions.
614. Filing and labeling of political propaganda.
615. Books and records.
616. Public examination of official records; transmittal of records and information.
617. Liability of officers.
618. Enforcement and penalties.
619. Territorial applicability of subchapter.
620. Rules and regulations.
621. Reports to Congress.

---

## WESTLAW COMPUTER ASSISTED LEGAL RESEARCH

Westlaw supplements your legal research in many ways. Westlaw allows you to

- update your research with the most current information

- expand your library with additional resources

- retrieve current, comprehensive history citing references to a case with KeyCite

For more information on using Westlaw to supplement your research, see the Westlaw Electronic Research Guide, which follows the Explanation.

---

## SUBCHAPTER I—GENERALLY

## § 601. Repealed. June 25, 1948, c. 645, § 21, 62 Stat. 862, eff. Sept. 1, 1948

### HISTORICAL AND STATUTORY NOTES

Section, Acts June 15, 1917, c. 30, Title III, § 3, 40 Stat 226; Mar. 28, 1940, c. 72, § 6, 54 Stat. 80, related to acting as a foreign agent without notice to Secretary of State, and is now covered by section 951 of Title 18, Crimes and Criminal Procedure.

75

COOK COUNTY

OCT 1 2 2010

LAW LIBRARY

C-1

EXHIBIT

## SUBCHAPTER II—REGISTRATION OF FOREIGN PROPAGANDISTS

### EXECUTIVE ORDERS

**EXECUTIVE ORDER NO. 9176**

May 29, 1942, 7 F.R. 4127

TRANSFER OF REGISTRATION FUNCTIONS FROM THE SECRETARY OF STATE TO THE ATTORNEY GENERAL

By virtue of the authority vested in me by Title I of the First War Powers Act, 1941, approved December 18, 1941 (Public Law No. 354, 77th Congress [section 601 et seq., of the Appendix to Title 50, War and National Defense]), and as President of the United States, it is hereby ordered as follows:

1. All functions, powers and duties of the Secretary of State under the act of June 8, 1938 (52 Stat. 631), as amended by the act of August 7, 1939 (53 Stat. 1244) [this subchapter], requiring the registration of agents of foreign principals, are hereby transferred to and vested in the Attorney General.

2. All property, books and records heretofore maintained by the Secretary of State with respect to his administration of said act of June 8, 1938, as amended, are hereby transferred to and vested in the Attorney General.

3. The Attorney General shall furnish to the Secretary of State for such comment, if any, as the Secretary of State may desire to make from the point of view of the foreign relations of the United States, one copy of each registration statement that is hereafter filed with the Attorney General in accordance with the provisions of this Executive order.

4. All rules, regulations and forms which have been issued by the Secretary of State pursuant to the provisions of said act of June 8, 1938, as amended, and which are in effect shall continue in effect until modified, superseded, revoked or repealed by the Attorney General.

5. This order shall become effective as of June 1, 1942.

### CROSS REFERENCES

"Lobbying contact" defined as in this section for purposes of Lobbying Disclosure Act of 1995, see 2 USCA § 1602.

## § 611. Definitions

As used in and for the purposes of this subchapter—

(a) The term "person" includes an individual, partnership, association, corporation, organization, or any other combination of individuals;

(b) The term "foreign principal" includes—

(1) a government of a foreign country and a foreign political party;

(2) a person outside of the United States, unless it is established that such person is an individual and a citizen of and domiciled within the United States, or that such person is not an individual and is organized under or created by the laws of the United States or of any State or other place

subject to the jurisdiction of the United States and has its principal place of business within the United States; and

(3) a partnership, association, corporation, organization, or other combination of persons organized under the laws of, or having its principal place of business in a foreign country.

(c) Expect[1] as provided in subsection (d) of this section, the term "agent of a foreign principal" means—

(1) any person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal, and who directly or through any other person—

(i) engages within the United States in political activities for or in the interests of such foreign principal;

(ii) acts within the United States as a public relations counsel, publicity agent, information-service employee or political consultant for or in the interests of such foreign principal;

(iii) within the United States solicits, collects, disburses, or dispenses contributions, loans, money, or other things of value for or in the interest of such foreign principal; or

(iv) within the United States represents the interests of such foreign principal before any agency or official of the Government of the United States; and

(2) any person who agrees, consents, assumes or purports to act as, or who is or holds himself out to be, whether or not pursuant to contractual relationship, an agent of a foreign principal as defined in clause (1) of this subsection.

(d) The term "agent of a foreign principal" does not include any news or press service or association organized under the laws of the United States or of any State or other place subject to the jurisdiction of the United States, or any newspaper, magazine, periodical, or other publication for which there is on file with the United States Postal Service information in compliance with section 3611[2] of Title 39, published in the United States, solely by virtue of any bona fide news or journalistic activities, including the solicitation or acceptance of advertisements, subscriptions, or other compensation therefor, so long as it is at least 80 per centum beneficially owned by, and its officers and

directors, if any, are citizens of the United States, and such news or press service or association, newspaper, magazine, periodical, or other publication, is not owned, directed, supervised, controlled, subsidized, or financed, and none of its policies are determined by any foreign principal defined in subsection (b) of this section, or by any agent of a foreign principal required to register under this subchapter;

(e) The term "government of a foreign country" includes any person or group of persons exercising sovereign de facto or de jure political jurisdiction over any country, other than the United States, or over any part of such country, and includes any subdivision of any such group and any group or agency to which such sovereign de facto or de jure authority or functions are directly or indirectly delegated. Such term shall include any faction or body of insurgents within a country assuming to exercise governmental authority whether such faction or body of insurgents has or has not been recognized by the United States;

(f) The term "foreign political party" includes any organization or any other combination of individuals in a country other than the United States, or any unit or branch thereof, having for an aim or purpose, or which is engaged in any activity devoted in whole or in part to, the establishment, administration, control, or acquisition of administration or control, of a government of a foreign country or a subdivision thereof, or the furtherance or influencing of the political or public interests, policies, or relations of a government of a foreign country or a subdivision thereof;

(g) The term "public-relations counsel" includes any person who engages directly or indirectly in informing, advising, or in any way representing a principal in any public relations matter pertaining to political or public interests, policies, or relations of such principal;

(h) The term "publicity agent" includes any person who engages directly or indirectly in the publication or dissemination of oral, visual, graphic, written, or pictorial information or matter of any kind, including publication by means of advertising, books, periodicals, newspapers, lectures, broadcasts, motion pictures, or otherwise;

(i) The term "information-service employee" includes any person who is engaged in furnishing, disseminating, or publishing accounts, descriptions, information, or data with respect to the political, industrial, employment, economic, social, cultural, or other benefits, advantages, facts, or conditions of any country other than the United States or of any government of a foreign country or of a foreign political party or of a partnership,

association, corporation, organization, or other combination of individuals organized under the laws of, or having its principal place of business in, a foreign country;

(j) Repealed. Pub.L. 104-65, § 9(1)(A), Dec. 19, 1995, 109 Stat. 699

(k) The term "registration statement" means the registration statement required to be filed with the Attorney General under section 612(a) of this title, and any supplements thereto required to be filed under section 612(b) of this title, and includes all documents and papers required to be filed therewith or amendatory thereof or supplemental thereto, whether attached thereto or incorporated therein by reference;

(l) The term "American republic" includes any of the states which were signatory to the Final Act of the Second Meeting of the Ministers of Foreign Affairs of the American Republics at Habana, Cuba, July 30, 1940;

(m) The term "United States", when used in a geographical sense, includes the several States, the District of Columbia, the Territories, the Canal Zone, the insular possessions, and all other places now or hereafter subject to the civil or military jurisdiction of the United States;

(n) The term "prints" means newspapers and periodicals, books, pamphlets, sheet music, visiting cards, address cards, printing proofs, engravings, photographs, pictures, drawings, plans, maps, patterns to be cut out, catalogs, prospectuses, advertisements, and printed, engraved, lithographed, or autographed notices of various kinds, and, in general, all impressions or reproductions obtained on paper or other material assimilable to paper, on parchment or on cardboard, by means of printing, engraving, lithography, autography, or any other easily recognizable mechanical process, with the exception of the copying press, stamps with movable or immovable type, and the typewriter;

(o) The term "political activities" means any activity that the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party;

(p) The term "political consultant" means any person who engages in informing or advising any other person with reference to the domestic or foreign policies of the United States or

the political or public interest, policies, or relations of a foreign country or of a foreign political party.

(June 8, 1938, c. 327, §1, 52 Stat. 631; Aug. 7, 1939, c. 521, §1, 53 Stat. 1244; Apr. 29, 1942, c. 263, §1, 56 Stat. 249; Proc. No. 2695, July 4, 1946, 11 F.R. 7517, 60 Stat. 1352; Sept. 23, 1950, c. 1024, Title I, §20(a), 64 Stat. 1005; Aug. 1, 1956, c. 849, §1, 70 Stat. 899; Oct. 4, 1961, Pub. L. 87-366, §1, 75 Stat. 784; July 4, 1966, Pub. L. 89-486, §1, 80 Stat. 244; Aug. 12, 1970, Pub. L. 91-375, §6(k), 84 Stat. 782; Dec. 19, 1995, Pub. L. 104-65, §9(1), 109 Stat. 699.)

¹ So in original. Probably should be "Except".

² So in original. Probably should be "section 3685".

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1950 Acts. House Report No. 2980 and Conference Report No. 312, see 1950 U.S.Code Cong. Service, p. 3886.

1956 Acts. Senate Report No. 2719, see 1956 U.S.Code Cong. and Adm.News, p. 4056.

1961 Acts. Senate Report No. 1061, see 1961 U.S.Code Cong. and Adm.News, p. 3218.

1966 Acts. House Report No. 1470 and Conference Report No. 1632, see 1966 U.S.Code Cong. and Adm.News, p. 2397.

1970 Acts. House Report No. 91–1104 and Conference Report No. 91–1363, see 1970 U.S.Code Cong. and Adm.News p. 3649.

1995 Acts. House Report No. 104-339, see 1995 U.S. Code Cong. and Adm. News, p. 644.

**References in Text**

For definition of Canal Zone, referred to in subsec. (m), see section 3602(b) of this title.

**Codifications**

Words "including the Philippine Islands," were deleted from the definition of the "United States" in subsection (m) pursuant to Proc. No. 2695, which granted independence to the Philippines under the authority of section 1394 of this title, under which section Proc. No. 2695 is set out as a note.

**Amendments**

1995 Amendments. Subsec. (l). Pub.L. 104-65, §9(1)(A), struck out subsec. (l), which defined the term "political propaganda".

Subsec. (o). Pub.L. 104-65, §9(1)(B), substituted "The term 'political activities'

means any activity that the person engaging in believes will, or that the person intends to, in any way influence ¹ agency or official of the Government" for "The term 'political activities' means the dissemination of political propaganda and any other activity which the person engaging therein believes will, or which he intends to, prevail upon, indoctrinate, convert, induce, persuade, or in any other way influence any agency or official of the Government".

Subsec. (o). Pub.L. 104-65, §9(1)(C), substituted a period for the semicolon.

Subsec. (q). Pub.L. 104-65, §9(1)(D), struck out subsec. (q), which declared operations in the U.S. shall not be deemed to serve predominantly a foreign interest because such activities also benefit the interests of such foreign person engaged in bona fide trade or commerce which is owned or controlled by, which owns or controls, such domestic person.

1970 Amendments. Subsec. (q). Pub.L. 91-375 substituted "file with the United States Postal Service information in compliance with section 3611 of title 39" for "file with the Postmaster General a sworn statement in compliance with section 2 of the Act of August 24, (37 Stat. 553), as amended".

1966 Amendments. Subsec. Pub.L. 89-486, §1(1), redesignated former pars. (3) and (4) as (2) and substituted in such par. (3) "combination of persons" for "combination of indi-

## §611  FOREIGN AGENTS AND PROPAGANDA

in foreign espionage systems with certain exceptions, and is now covered by sections 851 and 852 of Title 50, War and National Defense.

1950 Amendments. Subsec. (o)(5). Act Sept. 23, 1950 added par. (5).

1942 Amendments. Act Apr. 29, 1942 amended section generally to redefine terms used in this subchapter.

1939 Amendments. Act Aug. 7, 1939 amended section generally to redefine terms used in this subchapter.

**Effective and Applicability Provisions**

1995 Acts. Amendment by section 9(1) of Pub.L. 104-65 effective Jan. 1, 1996, except as otherwise provided, see section 24 of Pub.L. 104-65, set out as a note under section 1601 of Title 2, The Congress.

1970 Acts. Amendment by Pub.L. 91-375 effective within 1 year after Aug. 12, 1970, on date established therefor by the Board of Governors of the United States Postal Service and published by it in the Federal Register, see §15(a) of Pub.L. 91-375, set out as a note preceding section 101 of Title 39, Postal Service.

1966 Acts. Section 9 of Pub.L. 89-486 provided that: "This Act [which enacted sections 219 and 613 of Title 18, Crimes and Criminal Procedure, and amended sections 611 to 616 and 618 of this title] shall take effect ninety days after the date of its enactment [July 4, 1966]."

1942 Acts. Section 3 of Act Apr. 29, 1942 provided that: "This Act [this subchapter] shall take effect on the sixtieth day after the date of its approval, except that prior to such sixtieth day the Attorney General may make, prescribe, amend, and rescind such rules, regulations, and forms as may be necessary to carry out the provisions of this Act [this subchapter]."

1938 Acts. Section 7 of Act June 8, 1938 provided that this subchapter shall take effect on the ninetieth day after June 8, 1938.

**Transfer of Functions**

Section 2 of Act Apr. 29, 1942 provided that "Upon the effective date of this Act [see Effective Date of 1942 Amendment note set out under this section], all powers, duties, and functions of the Secretary of State under the Act of June 8, 1938 (52 Stat. 631), as amended [this subchapter], shall be transferred to and become vested

Subsec. (o). Pub.L. 89-486, §1(2), extended provisions generally to redefine "part of a foreign principal" by specifying four categories of activities creating an agency relationship where person acts as agent, employee, representative, or servant or at the order of, or under the control of, a foreign principal, by requiring a showing not only of foreign connections but also of certain activities performed by the agent for foreign interests, by making change as it relates to problem of imminent control exerted by foreign principals over their agents, by including political activities and actions as political activities, by excluding attorneys from the relationship, by incorporating provisions of former par. (3) in par. (2) where a person assumes or purports to act as an agent of a foreign principal, and by eliminating the separate category for military governmental officials contained in former par. (4).

Subsec. (d). Pub.L. 89-486, §1(3), struck out "clause (1), (2), or (4) of" preceding "subsection (b)".

Subsec. (e). Pub.L. 89-486, §1(4), inserted "public relations" preceding "and retaining to" and "or such principal" following "or relations".

Subsec. (c) to (g). Pub.L. 89-486, §1(5), added subsecs. (c) to (g).

(b)(6).

1961 Amendments. Subsec. Pub.L. 87-366 added par. (6).

1956 Amendments. Subsec. (o)(5). Act Aug. 1, 1956 repealed par. (5), which dealt within the definition of "agent of foreign principal" any person trained

22 § 611    FOREIGN RELATIONS    Ch. 11

In the Attorney General, together with all property, books, records, and unexpended balances of appropriations used by or available to the Secretary of State for carrying out the functions devolving on him under the above-cited Act [this subchapter]. All rules, regulations, and forms which have been issued by the Secretary of State pursuant to the provisions of said Act [this subchapter], and which are in effect, shall continue in effect until modified, superseded, revoked, or repealed."

**Separability of Provisions; Effect on Existing Law**

Sections 12 and 13 of Act June 8, 1938, as added by Act Apr. 29, 1942, § 1, provided that:

"Sec. 12. If any provision of this Act [enacting this subchapter], or the application thereof to any person or circumstances, is held invalid, the remainder of the Act [this subchapter], and the application of such provisions to other persons or circumstances, shall not be affected thereby."

"Sec. 13. This Act [enacting this subchapter] is in addition to and not in substitution for any other existing statute.

**Short Title**

1938 Acts. Section 14 of Act June 8, 1938, as added by Act Apr. 29, 1942, § 1, provided that: "This Act [enacting this subchapter] may be cited as the Foreign Agents Registration Act of 1938, as amended."

**Policy and Purpose of Subchapter**

Act Apr. 29, 1942, amending generally Act June 8, 1938, added an opening paragraph preceding § 1 of the latter Act and reading as follows: "It is hereby declared to be the policy and purpose of this Act [enacting this subchapter] to protect the national defense, internal security, and foreign relations of the United States by requiring public disclosure by persons engaging in propaganda activities and other activities for or on behalf of foreign governments, foreign political parties, and other foreign principals so that the Government and the people of the United States may be informed of the identity of such persons and may appraise their statements and actions in the light of their associations and activities."

## CROSS REFERENCES

Deportable aliens, see 8 USCA § 1227.
"Foreign entity" defined as in this section for purposes of Lobbying Disclosure Act of 1995, see 2 USCA § 1602.
Foreign principal for purposes of contributions by foreign nationals to federal elections, see 2 USCA § 441e.

## LAW REVIEW AND JOURNAL COMMENTARIES

America for sale: When well-connected former federal officials peddle their influence to the highest foreign bidder. Michael I. Spak, 78 Ky.L.J. 237 (1989-90).

Foreign Agents Registration Act: How open should the marketplace of ideas be? Note, 53 Mo.L.Rev. 795 (1988).

Political campaign contributions by foreign nationals in Florida elections. Donna M. Ballman, 65 Fla.B.J. 31 (March 1991).

Unconstitutional inhibitions: "Political propaganda" and the Foreign Agents Registration Act. Note, 33 N.Y.L.Sch.L.Rev. 345 (1988).

## LIBRARY REFERENCES

**American Digest System**
International Law ⊖=10,24.
Key Number System Topic No. 221.

**Corpus Juris Secundum**
CJS Aliens § 906, Registration.
CJS International Law § 42, Registration of Foreign Agents.

Ch. 11    FOREIGN AGENTS AND PROPAGANDA    22 § 611

## Research References

**ALR Library**
190 ALR, Fed. 155, Construction and Application of § 201 of Terrorism Risk Insurance Act of 2002, Public Law 107-297, § 201, 116 Stat. 2337.
158 ALR, Fed. 137, What Constitutes "Claim Arising in a Foreign Country" Under 28 U.S.C.A. § 2680(K), Excluding Such Claims from Federal Tort Claims Act.
67 ALR, Fed. 774, Requirement that Agent of Foreign Principal Register With United States Attorney General, Under Provisions of Foreign Agents Registration Act of 1938, as Amended (22 U.S.C.A. §§ 611 et seq.).
63 ALR, Fed. 674, Prohibition of Federal Agency's Keeping of Records on Methods of Individual Exercise of First Amendment Rights, Under Privacy Act of 1974 (5 U.S.C.A. § 552a(E)(7)).
56 ALR, Fed. 679, Effect of Foreign Sovereign Immunities Act (28 U.S.C.A. §§ 1330, 1441(D), 1602 et seq) on Right to Jury Trial in Action Against Foreign State.
56 ALR, Fed. 698, Effect on Federal Criminal Proceeding of Unavailability to Defendant of Alien Witness Through Deportation or Other Government Action.
59 ALR, Fed. 99, Exceptions to Jurisdictional Immunity of Foreign States and Their Property Under the Foreign Sovereign Immunities Act of 1976 (28 U.S.C.A §§ 1602 et seq.).
42 ALR, Fed. 577, United Nations Resolution as Judicially Enforceable in United States Domestic Courts.
24 ALR, Fed. 365, Construction and Application of 18 U.S.C.A. § 3238 Relating to Venue in Cases of Federal Criminal Offenses Committed Outside Jurisdiction of Any State or District.
13 ALR 4th 1109, Judgment of Court of Foreign Country as Entitled to Enforcement or Extraterritorial Effect in State Court.

**Encyclopedias**
3A Am. Jur. 2d Aliens and Citizens § 1162, Registration.
3B Am. Jur. 2d Aliens and Citizens § 1863, Generally.
3C Am. Jur. 2d Aliens and Citizens § 2625, Registration of Foreign Agents and Propaganda.
16 Am. Jur. 2d Constitutional Law § 143, Nature of Interest Required.
29A Am. Jur. 2d Evidence § 761, Requirement that Statement be Made by Party; Statements Made in Representative Capacity.
Am. Jur. 2d International Law § 11, Effect of Federal Constitution, Laws and Treaties.
Am. Jur. 2d Lobbying § 9, Foreign Agents Registration Act.

**Forms**
Federal Procedural Forms § 32:1, Scope of Division.
Federal Procedural Forms § 32:84, Scope of Division.
Federal Procedural Forms § 32:86, Overview.

**Treatises and Practice Aids**
Federal Procedure, Lawyers Edition § 33:409, Generally.
Federal Procedure, Lawyers Edition § 36:230, Overview.
Federal Procedure, Lawyers Edition § 45:1046, Registration.
Immigration Act of 1990 Today § 10.24, Security and Related Grounds.
Immigration Law and Business § 6:67, Unlawful Voting Ground.
Immigration Law and Crimes App A, Appendix A. Selected Statutes.
Restatement (Third) of Foreign Relations § 206, Capacities, Rights, and Duties of States.
Restatement (Third) of Foreign Relations § 461, Immunity of Foreign State from Jurisdiction to Prescribe.
Wright & Miller: Federal Prac. & Proc. § 5506, Other Exceptions.

## WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

### Notes of Decisions

Agency ⊜ 4
Constitutionally 1
Domestic organization 5
Intermediary for foreign principal 6
Partnership 7
Person acting at request of foreign prin-
   cipal 2
Political propaganda 9
Power of Congress 3
Purpose 2

### 1. Constitutionally

Use of phrase "political propaganda" in Foreign Agents Registration Act, to describe materials subject to Act, does not violate First Amendment rights of citizen desiring to show films so described, though description may be perceived as pejorative by public, where Act poses no obstacle to citizen's access to materials he wishes to exhibit, Act's definition of "political propaganda" is evenhanded and neutral, and there is no evidence insufficient to show that public's perceptions about word "propaganda" have actually had any adverse impact on distribution of foreign advocacy materials subject to statutory scheme. Meese v. Keene, U.S.Cal.1987, 107 S.Ct. 1862, 481 U.S. 465, 95 L.Ed.2d 415. Constitutional Law ⊜ 90.1(6); International Law ⊜ 10.24; War And National Emergency ⊜ 36

This subchapter as applied to unincorporated association, did not violate U.S.C.A. Const. Amend. 1, notwithstanding association's allegations that it was unjustifiably singled out for prosecution under this subchapter because of hostility to its beliefs and in an attempt to impede and deter it from freely exercising its rights under U.S.C.A. Const. Amend. 1. Attorney General of U. S. v. Irish Northern Aid Committee, S.D.N.Y.1981, 530 F.Supp. 241, affirmed 668 F.2d 159. Constitutional Law ⊜ 91

This subchapter is sufficiently definite to establish and formulate an ascertainable standard of guilt and is not unconstitutional as denying due process of law. Attorney General of U. S. v. Irish Northern Aid Committee, S.D.N.Y.1981, 530 F.Supp. 241, affirmed 668 F.2d 159. Constitu-

tional Law ⊜ 258(3.1); International Law ⊜ 10.24

### 2. Purpose

The purpose of this subchapter is identify agents of foreign principals who might engage in subversive acts or require them to make public record of the nature of their employment. Viereck U.S., U.S.Dist.Col.1943, 63 S.Ct. 561, 318 U.S. 236, 87 L.Ed. 734. International Law ⊜ 10.24

General purpose of this subchapter is to protect security and foreign relations of United States by requiring agents of foreign principals to identify themselves and disclose their activities. Attorney General of U. S. v. Irish Northern Aid Committee, S.D.N.Y.1981, 530 F.Supp. 241, affirmed 668 F.2d 159. International Law ⊜ 10.24

Purpose of this subchapter is to protect interests of the United States by requiring complete public disclosure by persons acting for or in interests of foreign principals where their activities are political in nature. Attorney General v. Irish Northern Aid Committee, S.D.N.Y.1972, 346 F.Supp. 1384, affirmed 465 F.2d 1405, certiorari denied 93 S.Ct. 679, 409 U.S. 1080, 34 L.Ed.2d 669. International Law ⊜ 10.24

The purpose of this subchapter is require all persons who are in the United States for political purposes and are to register and supply specified information concerning their activities, supporters and contracts in order to publicize nature of subversive or other similar activities of such foreign propaganda. U.S. v. Peace Information Center, D.C.D.C.1951, 97 F.Supp. 255. International Law ⊜ 10.24

This subchapter was designed to compel about disclosure of authorship and aim of that appearing in publications and other media of dissemination at instance of foreign governments or foreign political parties, as well as to prevent without of a character seeking to establish foreign system of government in the United States, or to secure group action nature foreign to United States insti-

tions of government. U.S. v. Kelly, D.C.D.C.1943, 51 F.Supp. 362. International Law ⊜ 10.24

Congress in enacting this subchapter, requiring the agent of foreign principal of political propaganda in United States to bear with the Secretary of State, did intend to deprive citizens of United States of political information, even if Congress did intend to bring action of persons engaged in disseminating foreign political propaganda out into open and to make known the identity any person engaged in such activities, source of the propaganda and who bears the expense of the propaganda. U.S. v. Auhagen, D.C.1941, 39 F.Supp. 590. International Law ⊜ 10.24

### 3. Power of Congress

This subchapter founded on indisputable power of government to conduct its foreign relations and to provide for national defense and so falls within inherent sovereign power of Congress. Attorney General v. Irish Northern Aid Committee, S.D.N.Y.1972, 346 F.Supp. 1384, affirmed 465 F.2d 1405, certiorari denied 93 S.Ct. 679, 409 U.S. 1080, 34 L.Ed.2d 669. International Law ⊜ 10.24

The subject matter of this subchapter registration of foreign principals who engage in specified activities in the United States is within the power of Congress U.S.C.A.Const. Art. 1, § 8, to legislate concerning the "national defense."
U.S. v. Peace Information Center, D.C.D.C.1951, 97 F.Supp. 255. War And National Emergency ⊜ 35

### 4. Agency

Mere relationship sufficient to registration as agent of foreign principal need not meet standard of formal relation which results from manifestation of consent by one person to another that other shall act on his behalf and subject to his control, and consent by other to so act; concern is not whether persons impose liability upon his principal but whether relationship warrants inference by agent to carry out instruction the policies of this subchapter. Attorney General of U. S. v. Irish Northern Aid Committee, C.A.2 (N.Y.) 1982, 668

The requirement for registration under § 612 of this title is not limited to agencies created by an express contract, but true test is whether agency in fact exists. U.S. v. German-American Vocational League, C.C.A.3 (N.J.) 1946, 153 F.2d 860, certiorari denied 66 S.Ct. 976, 328 U.S. 833, 90 L.Ed. 1608, certiorari denied 66 S.Ct. 976, 328 U.S. 833, 90 L.Ed. 1609, certiorari denied 66 S.Ct. 977, 328 U.S. 833, 90 L.Ed. 1609, certiorari denied 66 S.Ct. 977, 328 U.S. 833, 90 L.Ed. 1609, certiorari denied 66 S.Ct. 978, 328 U.S. 834, 90 L.Ed. 1609, certiorari denied 66 S.Ct. 977, 328 U.S. 834, 90 L.Ed. 1610, certiorari denied 66 S.Ct. 978, 328 U.S. 834, 90 L.Ed. 1610. International Law ⊜ 10.24; Aliens ⊜ 4

### 5. Domestic organization

Where there is concert of action among individuals for furthering interest of a foreign government, they constitute a "domestic organization" within meaning of this subchapter notwithstanding that they are organized by an agent of such government sent here to establish such organization. U.S. v. Kelly, D.C.D.C. 1943, 51 F.Supp. 362. International Law ⊜ 10.24

### 6. Intermediary for foreign principal

Fact that registered agent of foreign principal was compelled to register because registered agent was found to have acted at request of foreign principal, alone, was not sufficient to establish that registered agent was an "intermediary" for foreign principal so as to require registration of registered agent's agent as agent of foreign principal. Attorney General of U.S. v. Irish People, Inc., C.A.D.C. 1986, 796 F.2d 520, 254 U.S.App.D.C. 229. International Law ⊜ 10.24

### 7. Partnership

Section 618 of this title which proscribes payment of fees contingent on success of political lobbying did not render illegal and unenforceable agreements between Italian commercial fishermen and American corporation, which had been designated managing general partner of general partnership established by parties as joint venture, where fishermen held only 25% share in partnership and thus did not exercise control of partnership as compared with 75% share held by American corporation, and where American corporation's position as managing partner kept fishermen from exercising de facto control; this result was not

Case: 1:10-cv-06082 Document #: 2 Filed: 10/14/10 Page 56 of 72 PageID #:56

changed by provisions of agreement requiring fishermen to make capital contributions representing State debt. Amortisso E. Flied v. Fisheries Development Corp., S.D.N.Y.1980, 499 F.Supp. 1074. Partnership ∞ 20

**8. Person acting at request of foreign principal**

Under this subchapter, surrounding circumstances will normally provide sufficient indication as to whether "request" by foreign principal requires recipient to register as agent. Attorney General of U.S. v. Irish Northern Aid Committee, C.A.2 (N.Y.) 1982, 668 F.2d 159, International Law ∞ 10.24

**9. Political propaganda**

There is no First Amendment violation in government's branding as "political propaganda" environmental films distributed by one required to register under Foreign Agents Registration Act, on theo-

ry that the statutory term "propaganda" goes beyond mere identification of the films as product of a foreign government's efforts to disseminate its political views and amounts to a constitutionally prohibited governmental pronouncement that the films contain misstatements, half truths and attempts to mislead; even if the classification constitute an expression of official government disapproval of the ideas in question, neither precedent nor reason justify finding such an expression in itself unlawful; disagreeing with Keene v. Smith, 569 F.Supp. 1513 (E.D. Cal.) and Keene v. Meese, 619 F.Supp. 1111 (E.D.Cal.). Block v. Meese, C.A.D.C. 1986, 793 F.2d 1303, 253 U.S.App.D.C. 317, certiorari denied 106 S.Ct. 3325, 478 U.S. 1021, 92 L.Ed.2d 740, rehearing denied 107 S.Ct. 19, 481 U.S. 1043, 95 L.Ed.2d 828. Constitutional Law ∞ 90.1(6)

## § 612. Registration statement

**(a) Filing; contents**

No person shall act as an agent of a foreign principal unless he has filed with the Attorney General a true and complete registration statement and supplements thereto as required by subsections (a) and (b) of this section or unless he is exempt from registration under the provisions of this subchapter. Except as hereinafter provided, every person who becomes an agent of a foreign principal shall, within ten days thereafter, file with the Attorney General, in duplicate, a registration statement, under oath on a form prescribed by the Attorney General. The obligation of an agent of a foreign principal to file a registration statement shall, after the tenth day of his becoming such agent, continue from day to day, and termination of such status shall not relieve such agent from his obligation to file a registration statement for the period during which he was an agent of a foreign principal. The registration statement shall include the following which shall be regarded as material for the purposes of this subchapter:

(1) Registrant's name, principal business address, and all other business addresses in the United States or elsewhere, and the residence addresses, if any;

(2) Status of the registrant; if an individual, nationality; if a partnership, name, residence addresses, and nationality of each partner and a true and complete copy of its articles of copartnership; if an association, corporation, organization, or any other combination of individuals, the name, residence addresses, and

nationality of each director and officer and of each person performing the functions of a director or officer and a true and complete copy of its charter, articles of incorporation, association, constitution, and bylaws, and amendments thereto; a copy of every other instrument or document and a statement of the terms and conditions of every oral agreement relating to its organization, powers, and purposes; and a statement of its ownership and control;

(3) A comprehensive statement of the nature of registrant's business; a complete list of registrant's employees and a statement of the nature of the work of each; the name and address of every foreign principal for whom the registrant is acting, assuming or purporting to act or has agreed to act; the character of the business or other activities of every such foreign principal, and, if any such foreign principal be other than a natural person, a statement of the ownership and control of each; and the extent, if any, to which each such foreign principal is supervised, directed, owned, controlled, financed, or subsidized, in whole or in part, by any government of a foreign country or foreign political party, or by any other foreign principal;

(4) Copies of each written agreement and the terms and conditions of each oral agreement, including all modifications of such agreements, or, where no contract exists, a full statement of all the circumstances, by reason of which the registrant is an agent of a foreign principal; a comprehensive statement of the nature and method of performance of each such contract, and of the existing and proposed activity or activities engaged in or to be engaged in by the registrant as agent of a foreign principal for each such foreign principal, including a detailed statement of any such activity which is a political activity;

(5) The nature and amount of contributions, income, money, or thing of value, if any, that the registrant has received within the preceding sixty days from each such foreign principal, either as compensation or for disbursement or otherwise, and the form and time of each such payment and from whom received;

(6) A detailed statement of every activity which the registrant is performing or is assuming or purporting or has agreed to perform for himself or for any other person other than a foreign principal and which requires his registration hereunder, including a detailed statement of any such activity which is a political activity;

(7) The name, business, and residence addresses, and if an individual, the nationality, of any person other than a foreign principal for whom the registrant is acting, assuming or purporting to act or has agreed to act under such circumstances as

require his registration hereunder; the extent to which each such person is supervised, directed, owned, controlled, financed, or subsidized, in whole or in part, by any government of a foreign country or foreign political party or by any other foreign principal; and the nature and amount of contributions, income, money, or thing of value, if any, that the registrant has received during the preceding sixty days from each such person in connection with any of the activities referred to in clause (6) of this subsection, either as compensation or for disbursement or otherwise, and, the form and time of each such payment and from whom received;

(8) A detailed statement of the money and other things of value spent or disposed of by the registrant during the preceding sixty days in furtherance of or in connection with activities which require his registration hereunder and which have been undertaken by him either as an agent of a foreign principal or for himself or any other person or in conection¹ with any activities relating to his becoming an agent of such principal, and a detailed statement of any contributions of money or other things of value made by him during the preceding sixty days (other than contributions the making of which is prohibited under the terms of section 613 of Title 18) in connection with an election to any political office or in connection with any primary election, convention, or caucus held to select candidates for any political office;

(9) Copies of each written agreement and the terms and conditions of each oral agreement, including all modifications of such agreements, or, where no contract exists, a full statement of all the circumstances, by reason of which the registrant is performing or assuming or purporting or has agreed to perform for himself or for a foreign principal or for any person other than a foreign principal any activities which require his registration hereunder;

(10) Such other statements, information, or documents pertinent to the purposes of this subchapter as the Attorney General, having due regard for the national security and the public interest, may from time to time require;

(11) Such further statements and such further copies of documents as are necessary to make the statements made in the registration statement and supplements thereto, and the copies of documents furnished therewith, not misleading.

(b) Supplements; filing period

Every agent of a foreign principal who has filed a registration statement required by subsection (a) of this section shall, within

thirty days after the expiration of each period of six months succeeding such filing, file with the Attorney General a supplement thereto under oath, on a form prescribed by the Attorney General, which shall set forth with respect to such preceding six months' period such facts as the Attorney General, having due regard for the national security and the public interest, may deem necessary to make the information required under this section accurate, complete, and current with respect to such period. In connection with the information furnished under clauses (3), (4), (6), and (9) of subsection (a) of this section, the registrant shall give notice to the Attorney General of any changes therein within ten days after such changes occur. If the Attorney General, having due regard for the national security and the public interest, determines that it is necessary to carry out the purposes of this subchapter, he may, in any particular case, require supplements to the registration statement to be filed at more frequent intervals in respect to all or particular items of information to be furnished.

(c) Execution of statement under oath

The registration statement and supplements thereto shall be executed under oath as follows: If the registrant is an individual, by him; if the registrant is a partnership, by the majority of the members thereof; if the registrant is a person other than an individual or a partnership, by a majority of the officers thereof or persons performing the functions of officers or by a majority of the board of directors thereof or persons performing the functions of directors, if any.

(d) Filing of statement not deemed full compliance nor as preclusion from prosecution

The fact that a registration statement or supplement thereto has been filed shall not necessarily be deemed a full compliance with this subchapter and the regulations thereunder on the part of the registrant; nor shall it indicate that the Attorney General has in any way passed upon the merits of such registration statement or supplement thereto; nor shall it preclude prosecution, as provided for in this subchapter, for willful failure to file a registration statement or supplement thereto when due or for a willful false statement of a material fact therein or the willful omission of a material fact required to be stated therein or the willful omission of a material fact or copy of a material document necessary to make the statements made in a registration statement and supplements thereto, and the copies of documents furnished therewith, not misleading.

**22 § 612**  FOREIGN RELATIONS  Ch. 11

**(e) Incorporation of previous statement by reference**

If any agent of a foreign principal, required to register under the provisions of this subchapter, has previously thereto registered with the Attorney General under the provisions of section 2386 of Title 18, the Attorney General, in order to eliminate inappropriate duplication, may permit the incorporation by reference in the registration statement or supplements thereto filed hereunder of any information or documents previously filed by such agent of a foreign principal under the provisions of said section.

**(f) Exemption by Attorney General**

The Attorney General may, by regulation, provide for the exemption—

(1) from registration, or from the requirement of furnishing any of the information required by this section, of any person who is listed as a partner, officer, director, or employee in the registration statement filed by an agent of a foreign principal under this subchapter, and

(2) from the requirement of furnishing any of the information required by this section of any agent of a foreign principal, where by reason of the nature of the functions or activities of such person the Attorney General, having due regard for the national security and the public interest, determines that such registration, or the furnishing of such information, as the case may be, is not necessary to carry out the purposes of this subchapter.

(June 8, 1938, c. 327, § 2, 52 Stat. 632; Apr. 29, 1942, c. 263, § 1, 56 Stat. 251; Aug. 3, 1950, c. 524, § 1, 64 Stat. 399; July 4, 1966, Pub.L. 89–486, § 2, 80 Stat. 245).¹

¹So in original.  Probably should be "connection".

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1950 Acts. Senate Report No. 1900, see 1950 U.S.Code Cong. Service, p. 2886.

1966 Acts. House Report No. 1470 and Conference Report No. 1632, see 1966 U.S.Code Cong. and Adm.News, p. 2397.

**References In Text**

Section 613 of Title 18, referred to in subsec. (e)(3), was repealed by Pub.L. 94–283, Title II, § 201(a), May 11, 1976, 90 Stat. 496.

**Codifications**

In subsec. (e), in the original, "section 2386 of Title 18" read "the Act of October 17, 1940 (54 Stat. 1201)", which had

been classified to §§ 14 to 17 of Title 18. "Section 2386 of Title 18" was substituted for "sections 14 to 17 of Title 18" on authority of Act June 25, 1948, c. 645, 62 Stat. 863, § 1 of which enacted Title 18, Crimes and Criminal Procedure.

**Amendments**

**1966 Amendments. Subsec. (a).** Pub.L. 89–486, § 2(1), deleted requirement for transmittal of registration statements by the Attorney General to the Secretary of State and provision declaring a failure of transmission not to be a bar to prosecutions, now covered in section 616(b) of this title.

**Subsec. (a)(3).** Pub.L. 89–486, § 2(2), struck out ", unless, and to the extent

90

this requirement is waived in writing by the Attorney General" following "statement of the nature of the work or of and provided for a statement of the extent to which a foreign principal is supervised, directed, etc., by any other foreign principal.

**Subsec. (a)(4).** Pub.L. 89–486, § 2(3), inserted ", including a detailed statement of any such activity which is a political activity".

**Subsec. (a)(6).** Pub.L. 89–486, § 2(4), inserted ", including a detailed statement of any such activity which is a political activity".

**Subsec. (a)(7).** Pub.L. 89–486, § 2(5), required certain information pertaining to control and financial arrangements with respect to those persons, not themselves foreign principals, who are so related to a foreign principal that their agents when engaged in political activities in the interests of the principal are required to register.

**Subsec. (a)(8).** Pub.L. 89–486, § 2(6), added requirement that agent report the money or other things of value spent or disposed of in connection with his behooving the agent of its foreign principal and all political contributions made during the preceding sixty days, other than contributions made on behalf of their principals, such contributions being provided under § 613 of Title 18.

**Subsec. (f).** Pub.L. 89–486, § 2(7), added subsec. (f).

**1950 Amendments. Subsec. (a).** Act Aug. 3, 1950 made failure to register a continuing offense.

**1942 Amendments.** Act Apr. 29, 1942 amended section generally.

**Effective and Applicability Provisions**

**1966 Acts.** Amendment by § 2 of Pub.L. 89–486 effective ninety days after July 4, 1966, see § 9 of Pub.L. 89–486, set out as a note under section 611 of this title.

**1942 Acts.** Amendment by Act Apr. 29, 1942 effective the sixtieth day after the date of its approval, except that prior to such sixtieth day the Attorney General may make, prescribe, amend, and rescind such rules, regulations, and forms as may be necessary to carry out the provisions of this subchapter, see § 3 of Act Apr. 29, 1942, set out as a note under section 611 of this title.

**1938 Acts.** Section effective the ninetieth day after June 8, 1938, see § 7 of Act June 8, 1938.

**Prior Provisions**

Provisions on this subject were contained in §§ 612 and 613 of this title prior to general amendment of Act June 8, 1938, by Act Apr. 29, 1942.

**Fees for Necessary Expenses of Registration Unit**

Pub.L. 102–395, Title I, Oct. 6, 1992, 106 Stat. 1831, provided that:

"In addition, notwithstanding 31 U.S.C. 3302 [section 3302 of Title 31, Money and Finance], for fiscal year 1993 and thereafter, the Attorney General shall establish and collect fees to recover necessary expenses of the Registration Unit (to include salaries, supplies, equipment and training) pursuant to the Foreign Agents Registration Act [probably means the Foreign Agents Registration Act of 1938, June 8, 1938, c. 327, 52 Stat. 631, as amended, which enacted this subchapter; for distribution of this Act to the Code, see Short Title note set out under section 611 of this title and Tables], and shall credit such fees to this appropriation, to remain available until expended."

## CROSS REFERENCES

Authority to deport aliens for violations of provisions, see 8 USCA § 1227.

## LIBRARY REFERENCES

**American Digest System**

International Law ⇐10.24.
Key Number System Topic No. 221.

**Corpus Juris Secundum**

CJS International Law § 42, Registration of Foreign Agents.

91

## Research References

**ALR Library**
67 ALR, Fed. 774, Requirement that Agent of Foreign Principal Register With United States Attorney General, Under Provisions of Foreign Agents Registration Act of 1938, as Amended (22 U.S.C.A §§ 611 et seq.).

**Encyclopedias**
3C Am. Jur. 2d Aliens and Citizens § 2625, Registration of Foreign Agents and Propagandists.
Am. Jur. 2d Lobbying § 9, Foreign Agents Registration Act.

**Forms**
Overview, Federal Procedural Forms § 32:86.
Registration of Foreign Agents, Federal Procedural Forms § 32:88.

**Treatises and Practice Aids**
Federal Procedure, Lawyers Edition § 36:230, Overview.
Federal Procedure, Lawyers Edition § 36:232, Registration Procedure.

## WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## Notes of Decisions

Constitutionality 1
Construction with other laws 2
Contents of statement 5
Persons required to register 4
Purpose 3
Time for registration 6

### 1. Constitutionality

This section does not regulate expression of ideas and does not limit or interfere with freedom of speech or impose a burden on the exercise of the right of freedom of speech in violation of U.S.C.A.Const. Amend. 1. U. S. v. Peace Information Center, D.C.D.C.1951, 97 F.Supp. 255.

### 2. Construction with other laws

There is no inconsistency between § 951 of Title 18 making it criminal offense for one to act as agent of foreign government without prior notification of Secretary of State and this section. U. S. v. Melekh, N.D.Ill.1961, 193 F.Supp. 586. International Law ⇐ 10.24

### 3. Purpose

Congress in enacting this section did not intend to deprive citizens of United States of political information, even if such information should be propaganda of foreign government or foreign principal, but Congress did intend to bring activities of persons engaged in disseminating foreign political propaganda out into the open and to make known the identity of any person engaged in such activities, the source of the propaganda and who is bearing the expense of its dissemination in the United States. U.S. v. Auhagen, D.C.D.C.1941, 39 F.Supp. 590.

### 4. Persons required to register

Attorneys who engaged in general law practice and who had been retained by Republic of Cuba to represent Cuba and its governmental agencies in legal matters including litigation in United States were obligated to register under this subsection. Rabinowitz v. Kennedy, U.S.Dist.Col.1964, 84 S.Ct. 919, 376 U.S. 605, 11 L.Ed.2d 940. International Law ⇐ 10.24

The requirement for registration under this section is not limited to agencies created by an express contract, but true test is whether agency in fact exists. U.S. v. German-American Vocational League, C.C.A.3 (N.J.) 1946, 153 F.2d 860, certiorari denied 66 S.Ct. 976, 328 U.S. 833, 90 L.Ed. 1608, certiorari denied 66 S.Ct. 976, 328 U.S. 833, 90 L.Ed. 1609, certiorari denied 66 S.Ct. 977, 328 U.S. 833, 90 L.Ed. 1609, certiorari denied 66 S.Ct. 977, 328 U.S. 834, 90 L.Ed. 1610, certiorari denied 66 S.Ct. 978, 328 U.S. 834, 90 L.Ed. 1610. International Law ⇐ 10.24; Aliens ⇐ 4

### 5. Contents of statement

Issue whether attorneys retained by Republic of Cuba would, in registering un-

---

der this subchapter, be required by registration forms to make public disclosure of private, personal and business affairs unconnected with representation of Cuba was not ripe for adjudication, where attorneys had made no attempt to determine which questions had to be answered and how much information had to be disclosed. Rabinowitz v. Kennedy, U.S.Dist.Col.1964, 84 S.Ct. 919, 376 U.S. 605, 11 L.Ed.2d 940. Declaratory Judgment ⇐ 203

This subchapter, before its amendment in 1942, required, and authorized the Secretary of State to require by regulations, a statement of only those activities of registrants which were carried out in behalf of foreign principals. Viereck v. U.S., U.S.Dist.Col.1943, 63 S.Ct. 561, 318 U.S. 236, 87 L.Ed. 734. International Law ⇐ 10.24

### 6. Time for registration

This section requiring agent of foreign principal to register with 10 days after becoming such agent, means not later than 10 days after becoming such agent and imposes no prohibition against earlier registration. U. S. v. Melekh, N.D.Ill. 1961, 193 F.Supp. 586. International Law ⇐ 10.24

Under this subchapter, the Secretary of State has authority to require answers, under penal sanctions, to an item in the registration statement calling for a comprehensive statement of the nature of the registrant's business, at least as regards the registrant's activities as agent of a foreign principal. Viereck v. U.S., U.S.App.D.C.1944, 139 F.2d 847, 78 U.S.App.D.C. 279, certiorari denied 64 S.Ct. 787, 321 U.S. 794, 88 L.Ed. 1083. International Law ⇐ 10.24

## § 613. Exemptions

The requirements of section 612(a) of this title shall not apply to the following agents of foreign principals:

**(a) Diplomatic or consular officers**

A duly accredited diplomatic or consular officer of a foreign government who is so recognized by the Department of State, while said officer is engaged exclusively in activities which are recognized by the Department of State as being within the scope of the functions of such officer;

**(b) Officials of foreign government**

Any official of a foreign government, if such government is recognized by the United States, who is not a public-relations counsel, publicity agent, information-service employee, or a citizen of the United States, whose name and status and the character of whose duties as such official are of public record in the Department of State, while said official is engaged exclusively in activities which are recognized by the Department of State as being within the scope of the functions of such official;

**(c) Staff members of diplomatic or consular officers**

Any member of the staff of, or any person employed by, a duly accredited diplomatic or consular officer of a foreign government who is so recognized by the Department of State, other than a public-relations counsel, publicity agent, or information-service employee, whose name and status and the character of whose duties as such

Case: 1:10-cv-06602 Document #: 1 Filed: 10/14/10 Page 60 of 72 PageID #:60

member or employee are of public record in the Department of State, while said member or employee is engaged exclusively in the performance of activities which are recognized by the Department of State as being within the scope of the functions of such member or employee;

**(d) Private and nonpolitical activities; solicitation of funds**

Any person engaging or agreeing to engage only (1) in private and nonpolitical activities in furtherance of the bona fide trade or commerce of such foreign principal; or (2) in other activities not serving predominantly a foreign interest; or (3) in the soliciting or collecting of funds and contributions within the United States to be used only for medical aid and assistance, or for food and clothing to relieve human suffering, if such solicitation or collection of funds and contributions is in accordance with and subject to the provisions of subchapter II of chapter 9 of this title, and such rules and regulations as may be prescribed thereunder;

**(e) Religious, scholastic, or scientific pursuits**

Any person engaging or agreeing to engage only in activities in furtherance of bona fide religious, scholastic, academic, or scientific pursuits or of the fine arts;

**(f) Defense of foreign government vital to United States defense**

Any person, or employee of such person, whose foreign principal is a government of a foreign country the defense of which the President deems vital to the defense of the United States while, (1) such person or employee engages only in activities which are in furtherance of the policies, public interest, or national defense both of such government and of the Government of the United States, and are not intended to conflict with any of the domestic or foreign policies of the Government of the United States, (2) each communication or expression by such person or employee which he intends to, or has reason to believe will, be published, disseminated, or circulated among any section of the public, or portion thereof, within the United States, is a part of such activities and is believed by such person to be truthful and accurate and the identity of such person as an agent of such foreign principal is disclosed therein, and (3) such government of a foreign country furnishes to the Secretary of State for transmittal to the Attorney General for the duration of this subchapter by, the Attorney General such information as to the identity and activities of such person or employee at such times as the Attorney General may require. Upon notice to the Government of which such person is an agent or to such person or employee, the Attorney General, having due regard for the public interest and national defense, may, with the approval of the Secretary of State, and shall, at the request of the

Secretary of State, terminate in whole or in part the exemption herein of any such person or employee;

**(g) Persons qualified to practice law**

Any person qualified to practice law, insofar as he engages or agrees to engage in the legal representation of a disclosed foreign principal before any court of law or any agency of the Government of the United States: *Provided,* That for the purposes of this subsection legal representation does not include attempts to influence or persuade agency personnel or officials other than in the course of judicial proceedings, criminal or civil law enforcement inquiries, investigations, or proceedings, or agency proceedings required by statute or regulation to be conducted on the record.

**(h) Agents of foreign principals**

Any agent of a person described in section 611(b)(2) of this title or an entity described in section 611(b)(3) of this title if the agent has engaged in lobbying activities and has registered under the Lobbying Disclosure Act of 1995 [2 U.S.C.A. § 1601 et seq.] in connection with the agent's representation of such person or entity.

(June 8, 1938, c. 327, § 3, 52 Stat. 632; Aug. 7, 1939, c. 521, § 2, 53 Stat. 1245; Apr. 29, 1942, c. 263, § 1, 56 Stat. 254; Oct. 4, 1961, Pub.L. 87-366, § 2, 75 Stat. 784; July 4, 1966, Pub.L. 89-486, § 3, 80 Stat. 246; Dec. 19, 1995, Pub.L. 104-65, § 9(2), (3), 109 Stat. 700; Apr. 6, 1998, Pub.L. 105-166, § 5, 112 Stat. 39.)

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1961 Acts. Senate Report No. 1061, see 1961 U.S. Code Cong. and Adm. News, p. 3218.

1966 Acts. House Report No. 1470 and Conference Report No. 1632, see 1966 U.S. Code Cong. and Adm. News, p. 2397.

1995 Acts. House Report No. 104-339, see 1995 U.S. Code Cong. and Adm. News, p. 644.

**References in Text**

The Lobbying Disclosure Act of 1995, referred to in subsec. (h), is Pub.L. 104-65, Dec. 19, 1995, 109 Stat. 691, which is classified principally to chapter 26 (§ 1601 et seq.) of Title 2. The Congressional classification of Pub.L. 104-65 to the Code, see section 1 of Pub.L. 104-65 set out as a note under section 1601 of Title 2 and Tables.

**Amendments**

1998 Amendments. Subsec. (h). Pub.L. 105-166, § 5, struck "is required

to register and does register" and inserted " has engaged in lobbying activities and has registered".

1993 Amendments. Subsec. (g). Pub.L. 104-65, § 9(2), substituted "judicial proceedings, criminal or civil law enforcement inquiries, investigations, or proceedings, or agency proceedings required by statute or regulation to be conducted on the record," for "established agency proceedings, whether formal or informal,".

Subsec. (h). Pub.L. 104-65, § 9(3), added subsec. (h).

1966 Amendments. Subsec. (g). Pub.L. 89-486, § 3(a), designated existing provisions as cls. (1) and (3), deleted "financial or mercantile" preceding "activities" in cl. (1) and inserted the cl. (2) exemption of any person engaging or agreeing to engage in other activities not serving predominantly a foreign interest.

Subsec. (g). Pub.L. 89-486, § 3(b), added subsec. (g).

## 22 § 613      FOREIGN RELATIONS

**1961 Amendments.** Subsec. (d), Pub.L. 87-366 substituted "private and nonpolitical financial or mercantile activities in furtherance" for "private, nonpolitical, financial, mercantile, or other activities in furtherance".

**1942 Amendments.** Act Apr. 29, 1942 amended section generally.

**1939 Amendments.** Act Aug. 7, 1939 amended section generally.

**Effective and Applicability Provisions**

**1995 Acts.** Amendment by section 9(2), (3) of Pub.L. 104-65 effective Jan. 1, 1996, except as otherwise provided, see section 24 of Pub.L. 104-65, set out as a note under section 1601 of Title 2, The Congress.

**1966 Acts.** Amendment by section 3 of Pub.L. 89-486 effective ninety days after July 4, 1966, see section 9 of Pub.L. 89-486, set out as a note under section 611 of this title.

## FOREIGN AGENTS AND PROPAGANDA      22 § 614

**1942 Acts.** Amendment by Act Apr. 29, 1942 effective the sixtieth day after date of its approval, except that the Attorney General may, until such sixtieth day the Attorney General may make, prescribe, amend, and rescind such rules, regulations, and forms as may be necessary to carry out the provisions of this subchapter, see section 7 of this subchapter, see section 611 of this title.

**1938 Acts.** Section effective the sixtieth day after June 8, 1938, see section 11 of Act June 8, 1938.

**Prior Provisions**

Prior to general amendment June 8, 1938, by Act Apr. 29, 1942, section related to additional statements after each six months. Provisions on that subject were rated in section 612 of this title.

### CROSS REFERENCES

Authority to deport aliens for violations of provisions, see 8 USCA § 1227.

### LIBRARY REFERENCES

**American Digest System**

International Law ⟜10.24.
Key Number System Topic No. 221.

**Corpus Juris Secundum**

CJS Aliens § 906, Registration.
CJS International Law § 42, Registration of Foreign Agents.

### Research References

**ALR Library**

67 ALR, Fed. 774, Requirement that Agent of Foreign Principal Register Under United States Attorney General, Under Provisions of Foreign Agents Registration Act of 1938, as Amended (22 U.S.C.A. §§ 611 et seq.).

**Encyclopedias**

3A Am. Jur. 2d Aliens and Citizens § 1162, Registration.
3C Am. Jur. 2d Aliens and Citizens § 2625, Registration of Foreign Agent Propaganda.
Am. Jur. 2d Lobbying § 11, Exemptions.

**Forms**

Federal Procedural Forms § 32:86, Overview.
Federal Procedural Forms § 32:91, Attorney-Client Privilege.

**Treatises and Practice Aids**

Federal Procedure, Lawyers Edition § 36:230, Overview.
Federal Procedure, Lawyers Edition § 36:232, Registration Procedure.
Federal Procedure, Lawyers Edition § 36:235, Registration Procedure.
Federal Procedure, Lawyers Edition § 45:1044, Attorney-Client Privilege.
Federal Procedure, Lawyers Edition § 45:1046, Registration.
Immigration Law and Business § 6:57, Unlawful Voting Ground.
Restatement (Third) of Foreign Relations § 461, Immunity of Foreign States From Jurisdiction to Prescribe.

---

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

### Notes of Decisions

Mercantile activities    2
Legal activities    3
Nonpolitical activities    1
Relief organization    4

**1. Nonpolitical activities**

Amending foreign government, generally for exemption, unproviding exemption for in private and nonpolitical mercantile activities in foreign principal's trade or some of characteristics this section was missing. Kennedy, U.S.Dist.Col. 919, 376 U.S. 605, 11 International Law ⟜ 10.24.

**2. Mercantile activities**

Used in litigating for a foreign principal could not be characterized as "financial or mercantile" activities, it could be regarded as "nonpolitical" activity, within exempting from registration ... in "private, and nonpolitical or mercantile" activities of trade or commerce of ... Rabinowitz v. Kennedy, 84 S.Ct. 919, 376 U.S. 605, 11 L.Ed 940. International Law

**3. Legal activities**

If attorney engages in any activities in behalf of foreign principal which are not exempt from record keeping and disclosure requirements of this subchapter he must include in his registration statement under this subchapter a description of these otherwise exempt legal activities as well. Attorney General of U. S. v. Covington and Burling, D.C.D.C.1976, 411 F.Supp. 371, motion denied 430 F.Supp. 1117. International Law ⟜ 10.24

It is doubtful that one who is engaged in the legal representation of disclosed foreign agent before any court is required to register under this subchapter. Schonbrun v. Dreiband, B.D.N.Y.1967, 268 F.Supp. 332. International Law ⟜ 10.24

**4. Relief organization**

Unincorporated association failed to sustain its burden of proving that it was a "relief organization" and thus exempt from the requirements of this subchapter, in view of uncontroverted evidence that association was an agent of the Irish Republican Army and provided money and services for other than relief purposes. Attorney General of U. S. v. Irish Northern Aid Committee, S.D.N.Y.1981, 530 F.Supp. 241, affirmed 668 F.2d 159. International Law ⟜ 10.24

---

## § 614. Filing and labeling of political propaganda; statement as to places, times, and manner of transmission

... person within the United States who is an agent of a foreign principal required to register under the provisions of this subchapter and who transmits or causes to be transmitted in the United States ... of by any means or instrumentality of interstate or ... labels any informational materials for or in the interests ... foreign principal (i) in the form of prints, or (ii) in any other ... is reasonably adapted to being, or which he believes will ... he intends to be, disseminated or circulated among two ... persons shall, not later than forty-eight hours after the ... of the transmittal thereof, file with the Attorney General ... thereof.

## (b) Identification statement

It shall be unlawful for any person within the United States who is an agent of a foreign principal and required to register under the provisions of this subchapter to transmit or cause to be transmitted in the United States mails or by any means or instrumentality of interstate or foreign commerce any informational materials for or in the interests of such foreign principal without placing in such informational materials a conspicuous statement that the materials are distributed by the agent on behalf of the foreign principal, and that additional information is on file with the Department of Justice, Washington, District of Columbia. The Attorney General may by rule define what constitutes a conspicuous statement for the purposes of this subsection.

## (c) Public inspection

The copies of informational materials required by this subchapter to be filed with the Attorney General shall be available for public inspection under such regulations as he may prescribe.

## (d) Library of Congress

For purposes of the Library of Congress, other than for public distribution, the Secretary of the Treasury and the United States Postal Service are authorized, upon the request of the Librarian of Congress, to forward to the Library of Congress fifty copies, or as many fewer thereof as are available, of all foreign prints determined to be prohibited entry under the provisions of section 1305 of Title 19 and of all foreign prints excluded from the mails under authority of section 1717 of Title 18.

Notwithstanding the provisions of section 1305 of Title 19 and of section 1717 of Title 18, the Secretary of the Treasury and the United States Postal Service is authorized to permit the entry and the United States Postal Service is authorized to permit the transmittal in the mails of foreign prints imported for governmental purposes by authority or for the use of the United States or for the use of the Library of Congress.

## (e) Information furnished to agency or official of United States Government

It shall be unlawful for any person within the United States who is an agent of a foreign principal required to register under the provisions of this subchapter to transmit, convey, or otherwise furnish to any agency or official of the Government (including a Member or committee of either House of Congress) for or in the interests of such foreign principal any political propaganda or to request from any such agency or official for or in the interests of such foreign principal any information or advice with respect to any matter pertaining to

the political or public interests, policies or relations of a foreign country or of a political party or pertaining to the foreign or domestic policies of the United States unless the propaganda or the request is prefaced or accompanied by a true and accurate statement to the effect that such person is registered as an agent of such foreign principal under this subchapter.

## (f) Appearances before Congressional committees

Whenever any agent of a foreign principal required to register under this subchapter appears before any committee of Congress to testify for or in the interests of such foreign principal, he shall, at the time of such appearance, furnish the committee with a copy of his most recent registration statement filed with the Department of Justice as an agent of such foreign principal for inclusion in the records of the committee as part of his testimony.

(June 8, 1938, c. 327, § 4, 52 Stat. 632; Aug. 7, 1939, c. 521, § 3, 53 Stat. 1246; Apr. 29, 1942, c. 263, § 1, 56 Stat. 255; July 4, 1966, Pub.L. 89-486, § 4, 80 Stat. 246; Aug. 12, 1970, Pub.L. 91-375, § 4(a), 84 Stat. 773; Dec. 19, 1995, Pub.L. 104-65, § 9(4) to (6), 109 Stat. 700.)

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**1966 Acts.** House Report No. 1470 and Conference Report No. 1632, see 1966 U.S.Code Cong. and Adm.News, p. 2397.

**1993 Acts.** House Report No. 104-339, see 1995 U.S. Code Cong. and Adm. News, p. 644.

**Codifications**

Amendment of subsec. (a) by section 9(6)(B) of Pub.L. 104-65, directed striking out the phrase "and a statement, duly signed by or on behalf of such an [sic] agent, setting forth full information as to the places, times, and extent of such transmittal". The word "agent" was not preceded by the article "an", regardless, such phrase was deleted from subsec. (a) as the probable intent of Congress.

In subsec. (d), in the original, "section 1717 of Title 18" read "section 1 of Title 3[?]" which had been translated as § 343 of Title 18. "Section 1717 of Title 18" is substituted for "section 343 of Title 18" because of Act June 25, 1948, c. 645, 62 Stat. 683, § 1 of which enacted Title 18, Crimes and Criminal Procedure.

**Amendments**

**1995 Amendments.** Subsec. (a). Pub.L. 104-65, § 9(4), substituted "informational materials" for "political propaganda" and from the end of such subsec., struck out "and a statement, duly signed by or on behalf of such agent, setting forth full information as to the places, times, and extent of such transmittal". See Codifications note set out under this section.

Subsec. (b). Pub.L. 104-65, § 9(5), directed that it shall be unlawful for an agent of a foreign principal to transmit by mail or any means of commerce "informational materials" for or in the interest of such foreign principal without placing in such materials a conspicuous statement, as defined by the Attorney General, that the materials are distributed by the agent on behalf of the foreign principal, and that additional information is on file with the Dept. of Justice, rather than directing that it shall be unlawful for an agent of a foreign principal to transmit by mail or any means of commerce "political propaganda" for or in the interest of prints or in any other form which is reasonably adapted to dissemination, unless such propaganda is accompanied by an accurate statement as prescribed by the Attorney General, in the language or languages used in such propaganda, setting forth the relationship between such agent and such propaganda, and that the agent

Case: 1:10-cv-06602 Document #: 11 Filed: 10/18/10 Page 63 of 72 PageID #:69

## 22 § 614

be registered as such with the Dept. of Justice.

Subsec. (c). Pub.L. 104-65, § 9(6), substituted "informational materials" for "political propaganda".

**1966 Amendments.** Subsec. (e). Pub.L. 89-486, § 4(1), inserted "for or in the interests of such foreign principal" following "political propaganda" and substituted "file with the Attorney General two copies thereof" for "send to the Librarian of Congress two copies thereof and file with the Attorney General one copy thereof".

Subsec. (b). Pub.L. 89-486, § 4(2), inserted "for or in the interests of such foreign-principal" following "political propaganda", where first appearing, and substituted "the relationship or connection between the person transmitting the political propaganda or causing it to be transmitted and such propaganda," following "setting forth", and substituted "such foreign principal" for "each of his foreign principals".

Subsec. (e). Pub.L. 89-486, § 4(4), added subsecs. (e) and (f).

**1942 Amendments.** Act Apr. 29, 1942 amended section generally.

**1939 Amendments.** Act Aug. 7, 1939 amended section generally.

**Effective and Applicability Provisions**
1995 Acts. Amendment by section 9(4) to (6) of Pub.L. 104-65 effective Jan. 1, 1996, except as otherwise provided, see

### CROSS REFERENCES

Authority to deport aliens for violations of provisions, see 8 USCA § 1227.

### LAW REVIEW AND JOURNAL COMMENTARIES

Unconstitutional inhibitions: "Political propoganda" and the Foreign Agents Registration Act. Note, 33 N.Y.L.Sch.L.Rev. 345 (1988).

### LIBRARY REFERENCES

**American Digest System**
International Law ⟨=⟩10.24.
Key Number System Topic No. 221.

**Corpus Juris Secundum**
CJS International Law § 42, Registration of Foreign Agents.

100

## Ch. 11 FOREIGN RELATIONS

section 24 of Pub.L. 104-65, set out as a note under section 1601 of Title 2, The Congress.

1966 Acts. Amendment by § 4, 9 of July 4, 1966, see section 9 of Pub.L. 89-486, set out as a note under section 611 of this title.

1942 Acts. Amendment by Act Apr. 29, 1942 effective the sixtieth day after the date of its approval, except that prior to such sixtieth day the Attorney General may make, prescribe, amend, and rescind such rules, regulations, and forms as may be necessary to carry out the provisions of this subchapter, see § 3 of Act Apr. 29, 1942, set out as a note under section 611 of this title.

1938 Acts. Section effective the ninetieth day after June 8, 1938, see § 7 of Act June 8, 1938.

**Transfer of Functions**
In subsec. (d), "United States Postal Service" was substituted for "Postmaster General" in two instances pursuant to Pub.L. 91-375, § 5(a), Aug. 12, 1970, 84 Stat. 773, set out as a note under 39 U.S.C.A. § 201, which abolished the office of Postmaster General of the former Post Office Department and transferred its functions to the United States Postal Service.

**Prior Provisions**
Prior to general amendment of Act June 8, 1938, by Act Apr. 29, 1942, section related to retention of statements and public records. Provisions on that subject were incorporated in section 616 of this title by the 1942 amendment.

## Ch. 11 FOREIGN AGENTS AND PROPAGANDA 22 § 615

### Research References

**Encyclopedias**
67 ALR. Fed. 774, Requirement that Agent of Foreign Principal Register With United States Attorney General Under Provisions of Foreign Agents Registration Act of 1938, as Amended (22 U.S.C.A. §§ 611 et seq.).

3C Am. Jur. 2d Aliens and Citizens § 2625, Registration of Foreign Agents and Propagandists.

Am. Jur. 2d Lobbying § 9, Foreign Agents Registration Act.

**Forms**
Federal Procedural Forms § 32:86, Overview.

**Treatises and Practice Aids**
Federal Procedure, Lawyers Edition § 36:230, Overview.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

### § 615. Books and records

Every agent of a foreign principal registered under this subchapter shall keep and preserve while he is an agent of a foreign principal such books of account and other records with respect to all his activities, the disclosure of which is required under the provisions of this subchapter, in accordance with such business and accounting practices, as the Attorney General, having due regard for the national security and the public interest, may by regulation prescribe as necessary or appropriate for the enforcement of the provisions of this subchapter and shall preserve the same for a period of three years following the termination of such status. Until regulations are in effect under this section every agent of a foreign principal shall keep books of account and shall preserve all written records with respect to his activities. Such books and records shall be open at all reasonable times to the inspection of any official charged with the enforcement of this subchapter. It shall be unlawful for any person willfully to conceal, destroy, obliterate, mutilate, or falsify, or to attempt to conceal, destroy, obliterate, mutilate, or falsify, or to cause to be concealed, destroyed, obliterated, mutilated, or falsified, any books or records required to be kept under the provisions of this section.

June 8, 1938, c. 327, § 5, 52 Stat. 633; Apr. 29, 1942, c. 263, § 1, 56 Stat. 256; July 4, 1966, Pub. L. 89-486, § 5, 80 Stat. 247.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**
1966 Acts. House Report No. 1470 and Conference Report No. 1632, see 1966 U.S.Code Cong. and Adm.News, p. 2397.

**Amendments**
1966 Amendments. Pub.L. 89-486 inserted "in accordance with such business and accounting practices," following

101

## 22 § 615    FOREIGN RELATIONS    Chr 11

"under the provisions of this subchapter,"

**1942 Amendments.** Act Apr. 29, 1942 amended section generally.

**Effective and Applicability Provisions**
1966 Acts. Amendment by § 5 of Pub.L. 89-486 effective ninety days after July 4, 1966, see § 9 of Pub.L. 89-486, set out as a note under section 11 of this title.

1938 Acts. Section effective the ninetieth day after June 8, 1938, see § 7 of Act June 8, 1938.

**Prior Provisions**
Prior to general amendment of Act June 8, 1938, by Act Apr. 29, 1942, section related to penalties. Provisions on that subject were incorporated in section 618 of this title by 1942 amendment.

### CROSS REFERENCES

Authority to deport aliens for violations of provisions, see 8 USCA § 1227.

### LIBRARY REFERENCES

**American Digest System**
International Law ⟨= 10.24.
Key Number System Topic No. 221.

**Corpus Juris Secundum**
CJS International Law § 42, Registration of Foreign Agents.

### Research References

**ALR Library**
67 ALR. Fed. 774, Requirement that Agent of Foreign Principal Register With United States Attorney General, Under Provisions of Foreign Agents Registration Act of 1938, as Amended (22 U.S.C.A. §§ 611 et seq.).

**Encyclopedias**
3C Am. Jur. 2d Aliens and Citizens § 2625, Registration of Foreign Agents Propagandists.
Am. Jur. 2d Lobbying § 9, Foreign Agents Registration Act.
Am. Jur. 2d Witnesses § 345, Assertion by Attorney on Client's Behalf.

**Forms**
Federal Procedural Forms § 32:86, Overview.
Federal Procedural Forms § 32:90, Privilege as Limiting Inspection of Books and Records.
Federal Procedural Forms § 32:91, Attorney-Client Privilege.

**Treatises and Practice Aids**
Federal Procedure, Lawyers Edition § 36:230, Overview.
Federal Procedure, Lawyers Edition § 36:234, Privilege as Limiting Inspection of Books and Records.
Federal Procedure, Lawyers Edition § 36:235, Attorney-Client Privilege.
Federal Procedure, Lawyers Edition § 36:236, Injunction Proceedings.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

### Notes of Decisions

Attorney-client privilege 1    Confidential communications 2

## Ch. 11    FOREIGN AGENTS AND PROPAGANDA    22 § 616

Inspection as abridgment of rights 3
Scope of inspection 4

**1. Attorney-client privilege**

With respect to communications other than those from client, a foreign country, which registrant or attorney-agent, for which registration unit of I-- agents, for unit sought disclosure under this subchapter in its investigation of defendant law firm, where it was clear from examining document that disclosure of it would not tend to reveal confidence of client specifically, or where defendant law firm failed to allege the contrary, claim of attorney-client privilege would not be upheld. Attorney General of U.S. v. Covington and Burling, D.C.D.C.1977, 430 F.Supp. 1117. International Law ⟨= 1024

**2. Confidential communications**

Phrase "books of account and other records", as used in this section includes records which would tend to reveal confidential communications between foreign principal and its agent-attorney concerning legal matters. Attorney General of U.S. v. Covington and Burling, D.C.D.C. 1976, 411 F.Supp. 371, motion denied 430 F.Supp. 1117. International Law ⟨= 1024

**3. Inspection as abridgment of rights**

Inspection requested by government of books and records of defendant, an admitted agent of a foreign principal, did not abridge rights under U.S.C.A.Const. Amend. 1 of defendant's members and contributors, notwithstanding claim that disclosure of books and records would result in reprisals against such members and contributors, where disclosure of defendant's activities bore a substantial relation to a legitimate interest which was asserted by government to justify disclosure, and such interest could fairly be said to outweigh any possible infringement of rights of defendant's members and contributors. Attorney General v. Irish Northern Aid Committee, S.D.N.Y. 1972, 346 F.Supp. 1384, affirmed 465 F.2d 1405, certiorari denied 93 S.Ct. 679, 409 U.S. 1080, 34 L.Ed.2d 669. Constitutional Law ⟨= 82(6.1)

This subchapter does not violate the personal privilege against self-incrimination guaranteed by U.S.C.A.Const. Amend. 5, since it requires disclosure of information only on a voluntary basis as a condition of carrying on specified occupations or activities in the United States and the information called for by it is not incriminating on its face. U.S. v. Peace Information Center, D.C.D.C.1951, 97 F.Supp. 255. Criminal Law ⟨= 393(1)

**4. Scope of inspection**

Scope of inspection requested by government of books and records of defendant, an admitted agent of a foreign principal, was not too broad, notwithstanding claim that government had no right to inspect personal correspondence contained in defendant's files, where government made perfectly clear at argument that it was seeking inspection only of those books and records which were relevant to defendant's registration under this subchapter and was not asking for personal correspondence of defendant's officials, nor books and records concerning other activities, if any, conducted by defendant. Attorney General v. Irish Northern Aid Committee, S.D.N.Y.1972, 346 F.Supp. 1384, affirmed 465 F.2d 1405, certiorari denied 93 S.Ct. 679, 409 U.S. 1080, 34 L.Ed.2d 669. International Law ⟨= 10.24

### § 616. Public examination of official records; transmittal of records and information

**Permanent copy of statement; inspection; withdrawal**

The Attorney General shall retain in permanent form one copy of the registration statements furnished under this subchapter, and the same shall be public records and open to public examination, as the Attorney General may prescribe, under such regulations, as the Attorney General may prescribe, during such reasonable hours, under such regulations, and copies of the same shall be furnished to every applicant at such reasonable fee as the Attorney

General may prescribe. The Attorney General may withdraw from public examination the registration statement and other statements of any agent of a foreign principal whose activities have ceased to be of a character which requires registration under the provisions of this subchapter.

**(b) Secretary of State**

The Attorney General shall, promptly upon receipt, transmit one copy of every registration statement filed hereunder and one copy of every amendment or supplement thereto filed hereunder, to the Secretary of State for such comment and use as the Secretary of State may determine to be appropriate from the point of view of the foreign relations of the United States. Failure of the Attorney General so to transmit such copy shall not be a bar to prosecution under this subchapter.

**(c) Executive departments and agencies; Congressional committees**

The Attorney General is authorized to furnish to departments and agencies in the executive branch and committees of the Congress such information obtained by him in the administration of this subchapter, including the names of registrants under this subchapter, copies of registration statements, or parts thereof, or other documents or information filed under this subchapter, as may be appropriate in the light of the purposes of this subchapter.

(June 8, 1938, c. 327, § 6, 52 Stat. 633; Apr. 29, 1942, c. 263, § 1, 56 Stat. 256; July 4, 1966, Pub. L. 89–486, § 6, 80 Stat. 247; Dec. 19, 1995, Pub.L. 104–65, § 9(7), 109 Stat. 700.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**
1966 Acts. House Report No. 1470 and Conference Report No. 1632, see 1966 U.S.Code Cong. and Adm.News, p. 2397.

1995 Acts. House Report No. 104–339, see 1995 U.S. Code Cong. and Adm. News, p. 644.

**Amendments**
1995 Amendments. Subsec. (a). Pub.L. 104–65, § 9(7)(A), struck out "and all statements concerning the distribution of political propaganda," following "retain in permanent form one copy of all registration statements".

Subsec. (b). Pub.L. 104–65, § 9(7)(B), struck out ", and one copy of every item of political propaganda," following "one copy of every amendment or supplement thereto".

Subsec. (c). Pub.L. 104–65, § 9(7)(C), struck out "copies of political propaganda," following "copies of registration statements, or parts thereof."

1966 Amendments. Pub.L. 89–486 designated existing provisions as subsec. (a) and added subsecs. (b) and (c).

1942 Amendments. Act Apr. 29, 1942 amended section generally.

**Effective and Applicability Provisions**
1995 Acts. Amendment by section 9(7) of Pub.L. 104–65 effective Jan. 1, 1996, except as otherwise provided, see section 24 of Pub.L. 104–65, set out as a note under section 1601 of Title 2, The Congress.

1966 Acts. Amendment by § 6 of Pub.L. 89–486 effective ninety days after July 4, 1966, see § 9 of Pub.L. 89–486, set out as a note under section 611 of this title.

1942 Acts. Amendment by Act Apr. 29, 1942 effective the sixtieth day after the date of its approval, except that prior to such sixtieth day the Attorney General may make, prescribe, amend, and rescind such rules, regulations, and forms as may be necessary to carry out the provisions of this subchapter, see § 3 of Act Apr. 29, 1942, set out as a note under section 611 of this title.

1938 Acts. Section effective the ninetieth day after June 8, 1938, see § 7 of Act June 8, 1938.

**Prior Provisions**
Prior to general amendment of Act June 8, 1938, by Act Apr. 29, 1942, section related to rules and regulations. Provisions on that subject were incorporated in section 620 of this title by 1942 amendment.

Provisions on this subject were contained in section 614 of this title prior to general amendment of Act June 8, 1938, by Act Apr. 29, 1942.

### CROSS REFERENCES

Authority to deport aliens for violations of provisions, see 8 USCA § 1227.
Public officials acting as agents of foreign principals, see 18 USCA § 219.

### LIBRARY REFERENCES

**American Digest System**
International Law ⚷10,24.
Records ⚷30 to 67.
Key Number System Topic Nos. 221, 326.

### Research References

**Encyclopedias**
3C Am. Jur. 2d Aliens and Citizens § 2625, Registration of Foreign Agents and Propagandists.

**Forms**
Federal Procedural Forms § 32:86, Overview.

**Treatises and Practice Aids**
Federal Procedure, Lawyers Edition § 36:230, Overview.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

### Notes of Decisions

Constitutionality    1

**Constitutionality**
Impairment of First Amendment right to receive ideas in privacy and impairment, if at all, of First Amendment interest in the dissemination of ideas by compelled public disclosure of information to be furnished under Foreign Agents Registration Act, including in the face of a film, the name of each station, the name or theater using the film, the date of showing and the estimated attendants, was not of such magnitude as to require invalidating the disclosure provision, in face of government interest in disclosing to the public the nature and extent of an agents' dissemination of foreign advocacy. Block v. Meese, C.A.D.C. 1986, 793 F.2d 1303, 253 U.S.App.D.C. 317, certiorari denied 106 S.Ct. 3335, 478 U.S. 1021, 92 L.Ed.2d 740, rehearing denied 107 S.Ct. 1989, 481 U.S. 1043, 95 L.Ed.2d 828. Constitutional Law ⚷ 90.1(6)

## § 617. Liability of officers

Each officer, or person performing the functions of an officer, and each director, or person performing the functions of a director, of an

agent of a foreign principal which is not an individual shall be under obligation to cause such agent to execute and file a registration statement and supplements thereto as and when such filing is required under subsections (a) and (b) of section 612 of this title and shall also be under obligation to cause such agent to comply with all other requirements of sections 614(a) and (b) and 615 of this title and all other requirements of this subchapter. Dissolution of any organization acting as an agent of a foreign principal shall not relieve any officer, or person performing the functions of an officer, or any director, or person performing the functions of a director, from complying with the provisions of this subchapter. In case of failure of any such agent of a foreign principal to comply with any of the requirements of this subchapter, each of its officers, or persons performing the functions of officers, and each of its directors, or persons performing the functions of directors, shall be subject to prosecution therefor.

(June 8, 1938, c. 327, § 7, 52 Stat. 633; Apr. 29, 1942, c. 263, § 1, 56 Stat. 256; Aug. 3, 1950, c. 524, § 2, 64 Stat. 400.)

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1950 Acts. Senate Report No. 1900, see 1950 U.S.Code Cong. Service, p. 2886.

**Amendments**

1950 Amendments. Act Aug. 3, 1950 continued the obligation of officers, directors, and persons acting as such to comply with this subchapter despite the dissolution of a foreign agent.

1942 Amendments. Act Apr. 29, 1942 amended section generally.

**Effective and Applicability Provisions**

1942 Acts. Amendment by Act Apr. 29, 1942 effective the sixtieth day after the date of its approval, except that prior to such sixtieth day the Attorney General

may make, prescribe, amend, and rescind such rules, regulations, and forms as may be necessary to carry out the provisions of this subchapter, see § 3 of Act Apr. 29, 1942, set out as a note under section 611 of this title.

1938 Acts. Section effective the ninetieth day after June 8, 1938, see § 7 of Act June 8, 1938.

**Prior Provisions**

Section 7 of Act June 8, 1938, prior to the general amendment of that Act by Act Apr. 29, 1942, provided for the effective date of the 1938 Act. See Effective Date note set out under section 611 of this title.

## CROSS REFERENCES

Authority to deport aliens for violations of provisions, see 8 USCA § 1227.

## LIBRARY REFERENCES

**American Digest System**

International Law ⟨⟩10.24.
Key Number System Topic No. 221.

## WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

---

## § 618. Enforcement and penalties

**(a) Violations; false statements and willful omissions**

Any person who—

(1) willfully violates any provision of this subchapter or any regulation thereunder, or

(2) in any registration statement or supplement thereto or in any other document filed with or furnished to the Attorney General under the provisions of this subchapter willfully makes a false statement of a material fact or willfully omits any material fact required to be stated therein or willfully omits a material fact or a copy of a material document necessary to make the statements therein and the copies of documents furnished therewith not misleading, shall, upon conviction thereof, be punished by a fine of not more than $10,000 or by imprisonment for not more than five years, or both, except that in the case of a violation of subsection (b), (e), or (f) of section 614 of this title or of subsection (g) or (h) of this section the punishment shall be a fine of not more than $5,000 or imprisonment for not more than six months, or both.

**(b) Proof of identity of foreign principal**

In any proceeding under this subchapter in which it is charged that a person is an agent of a foreign principal with respect to a foreign principal outside of the United States, proof of the specific identity of the foreign principal shall be permissible but not necessary.

**(c) Removal**

Any alien who shall be convicted of a violation of, or a conspiracy to violate, any provision of this subchapter or any regulation thereunder shall be subject to removal pursuant to chapter 4 of title II of the Immigration and Nationality Act [8 U.S.C.A. § 1221 et seq.].

**(d) Repealed. Pub.L. 104–65, § 9(8)(B), Dec. 19, 1995, 109 Stat. 700**

**(e) Continuing offense**

Failure to file any such registration statement or supplements thereto as is required by either section 612(a) or section 612(b) of this title shall be considered a continuing offense for as long as such failure exists, notwithstanding any statute of limitation or other statute to the contrary.

Case: 1:10-cv-00602 Document # 11-2nd 30/21/01 Page 67 of 72 PageID #:67

**(f) Injunctive remedy; jurisdiction of district court**

Whenever in the judgment of the Attorney General any person is engaged in or about to engage in any acts which constitute or will constitute a violation of any provision of this subchapter, or regulations issued thereunder, or whenever any agent of a foreign principal fails to comply with any of the provisions of this subchapter or the regulations issued thereunder, or otherwise is in violation of the subchapter, the Attorney General may make application to the appropriate United States district court for an order enjoining such acts or enjoining such person from continuing to act as an agent of such foreign principal, or for an order requiring compliance with any appropriate provision of the subchapter or regulation thereunder. The district court shall have jurisdiction and authority to issue a temporary or permanent injunction, restraining order or such other order which it may deem proper.

**(g) Deficient registration statement**

If the Attorney General determines that a registration statement does not comply with the requirements of this subchapter or the regulations issued thereunder, he shall so notify the registrant in writing, specifying in what respects the statement is deficient. It shall be unlawful for any person to act as an agent of a foreign principal at any time ten days or more after receipt of such notification without filing an amended registration statement in full compliance with the requirements of this subchapter and the regulations issued thereunder.

**(h) Contingent fee arrangement**

It shall be unlawful for any agent of a foreign principal required to register under this subchapter to be a party to any contract, agreement, or understanding, either express or implied, with such foreign principal pursuant to which the amount or payment of the compensation, fee, or other remuneration of such agent is contingent in whole or in part upon the success of any political activities carried on by such agent.

(June 8, 1938, c. 327, § 8, as added Apr. 29, 1942, c. 263, § 1, 56 Stat. 258, and amended Sept. 23, 1950, c. 1024, Title I, § 20(f), 64 Stat. 1005; June 27, 1952, c. 477, Title IV, § 402(d), 66 Stat. 276; Aug. 1, 1956, c. 849, § 5, 70 Stat. 899; July 4, 1966, Pub.L. 89-486, § 7, 80 Stat. 248; Aug. 12, 1970, Pub.L. 91-375, § 4(a), 84 Stat. 773; Nov. 8, 1984, Pub.L. 98-620, Title IV, § 402(26), 98 Stat. 3359; Dec. 19, 1995, Pub.L. 104-65, § 9(8), 109 Stat. 700; Sept. 30, 1996, Pub.L. 104-208, Div. C, Title III, § 308(e)(19), 110 Stat. 3009-621.)

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1950 Acts. House Report No. 2980 and Conference Report No. 3112, see 1950 U.S.Code Cong. Service, p. 3886.

1952 Acts. House Report No. 1365 and Conference Report. No. 2096, see 1952 U.S.Code Cong. and Adm.News, p. 1653.

1956 Acts. Senate Report No. 2719, see 1956 U.S.Code Cong. and Adm.News, p. 4056.

1966 Acts. House Report No. 1470 and Conference Report No. 1632, see 1966 U.S.Code Cong. and Adm.News, p. 2397.

1984 Acts. House Report No. 98-1062, see 1984 U.S.Code Cong. and Adm.News, p. 5708.

1995 Acts. House Report No. 104-339, see 1995 U.S. Code Cong. and Adm. News, p. 644.

**Amendments**

1996 Amendments. Subsec. (c). Pub.L. 104-208, § 308(e)(19), substituted provisions relating to removal under 8 USCA 1221 et seq. for provisions relating to deportation in manner provided by 8 USCA 1251 to 1253.

1995 Amendments. Subsec. (a)(2). Pub.L. 104-65, § 9(8)(A), struck out "or in any statement under section 614(a) of this title concerning the distribution of political propaganda," following "In any registration statement or supplement thereto".

Subsec. (d). Pub.L. 104-65, § 9(8)(B), struck out subsec. (d), which authorized the U.S. Postal Service to declare as nonmailable matter, political propaganda which advocates the use of force or violence to overthrow any government or political subdivision of an American republic.

1984 Amendments. Subsec. (f). Pub.L. 98-620 struck out provision that the proceedings had to be made a preferred cause and expedited in every way.

1966 Amendments. Subsec. (a)(2). Pub.L. 89-486, § 7(1), added the exception provision.

Subsecs. (f) to (h). Pub.L. 89-486, § 7(2), added subsecs. (f) to (h).

1956 Amendments. Act Aug. 1, 1956 added credit to section by redesignating § 20(6) of Act Sept. 23, 1950, as § 20.

1952 Amendments. Subsec. (c). Act June 27, 1952 substituted "sections 1251 to 1253 of Title 8" for "sections 155 and 156 of Title 8".

1950 Amendments. Subsec. (e). Act Sept. 23, 1950 added subsec. (e).

**Effective and Applicability Provisions**

1996 Acts. Amendment by section 308(e)(19) of Div. C of Pub.L. 104-208, effective, with certain exceptions and subject to certain transitional rules, on the first day of the first month beginning more than 180 days after Sept. 30, 1996, see section 309 of Pub.L. 104-208, set out as a note under section 1101 of Title, Aliens and Nationality.

1995 Acts. Amendment by section 9(8) of Pub.L. 104-65 effective Jan. 1, 1996, except as otherwise provided, see section 24 of Pub.L. 104-65, set out as a note under section 1601 of Title 2, The Congress.

1984 Acts. Amendment by Pub.L. 98-620 not to apply to cases pending on Nov. 8, 1984, see section 403 of Pub.L. 98-620, set out as a note under section 1657 of Title 28, Judiciary and Judicial Procedure.

1966 Acts. Amendment by § 7 of Pub.L. 89-486 effective ninety days after July 4, 1966, see § 9 of Pub.L. 89-486, set out as a note under section 611-of this title.

1942 Acts. Section effective the sixtieth day after the date of its approval, except that prior to such sixtieth day the Attorney General may make, prescribe, amend, and rescind such rules, regulations, and forms as may be necessary to carry out the provisions of this subchapter, see § 3 of Act Apr. 29, 1942, set out as a note under section 611 of this title.

**Transfer of Functions**

In subsec. (c), "United States Postal Service" was substituted for "Postmaster General" in two instances pursuant to Pub.L. 91-375, § 4(a), Aug. 12, 1970, 84 Stat. 773, set out as a note under section 201 of Title 39, Postal Service, which abolished the office of Postmaster General of the Post Office Department and transferred its functions to the United States Postal Service.

Case: 1:10-cv-06602 Document #: 1 Filed: 10/15/10 Page 68 of 72 PageID #:68

**Severability of Provisions**

If any provision of Division C of Pub.L. 104–208 or the application of such provision to any person or circumstances is held to be unconstitutional, the remainder of Division C of Pub.L. 104–208 and the application of the provisions of Division C of Pub.L. 104–208 to any person or circumstance not to be affected there- by, see section 1(e) of Pub.L. 104–208, set out as a note under section 1101 of Title 8, Aliens and Nationality.

**Prior Provisions**

Provisions on this subject were contained in § 615 of this title prior to general amendment of Act June 8, 1938, by Act Apr. 29, 1942.

## CROSS REFERENCES

Authority to deport aliens for violations of provisions, see 8 USCA § 1227.

## LIBRARY REFERENCES

**American Digest System**

International Law ⟨⟩10.25.
Key Number System Topic No. 221.

**Corpus Juris Secundum**

CJS International Law § 42, Registration of Foreign Agents.

## Research References

**ALR Library**

67 ALR. Fed. 774, Requirement that Agent of Foreign Principal Register With United States Attorney General, Under Provisions of Foreign Agents Registration Act of 1938, as Amended (22 U.S.C.A. §§ 611 et seq.).

**Encyclopedias**

3C Am. Jur. 2d Aliens and Citizens § 2625, Registration of Foreign Agents and Propagandists.

Am. Jur. 2d Lobbying § 9, Foreign Agents Registration Act.

**Forms**

Federal Procedural Forms § 32:89, Amendments; Termination of Registration.
Federal Procedural Forms § 32:92, Injunction Proceedings; Declaratory Judgments.
Federal Procedural Forms § 32:93, Criminal Prosecutions.

**Treatises and Practice Aids**

Federal Procedure, Lawyers Edition § 36:232, Registration Procedure.
Federal Procedure, Lawyers Edition § 36:233, Amendments; Termination of Registration.
Federal Procedure, Lawyers Edition § 36:236, Injunction Proceedings.
Federal Procedure, Lawyers Edition § 36:238, Criminal Prosecutions.

## WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## Notes of Decisions

Admissibility of evidence 8
Discovery and inspection 5
Dismissal 12
Indictment 4
Injunction 11
Letters rogatory 6
Period of limitations 10
Persons liable 3
Private right of action 2
Production of documents 7
Self-incrimination 9
Sovereign immunity 1

**1. Sovereign immunity**

Suit which, in effect, was one to restrain Attorney General from prosecuting plaintiffs under this section provid- criminal penalties for anyone who represents a foreign government in this country and fails to register, but challenging the constitutionality of this subchapter on its face or as applied, or authority of Attorney General to enforce it would be dismissed as an unconsented suit against United States. Kennedy v. Rabinowitz, U.S.App.D.C.1963, 318 F.2d 181, 115 U.S.App.D.C. 210, certiorari granted 84 S.Ct. 71, 375 U.S. 811, 11 L.Ed.2d 47, affirmed 84 S.Ct. 919, 376 U.S. 605, 11 L.Ed.2d 940. United States ⟨⟩ 125(28.1)

**2. Private right of section**

Purpose of this subchapter is to provide centralized reporting system to track activities of agents acting on behalf of foreign countries, subchapter provides no special benefit to public rather than any special category of persons, and no language in statute or its legislative history suggests that Congress intended to establish a cause of action in any entity other than federal government; therefore, implied private cause of action is not considered only serve to create in private parties a right of authority explicitly assigned only to federal government. Social Democratic Party Namibia v. South West Africa People's Organization, D.C.D.C.1982, 554 F.Supp. 722, International Law ⟨⟩ 10.25

**3. Persons liable**

A person outside the United States who uses the mails to commit here an act forbidden by this subchapter is liable to be punishes thereof. 1940, 39 Op.Atty. Gen. 335.

**4. Indictment**

Indictment, alleging that named unincorporated association had been an agent of named foreign principal, stating in each manner it had acted as such agent and charging that association had willfully failed to file a registration statement as agent of such foreign principal and that individual defendants as officers and directors of association had failed to cause association to register, was sufficient to charge an offense under this section. U.S. v. Peace Information Center, D.C.D.C.1951, 97 F.Supp. 255. International Law ⟨⟩ 10.25

**5. Discovery and inspection**

...tion for an order directing the ... to produce the list of witnesses...

and certain material evidence addressed itself to the discretionary power of the court in prosecution for violation of this subchapter, since the defendant was not charged with "treason or other capital offense". U. S. v. Frank, D.C.D.C.1959, 23 F.R.D. 145. Criminal Law ⟨⟩ 627.5(2); Criminal Law ⟨⟩ 629(3.1)

**6. Letters rogatory**

Where defendant was charged with violating this subchapter requiring agent of foreign principal who undertakes to disseminate foreign political propaganda in the United States to register with the Secretary of State, defendant's motion, seeking issuance of letters rogatory addressed to appropriate judicial authority in Germany for purpose of taking on behalf of defendant, the deposition of German national who was alleged to be defendant's principal was denied by the district court in exercise of its discretion. U.S. v. Auhagen, D.C.D.C.1941, 39 F.Supp. 590. Federal Civil Procedure ⟨⟩ 1344.1

**7. Production of documents**

Due process would not require that defendant in suit to compel registration under this subchapter gain actual physical possession of documents claimed to be relevant to selective prosecution defense, so long as defendant was not deprived of the benefit of any evidence which the documents might contain. Attorney General of U. S. v. Irish People, Inc., C.A.D.C.1982, 684 F.2d 928, 221 U.S.App.D.C. 406, certiorari denied 103 S.Ct. 817, 459 U.S. 1172, 74 L.Ed.2d 1015, rehearing denied 103 S.Ct. 1509, 460 U.S. 1056, 75 L.Ed.2d 937. Constitutional Law ⟨⟩ 311

**8. Admissibility of evidence**

Even if defendant, charged with willfully failing to register as agent of foreign government and willfully acting as agent without registering, had lied to Federal Bureau of Investigation agent in response to questions about aviator and exile from foreign nation, when he stated that he had met aviator only on one occasion, probative value of evidence about disappearance of aviator and exile was too slight and its prejudicial tendency too great to justify its introduction in prosecution, and prosecutor's attempt to connect defendant in jury's mind with such affair deprived defendant of a fair trial Frank v. U.S., C.A.D.C.1958, 262 F.2d

Case: 1:10-cv-00002 Document #: 1 Filed: 10/14/10 Page 69 of 72 PageID #:69

**Note 8**

695, 104 U.S.App.D.C. 384. Criminal Law ⟨=⟩ 338(7)

In a prosecution under this subchapter, the mission, without a showing of unavailability of the letters themselves, of letters which concerned defendant's demands for increased compensation, and which passed between the German Consul General in New York and the German Chargé d'Affaires in Washington, was not error of the trial judge who, over objection under the best evidence rule, took judicial notice of the inviolability of diplomatic correspondence and the existence of a state of war with Germany. Viereck v. U.S., App.D.C.1944, 139 F.2d 847, 78 U.S.App.D.C. 279, certiorari denied 64 S.Ct. 787, 321 U.S. 794, 88 L.Ed. 1083. Criminal Law ⟨=⟩ 400(10)

**9. Self-incrimination**

In a prosecution under this subchapter, where defendant voluntarily took the stand and sought to convey to the jury that there was nothing that he needed or wished to conceal, his privilege against self-incrimination was not violated by permitting the government on cross-examination to show that defendant had invoked such privilege and refused to testify before the grand jury prior to a former indictment against him, and again when subpoenaed to testify in the trial of a third person for perjury. Viereck v. U.S., App.D.C.1944, 139 F.2d 847, 78 U.S.App.D.C. 279, certiorari denied 64 S.Ct. 787, 321 U.S. 794, 88 L.Ed. 1083. Witnesses ⟨=⟩ 150

**10. Period of limitations**

Statute of limitations for offense of failing to register as required by Foreign Agents Registration Act began to run on last day that defendant allegedly acted as a foreign agent. U.S. v. McGoff, C.A.D.C. 1987, 831 F.2d 1071, 265 U.S.App.D.C. 312. Criminal Law ⟨=⟩ 150

**11. Injunction**

Attorney General was entitled to permanent injunction prohibiting defendant

unincorporated association from using this subchapter in view of uncontroverted evidence establishing that the association had violated this subchapter by failing to disclose that it was an agent of foreign principal, failing to identify officers and affiliates, not sufficiently describe its activities on half of foreign principal, failing to comply with section requirements this governing filing and maintenance of political propaganda. Attorney General of U.S. v. Irish Northern Aid committee, S.D.N.Y.1981, 530 F.Supp. affirmed 668 F.2d 159, 85. Law ⟨=⟩ 10.24

Preliminary injunction would recting defendant, an admitted agent of foreign principal, to produce books and records for inspection by government officials charged with enforcing provisions. Irish Northern Aid Committee, S.D.N.Y.1972, 346 F.Supp. firmed 465 F.2d 1405, certiorari 93 S.Ct. 679, 409 U.S. 1080, 34 L. 669. International Law ⟨=⟩ 10.24

**12. Dismissal**

Even if there was colorable showing selective prosecution in suit to compel registration under this subchapter, dismissal might be inappropriate remedy government's inability to produce documents which constituted state of mind court should weigh other methods serve likelihood that document would serve the deterrent; their necessity to decide; defendant stood to loss in case; government's interest in maintaining secrecy and bringing action, availability of alternatives, parties' respective behavior, and distinction between civil and criminal cases. Attorney General of U.S. v. Irish People, Inc., C.A.D.C.1982, 684 F.2d 928, 221 U.S.App.D.C. 406, certiorari denied 103 S.Ct. 817, 459 U.S. 1172, 74 L.Ed.2d 1015, rehearing denied 103 S.Ct. 1509, 460 U.S. 1056, 75 L.Ed.2d 937. Federal Civil Procedure ⟨=⟩ 1741

**§ 619.  Territorial applicability of subchapter**

This subchapter shall be applicable in the several States, the District of Columbia, the Territories, the Canal Zone, the insular possessions, and all other places now or hereafter subject to the civil or military jurisdiction of the United States.

(June 8, 1938, c. 327, § 9, as added Apr. 29, 1942, c. 263, § 10, as added Apr. 29, 1942, c. 263, § 1, 56 Stat. 257; and amended Proc. No. 2695, July 4, 1946, 11 F.R. 7517, 60 Stat. 1352.)

**HISTORICAL AND STATUTORY NOTES**

**Effective and Applicability Provisions**

1942 Acts. Section effective the sixtieth day after the date of its approval, except that prior to such sixtieth day the Attorney General may make, prescribe, amend, and rescind such rules, regulations, and forms as may be necessary to carry out the provisions of this subchapter, see § 3 of Act Apr. 29, 1942, set out as a note under section 611 of this title.

including the Philippine Islands excluded from section pursuant to Proc. No. 2695, which granted independence to the Philippine Islands by authority of § 1394 of this title, see section Proc. No. 2695 is set out as a note under section 611 of this title.

**CROSS REFERENCES**

Authority to deport aliens for violations of provisions, see 8 USCA § 1227.

**LIBRARY REFERENCES**

Digest System
Criminal Law ⟨=⟩ 10.24.
Number System Topic No. 221.

**WESTLAW ELECTRONIC RESEARCH**

WESTLAW guide following the Explanation pages of this volume.

**§ 620.  Rules and regulations**

The Attorney General may at any time make, prescribe, amend, and rescind such rules, regulations, and forms as he may deem necessary to carry out the provisions of this subchapter.

(June 8, 1938, c. 327, § 10, as added Apr. 29, 1942, c. 263, § 1, 56 Stat. 257.)

**HISTORICAL AND STATUTORY NOTES**

**Effective and Applicability Provisions**

1942 Acts. Section effective the sixtieth day after the date of its approval, except that prior to such sixtieth day the Attorney General may make, prescribe, amend, and rescind such rules, regulations, and forms as may be necessary to carry out the provisions of this subchapter, see § 3 of Act Apr. 29, 1942, set out as a note under section 611 of this title.

**Prior Provisions**

Provisions on this subject were contained in § 616 of this title prior to general amendment of Act June 8, 1938, by Act Apr. 29, 1942.

**CROSS REFERENCES**

Authority to deport aliens for violations of provisions, see 8 USCA § 1227.

**CODE OF FEDERAL REGULATIONS**

Administration and enforcement, see 28 CFR § 5.1 et seq.
Notification of foreign official status, see 22 CFR § 4.1 et seq.

**LIBRARY REFERENCES**

American Digest System
Attorney General ⟨=⟩ 6.
Key Number System Topic No. 46.

## FOREIGN RELATIONS    Ch. 11

### Research References

**Treatises and Practice Aids**

Wright & Miller: Federal Prac. & Proc. § 5506, Other Exceptions.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## § 621.  Reports to Congress

The Attorney General shall every six months report to the Congress concerning administration of this subchapter, including registrations filed pursuant to this subchapter, and the nature, sources and content of political propaganda disseminated and distributed.

(June 8, 1938, c. 327, § 11, as added Apr. 29, 1942, c. 263, § 1, 56 Stat. 258, and amended Dec. 19, 1995, Pub.L. 104–65, § 19, 109 Stat. 704.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**
1995 Acts. House Report No. 104–339, see 1995 U.S. Code Cong. and Adm. News, p. 644.

**Amendments**
1995 Amendments. Pub.L. 104–65, § 19, directed the Attorney General to report to Congress every 6 months, rather than from time to time, concerning the administration of this subchapter, and to include registrations filed pursuant to this subchapter in such report.

**Effective and Applicability Provisions**
1995 Acts. Amendment by section 19 of Pub.L. 104–65 effective Jan. 1, 1996,

see section 24 of Pub.L. 104–65, set out as a note under section 1601 of Title 2, The Congress.

1942 Acts. Section effective the sixtieth day after the date of its approval, except that prior to such sixtieth day the Attorney General may make, prescribe, amend, and rescind such rules, regulations, and forms as may be necessary to carry out the provisions of this subchapter, see § 3 of Act Apr. 29, 1942, set out as a note under section 611 of this title.

### CROSS REFERENCES

Authority to deport aliens for violations of provisions, see 8 USCA § 1227.

### LIBRARY REFERENCES

**American Digest System**
Attorney General ⚖6.
Key Number System Topic No. 46.

### Research References

**ALR Library**
67 ALR, Fed. 774, Requirement that Agent of Foreign Principal Register With United States Attorney General, Under Provisions of Foreign Agents Registration Act of 1938, as Amended (22 U.S.C.A. §§ 611 et seq.).

**Encyclopedias**
16 Am. Jur. 2d Constitutional Law § 143, Nature of Interest Required.
Am. Jur. 2d Lobbying § 9, Foreign Agents Registration Act.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

Breonna Stiff
Po Box 428426
Evergreen Park, Illinios Republic
     Non-Domestic

Attorney General  Eric Holder
950 Pennsylvania Ave, NW
Washington, DC 20530

October 1st, 2010

Dear Attorney General Eric Holder,

I am writing you on behalf of my husband Arturio Austin, who was involved in a Federal case
(06 CR 451),in the state of Illinois. Arturio Austin was sentenced and taken into custody in July of 2009
for a term of 150 months. Through much research I have come to find that the alleged charges against
Arturio Austin (21 U.S.C. 841 (a) (1)) is in fact not written in or codified into law. To my understanding
how can one be charged with a crime if it's not written into law.

Arturio Austin was assigned Judge Matthew F. Kennelly for the UNITED STATES DISTRICT COURT and
represented by Thomas A Gibbons for Keiter & Gibbons & Associates.

The Constitution of the United States was created to uphold the law and protect the people. One of the
many duties of the Attorney General is to investigate violations of statues which the Attorney General has
a duty to enforce and to conduct other investigations. I am asking that you investigate Public Law 91-
513.

We feel that he has been wrongfully charged with a code that is frivolous. I have learned that if there is
any one mistake in a case; that is grounds for dismissal. With your help we can stop imprisonment of
convicted people with no or little back ground of convictions. We can stop the shortage of males being
taken away from their families for an excessive amount of time. With your help Attorney General we can
bring fathers back in their homes and communities; to support, help their families and neighbors gain
control of violence and crime in their area.

There are crimes being committed in this world that is far greater and more in need of the time sought
out in this case. Once again I am asking for your help and your fight to uphold the law in every aspect.

I am looking forward for your timely
 response within 20days

Thank You,

*Breonna. Decirlia : Stiff*
*An Rights reserved*

Breonna Stiff
Po Box 428426
Evergreen Park, Illinios

Lisa Madigan
500 South Second Street
Springfield, IL 62706

February 22, 2010

Dear Lisa Madigan,

I am writing you on behalf of my husband Arturio Austin, who was involved in a Federal case (06 CR 451),in the state of Illinois. Arturio Austin was sentenced and taken into custody in July of 2009 for a term of 150 months. Through much research I have come to find that the alleged charges against Arturio Austin (21 U.S.C. 841 (a) (1)) is in fact not written in or codified into law. To my understanding how can one be charged with a crime if it's not written into law.

Arturio Austin was assigned Judge Matthew F. Kennelly for the UNITED STATES DISTRICT COURT and represented by Thomas A Gibbons for Kelter & Gibbons & Associates.

The Constitution of the United States was created to uphold the law and protect the people. One of the many duties of the Attorney General is to investigate violations of statues which the Attorney General has a duty to enforce and to conduct other investigations. I am asking that you investigate Public Law 91-513.

We feel that he has been wrongfully charged with a code that is frivolous. I have learned that if there is any one mistake in a case; that is grounds for dismissal. With your help we can stop imprisonment of convicted people with no or little back ground of convictions. We can stop the shortage of males being taken away from their families for an excessive amount of time. With your help Lisa Madigan we can bring fathers back in their homes and communities to support and help their families and neighbors gain control of violence and crime in their area.

There are crimes being committed in this world that is far greater and more in need of the time sought out in this case. Once again I am asking for your help and your fight to uphold the law in every aspect.

I am looking forward for your timely
 response within 20days

Thank You,

*Breonna-Decealia Stiff*
*All Rights Reserved*

**D-2**
**EXHIBIT**