# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARTURIO SEMONE AUSTIN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 10 C 6602 |
| | ) | |
| THE HONORABLE | ) | |
| MATTHEW F. KENNELLY, | ) | |
| RONALD L. DEWALD | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Arturio Semone Austin's (Austin) motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255) or, in the alternative, petition for writ of *habeas corpus* brought pursuant to 28 U.S.C. § 2241 (Section 2241). For the reasons stated below, we dismiss the instant action.

## BACKGROUND

On November 29, 2007, before another judge in this district (Prior Judge), Austin pled guilty in case number 06 CR 451 to Count I of the indictment, which

1

charged Austin with conspiracy to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846(a)(1). On March 18, 2009, the Prior Judge sentenced Austin to 150 months of imprisonment and five years of supervised release. Austin did not file an appeal. Following his sentencing, Austin filed a motion for a new trial and a motion to vacate his sentence, both of which the Prior Judge denied.

On February 10, 2010, Austin filed a motion to vacate, set aside, or correct his sentence in pursuant to 28 U.S.C. § 2255 (First Section 2255 Motion), which was assigned Case Number 10 C 919. The Prior Judge dismissed the First Section 2255 Motion on March 12, 2010. Austin appealed the dismissal to the United States Court of Appeals for the Seventh Circuit, and both the Prior Judge and the Seventh Circuit declined to issue a certificate of appealability, thus ending Austin's appeal.

On October 14, 2010, Austin filed the instant action, challenging his conviction and sentence in case number 06 CR 451 for a second time. In filing the instant action, Austin used this court's Section 2255 form and captioned the case as a motion to vacate, set aside or correct his sentence pursuant to Section 2255. (Mot/Pet. 1). However, the Civil Cover Sheet for the instant action indicates that the instant action is being brought pursuant to Section 2241, and Austin has paid the five dollar filing fee associated with bringing such a petition.

## LEGAL STANDARD

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The relief sought in a Section 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, relief should be granted "only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004)(internal quotation marks and citation omitted). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.*

Pursuant to Section 2241, a prisoner claiming "[h]e is in custody in violation

of the Constitution or laws or treaties of the United States" may petition the court for a writ of *habeas corpus*. 28 U.S.C. § 2241(c)(3). However, a prisoner's right to bring a Section 2241 petition to attack a conviction or sentence is limited. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). In general, Section 2255 is the "exclusive means for a federal prisoner to attack his conviction" and a prisoner may only "proceed under § 2241 . . . in those cases where § 2255 is 'inadequate or ineffective to test the legality of [the] detention.'" *Id.* (quoting 28 U.S.C. 2255(e)).

## DISCUSSION

Austin argues in the instant action: (1) that the court lacks subject matter jurisdiction because the Controlled Substances Act is unconstitutional; (2) that he is "not subject to codified statutory laws of the federal United States;" (3) that he received ineffective assistance of trial counsel; and (4) that "Congress cannot revoke the Sovereign power of the people [of the United States] to override their will. . . ." (Mot/Pet. 4-6). In addition, Austin requests assistance from the Attorney General of the United States and the Illinois Attorney General to "help investigate violations of statues [sic] and Public Law." (Mot/Pet. 5). Austin also requests that this court grant him whatever relief he is entitled, but Austin failed to provide specifics as to what relief he seeks. (Mot/Pet. 7). When reviewing a *habeas* petition, a district court

4

should "respect the plaintiff's choice of statute to invoke . . . and give the action the treatment appropriate under the law." *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). The statute invoked or caption given to the filing does not control the determination of what type of action has been brought. *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)(citations omitted). Instead, it is the substance of the filing that controls. *Id.*

I. Analysis of Instant Action as a Second Section 2255 Motion

A Section 2255 motion is properly brought by "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. § 2255(a). A Section 2255 must be brought in the court that imposed the sentence. *Melton*, 359 F.3d at 857. In addition, while a Section 2255 motion is assigned to the district court judge who presided over the prisoner's criminal case, the motion is brought as "an independent civil suit," not as "part of the original criminal proceeding." *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989). Under the Antiterrorism and Effective Death

5

Penalty Act of 1996 (AEDPA), a prisoner is prohibited from bringing a second or successive Section 2255 motion unless certain exceptions are satisfied, and a district court lacks subject matter jurisdiction to adjudicate a second or successive petition unless prior approval is given by the Court of Appeals. *See, e.g.*, 28 U.S.C. § 2244(a); 28 U.S.C. § 2255(h); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007).

Although the caption in Austin's filing indicates that the instant action is brought pursuant to Section 2255, Austin improperly names as Respondents the Prior Judge and the Assistant United States Attorney involved in Austin's prosecution (AUSA), instead of naming the United States. In addition, as discussed above, Austin previously filed a Section 2255 motion, which was denied by the Prior Judge on March 12, 2010. In order to bring a "second or successive motion" under Section 2255, the motion must be "certified . . . by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Neither Austin's motion nor the record indicate that the instant Section

2255 motion has been so certified. Thus, Austin cannot proceed with the instant action under Section 2255. Therefore, to the extent Austin sought to bring a Section 2255 Motion, the motion is dismissed.

II. Analysis of the Instant Action as a Section 2241 Petition

As discussed above, a prisoner's right to file a *habeas* petition pursuant to Section 2241 is limited to instances in which Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Seventh Circuit has indicated that Section 2255 "is inadequate or ineffective only when a prisoner is unable to present a claim of actual innocence." *Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008)(indicating that if, more than a year after a conviction's finality, "the Supreme Court interprets the statute underlying the conviction in a way that shows that the defendant did not commit a crime, § 2255 is unavailable," and thus is "inadequate or ineffective to test the legality of [the] detention.")(citations omitted)(internal quotations omitted). Austin does not indicate anywhere in his petition that he is unable to present a claim of innocence. Instead, Austin contends that a Section 2255 motion is inadequate or ineffective to test the legality of his detention because "[t]he court found no substantial showing of a denial of a constitutional right." (Mot/Pet. 3). Thus, Austin has not shown that he is entitled to

7

relief under Section 2241.

In addition, a Section 2241 petition is properly filed in the federal district where the prisoner is in custody, and is brought against the individual with custody over the prisoner, who is, traditionally, the warden of the prison where the prisoner is incarcerated. *al-Marri v. Rumsfeld*, 360 F.3d 707, 708-09 (7th Cir. 2004). Austin is currently incarcerated at the Federal Correctional Institution in Ashland, Kentucky, which is located in the Eastern District of Kentucky. Thus, it is not proper for Austin to bring a Section 2241 petition before this court. Finally, we also note that neither the Prior Judge nor the AUSA are proper "respondents" to a Section 2241 petition, and that the proper respondent to a Section 2241 petition would be the warden of the prison where Austin is now incarcerated. Therefore, to the extent Austin sought to bring the instant action as a Section 2241 petition, the petition is dismissed.

## CONCLUSION

Based on the foregoing analysis, the instant action is dismissed.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 10, 2010